IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-527-F

| | |
|---|---|
| U.S. TOBACCO INC., U.S FLUE-<br>CURED TOBACCO GROWERS, INC.,<br>and BIG SOUTH DISTRIBUTION, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>BIG SOUTH WHOLESALE OF<br>VIRGINIA, LLC, d/b/a BIG SKY<br>INTERNATIONAL, BIG SOUTH<br>WHOLESALE, LLC, UNIVERSAL<br>SERVICES FIRST CONSULTING, a/k/a<br>UNIVERSAL SERVICES CONSULTING<br>GROUP, JASON CARPENTER,<br>CHRISTOPHER SMALL, EMORY<br>STEPHEN DANIEL, and other unnamed<br>co-conspirators,<br><br>Defendants. | **ORDER** |

This matter came before the court on Tuesday, November 19, 2013, for a hearing on Emergency Motion to Seal [DE-15] filed by Defendants Big South Wholesale of Virginia LLC, d/b/a Big Sky International, Big South Wholesale, LLC, Jason Carpenter, and Christopher Small (collectively, "Big Sky Defendants"). Present for the Big Sky Defendants were Gavin B. Parsons and Alan D. Mathis. Plaintiffs were represented by Thomas A. Farr and Kimberly J. Lehman. Defendants Emory Stephen Daniel and Universal Services First Consulting, a/k/a Universal Services Consulting Group were represented by W. Sidney Aldridge. This orders memorializes and clarifies rulings made during the hearing.

## I. MOTION TO SEAL

In the Motion to Seal, the Big Sky Defendants request the following relief: (1) to seal the entire Complaint [DE-1] in this action or in the alternative, to order that a redacted version of the Complaint be substituted in its place for public use; (2) to temporarily seal or restrict public access to the Complaint during the consideration of the Motion to Seal; (3) to seal the memorandum [DE-14] filed in support of the Motion to Seal, including all attachments and exhibits; (4) seal any subsequent briefs of submissions filed with respect to Motion to Seal, and (5) order that any future filings in this case containing certain confidential information be sealed or redacted. The court, consistent with the practice of this district, directed the Clerk of Court to maintain the Complaint under temporary seal pending the court's decision on the merits of the Motion to Seal. Thus, only the remaining four requests for relief remain pending.

### A. Standard of Review

The Fourth Circuit has directed that prior to sealing judicial records, a district court must first determine the source of the public's right to access the judicial records: the common law or the First Amendment. *Stone v. Univ. of Md.*, 855 F.2d 178, 180 (4th Cir. 1988). If the common law right of access to judicial records applies, there is a presumption of public access to judicial records, which can only be rebutted if countervailing interests outweigh the public's interest in access. *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). "Some of the factors to be weighed in the common law balancing test 'include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historic event; and whether the public already had access to the information contained in the records.'" *Virginia Dep't of State Police v.*

*Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004) (quoting *In re Knight Publ. Co.*, 743 F.2d 231, 235 (4th Cir. 1984)).

Where the First Amendment guarantees access to judicial records, such access "may be denied only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." *Stone*, 855 F.2d at 180. "The burden to overcome a First Amendment right of access rests on the party seeking to restrict access, and that party must present specific reasons in support of its position." *Virginia Dep't of State Police*, 386 F.3d at 575. As some courts have observed, however, there is difficulty in applying the First Amendment access analysis in the context of a civil case involving nongovernmental litigants. *See, e.g., Haas v. Golding Transp., Inc.*, No. 1:09–CV–1016, 2010 WL 1257990, *7 n.4 (M.D.N.C. March 26, 2010). Indeed, the District Court for the Middle District of North Carolina aptly questioned:

> [I]n the context of a civil case involving nongovernmental litigants ... how does one define or discern a 'governmental interest?' Does the government have an interest in the vindication of an individual's right to personal privacy or a business's right to freedom from unfair competitive advantage?

*Id.* Of course, one response to these questions may be, no, the government does not have any interest in any of these rights, and consequently, most records filed by a nongovernmental litigant in a civil case will not be sealed where the First Amendment is the source of access. Other courts, however, "have addressed this conundrum by substituting the notion of 'higher value' for 'governmental interest' in" the context of civil litigation involving private litigants. *Id.* (*citing Level 3 Comms., LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 580–83 (E.D.Va. 2009) (discussing cases that cited right to privacy, property rights in trade secrets, privilege against disclosure of attorney-client communications, and duties created by contract as 'private' interests that might overcome a First

3

Amendment right of access)). In an unpublished per curiam opinion, the Fourth Circuit has ruled that a district court could have closed a courtroom during a trial and sealed portions of the record to protect trade secrets. *Woven Elec. Corp. v. Advance Grp., Inc.*, 903 F.2d 913, 1991 WL 54118, at *6–7 (4th Cir. April 15, 1991) (citing *In re Iowa Freedom of Info. Council*, 724 F.2d 658, 661 (8th Cir.1983)). Although the Fourth Circuit did not directly address the "governmental interest" issue, its opinion in *Woven Electric* does suggest that under the right circumstances, certain "higher values" can overcome the First Amendment right of access.

In weighing the competing interests between the presumption of access and the asserted reason for sealing, a court must comply with the procedure set forth by *In re Knight Publishing Company*. First, a court must give the public notice of a request to seal and a reasonable opportunity to challenge it. 743 F.2d at 235. Although individual notice is not necessary, a court must notify persons present in the courtroom of the request, or docket it "reasonably in advance of deciding the issue." *Id.* A court must consider less drastic alternatives to sealing, and if it decides to seal documents, it must "state the reasons for its decision to seal supported by specific findings, and the reasons for rejecting alternatives to sealing in order to provide an adequate record for review." *Id.*

## B. Discussion

Here, the materials sought to be sealed by the Blue Sky Defendants include (1) the entirety of the original Complaint; (2) the memorandum [DE-14] filed in support of the Motion to Seal, including all attachments and exhibits, and (3) all subsequent briefs and attachments that have been filed with the respect to the Motion to Seal.

With respect to these requests, the procedural requirements of *In re Knight Publishing Company* have been satisfied. The Blue Sky Defendants' Motion to Seal [DE-15] has been docketed

4

since August 8, 2013, and the court held a hearing on the motion on November 19, 2013. No third parties or members of the press have attempted to file an objection to the motion to seal, nor did any other party attend the hearing to voice an objection. Accordingly, the court will consider the merits of the same.[1]

The court must first determine whether the common law right of access and/or the First Amendment right of access attaches to the documents at issue. Cases from within the Fourth Circuit indicate that only the common law right of access, as opposed to the First Amendment right of access, attaches to a complaint. *See American Civil Liberties Union v. Holder,* 652 F. Supp. 2d 654, 662 (E.D. Va. 2009) (determining that a qui tam complaint filed in camera and under seal does not adjudicate substantive rights or serve as a substitute for trial, and therefor no First Amendment right of access attaches). As to the parties' respective briefing and attachments regarding the Motion to Seal, these too constitute judicial records to which the common law presumption of access applies. *See In re Application of United States for an Order Pursuant to 18 U.S.C. Section 2703(d),* 707 F.3d 283, 290 (4th Cir. 2013) (explaining that "judicial records" are "documents filed with the court [that] play a role in the adjudicative process, or adjudicate substantive rights" and observing that the common law presumption of access attaches to "judicial records"). Moreover, there is no indication, based on the parties' briefings and the court's own research, that the First Amendment provides a right of access to the documents at issue here.

Because the common law presumption of access attaches to Complaint and the documents filed in association with the Motion to Seal, the public has a qualified right of access to these judicial

---

[1] Plaintiffs' Motion for Leave to file a Sur-Reply [DE-27] and Motion for Leave to Supplement [DE-33] is ALLOWED, and the court has considered those additional materials in assessing the merits of the Motion to Seal.

5

records. This common law presumption of access may be overcome if "there is a 'significant countervailing interest" in support of sealing that outweighs the public's interest in openness. *In re Application,* 707 F.3d at 293. The court finds that the Blue Sky Defendants have met their burden here. Specifically, the Blue Sky Defendants have proffered evidence tending to show that certain information contained the Complaint could subject certain individuals to physical harm and/or harassment. The court finds that these individual's interest in their safety outweighs the public's interest in access to the Complaint and the materials submitted in connection with the Motion to Seal. *See Dish Network L.L.C. v. Sonicview USA, Inc.*, No. 09-CV-1553 L(NLS), 2009 WL 2224596, at *7 (S.D. Cal. July 23, 2009) (finding that protecting the identities of individuals who had served as confidential informants, and thereby protecting them from being subjected to threats of physical harm, outweighed the presumption of access to court records).

The court does not find, however, that the entirety of the Complaint needs to be sealed. *See Sensormatic Sec. Corp. v. Sensormatic Electronics Corp.*, 455 F. Supp. 2d 399, 437 (D. Md. 2006) ("[T]he court should consider less-drastic alternatives, such as filing redacted versions of the documents."). Rather, the court finds that the Complaint may be redacted to omit the information which may subject certain individuals to physical harm. At the hearing in this matter, the court provided counsel for the parties with its proposed redactions. The parties agreed that the redactions serve the purpose of omitting from public view the offending information, while still offering access to the vast majority of the Complaint in a manner which leaves the pleading still understandable. Accordingly, Plaintiffs are ORDERED to file a redacted version of the Original Complaint [DE-1]

6

Case 5:13-cv-00527-F Document 56 Filed 11/21/13 Page 6 of 12

within two weeks of the filing date of this order.[2]

As to the materials submitted in connection with the Motion to Seal, the court agrees with the Blue Sky Defendants that almost all of these materials set forth in great detail (1) the identities of the individuals who may be subject to physical harm and (2) the confidential information, the disclosure of which would subject these individuals to harm. Moreover, the court finds that the vast majority of these filings cannot be redacted in any meaningful way. Accordingly, the Clerk of Court is DIRECTED to maintain the following filings under SEAL:

- the Memorandum in Support of the Emergency Motion to Seal and attached Declarations [DE-14; DE-14-1; DE-14-2]

- Plaintiffs' Memorandum in Response to Motion to Seal and the attachments thereto [DE-21; DE-21-1; DE-21-2; DE-21-3]

- the Reply in Support of the Motion to Seal and the attachments thereto [DE-26; DE-26-1; DE-26-2; DE-26-3; DE-26-4; DE-26-5]

- the Motion for Leave to File a Sur-Reply [DE-27] and Memorandum in Support [DE-28];

- the Sur-Reply [DE-3] and certain attachments thereto [DE-30-1; DE-30-2; DE-30-3; DE-30-6; DE-30-7; DE-30-8; DE-30-9];

- the Motion for Leave to Supplement Plaintiff's Opposition to Defendants' Motion to Seal and attachment thereto [DE-33; DE-33-1] and Memorandum in Support [DE-34]

- the Response in Opposition to Plaintiffs' Motions for Leave to File a Sur-Reply and for Leave to Supplement [DE-35]

---

[2] As the court rules and explains below, Plaintiffs will be filing a redacted Amended Complaint, to which all Defendants must file a responsive pleading or motion. The previous Answers, Counterclaim, and Reply to Counterclaim filed by the parties are therefore no longer the operative pleading in this action. Although the court could order the parties to file redacted versions of those pleadings, the court finds that to do so would be an exercise in futility, especially considering that the court will not be issuing any ruling which will be based on those pleadings. The Clerk of Court is instead DIRECTED to maintain Answer [DE-23], Reply [DE-23]–in addition to the Original Complaint [DE-1]–under SEAL.

The court does not perceive, however, that either Docket Entry 14-3, or Docket Entry 35-1, which both contain unpublished opinions, needs to be sealed. The Clerk of Court is therefore DIRECTED to unseal those filings.

Additionally, the court does not perceive that the following attachments to the Sur-Reply must be maintained under seal, especially considering that these documents go to the heart of the parties' claims and/or defenses in this action: (1) the Asset Purchase Agreement [DE-30-4]; (2) the Certificate of Assumed or Fictitious Name [DE-30-5]; (3) the Employment Agreement [DE-30-10], (4) and the Consulting and Compensation Agreement [DE-30-11]. Nevertheless, because the court did not explicitly discuss those documents with the parties at the hearing, and out of an abundance of caution, those documents will continue to be maintained under seal for a period of fourteen days. If any party wishes to file an objection to the unsealing of or any of the other documents the court has determined do not need to be sealed, the party may file a notice of objection/supporting memorandum. If no such objection and supporting memorandum is filed during that time period, the Clerk of Court is DIRECTED to unseal those documents.

## C. Future Filings

The Blue Sky Defendants also request that this court order that any future filings in this case containing certain confidential information be sealed or redacted. The court expressed its preference at the hearing to be able to do just that. The court and the parties recognized, however, that under binding Fourth Circuit precedent and the applicable Local Rules, the court cannot issue rulings preemptively allowing sealing or redaction. Instead, if the parties believe that certain information in future filings should not be publicly available, the parties must file a motion to seal in accordance

with the applicable Local Rules and the CM/ECF Policy Manual. *See* Local Civil Rule 79.2; Electronic Case Filing Administrative Policies and Procedures Manual, § T.

The court urges the parties, however, to confer in good faith prior to the filing of any motions to seal and attempt to agree on the appropriate redactions to be made. The court is confident based on the parties' stated intention at the hearing to cooperate with each other that such agreement is possible.

Additionally, counsel for Plaintiffs expressed during the course of the hearing his belief that the parties are not required to respond to a motion, which is also the subject of the motion to seal, until the court rules on the motion to seal. This is not the case. The applicable time periods for filing responses to motions for relief apply, regardless of whether the court has ruled on the motion to seal the pertinent motion for relief.

## II. MOTION FOR JUDGMENT ON THE PLEADINGS AND MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

The parties also discussed at the hearing the pending Motion for Judgment on the Pleadings [DE-37] and Motion for Leave to File an Amended Complaint [DE-51]. Counsel for all the Defendants stated, on the record, that Defendants consent to the filing of the Amended Complaint. *See* Fed. R. Civ. P. 15(a)(2) ("[A] party may amend its pleading only with the opposing's party written consent or with the court's leave."). Although this oral consent technically does not satisfy Rule 15(a)(2), which requires written consent, the court finds that the Defendants' oral consent suffices to allow this court to find that justice requires the Motion for Leave [DE-51] be ALLOWED. *See id.* (providing "[t]he court should freely give leave when justice so requires").

Additionally, Plaintiffs' Motion to Seal [DE-50] the proposed Amended Complaint is

9

ALLOWED for the reasons stated by the court with regard to the Defendants' Motion to Seal [DE-15].[3] Plaintiffs are DIRECTED to file an Amended Complaint, with redactions corresponding to those suggested by the court with regard to the Original Complaint, within two weeks of the filing date of this order. Upon the Plaintiffs' filing of the redacted Amended Complaint, Defendants have the normal time under the rules to file an appropriate response or pleading.

The parties expressed at the hearing that the Blue Sky Defendants' Motion for Judgment on the Pleadings [DE-37] is now moot and it is accordingly DENIED as such. The Blue Sky Defendants' Motion to Seal [DE-54] the filings associated with the Motion for Judgment on the Pleadings [DE-54] is therefore also DENIED as moot.

### III. CONCLUSION

For the foregoing reasons, the Emergency Motion to Seal [DE-15] is ALLOWED in part; the Motion to File a Sur-Reply [DE-27] and Motion to Supplement [DE-33] are ALLOWED; the Motion for Leave to File the First Amended Complaint [DE-51] and Motion to Seal [DE-50] are ALLOWED, and the Motion for Judgment on the Pleadings [DE-37] and Motion to Seal [DE-54] are DENIED as moot. Additionally, the proposed sealed Motion [DE-41] is DENIED as moot in light of the court's ruling in its November 4, 2013, Order [DE-46].

The Clerk of Court is DIRECTED to maintain the following filings under seal:

- the Original Complaint [DE-1];
- the Memorandum in Support of the Emergency Motion to Seal and attached Declarations [DE-14; DE-14-1; DE-14-2];
- Plaintiffs' Memorandum in Response to Motion to Seal and the attachments thereto [DE-21; DE-21-1; DE-21-2; DE-21-3];
- the Blue Sky Defendants' Answer to Complaint and Counterclaim [DE-23];

---

[3] Additionally, the Clerk of Court is DIRECTED to maintain the unredacted proposed Amended Complaint [DE-49] under SEAL.

10

- the Reply in Support of the Motion to Seal and the attachments thereto [DE-26; DE-26-1; DE-26-2; DE-26-3; DE-26-4; DE-26-5];
- the Motion for Leave to File a Sur-Reply [DE-27] and Memorandum in Support [DE-28];
- the Sur-Reply [DE-3] and certain attachments thereto [DE-30-1; DE-30-2; DE-30-3; DE-30-6; DE-30-7; DE-30-8; DE-30-9];
- the Answer to the Counterclaim [DE-32];
- the Motion for Leave to Supplement Plaintiff's Opposition to Defendants' Motion to Seal and attachment thereto [DE-33; DE-33-1] and Memorandum in Support [DE-34];
- the Response in Opposition to Plaintiffs' Motions for Leave to File a Sur-Reply and for Leave to Supplement [DE-35]; and
- the proposed Amended Complaint [DE-49].

Additionally, the Clerk of Court is DIRECTED to maintain the following materials under seal for a period of fourteen days:

- the Asset Purchase Agreement [DE-30-4];
- the Certificate of Assumed or Fictitious Name [DE-30-5];
- the Employment Agreement [DE-30-10], and
- the Consulting and Compensation Agreement [DE-30-11]

If any party has an objection to the unsealing of those documents, they must file an objection and supporting memorandum. Otherwise, if no objection/supporting memorandum is filed within that time period, the Clerk of Court is DIRECTED to unseal those materials.

Finally, it is FURTHER ORDERED that Plaintiffs, within two weeks of the filing date of this order, file: (1) a publicly-available copy of the Original Complaint with the redactions agreed upon at the hearing, and (2) file publicly-available copy of the Amended Complaint with redactions corresponding to those suggested by the court with regard to the Original Complaint.

SO ORDERED.

11

This the 21 day of November, 2013.

                                                  James C. Fox
                                                  Senior United States District Judge