IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-527-F

| | | |
|---|---|---|
| U.S. TOBACCO INC., U.S FLUE-CURED TOBACCO GROWERS, INC., and BIG SOUTH DISTRIBUTION, LLC, <br><br>Plaintiffs,<br><br>v.<br><br>BIG SOUTH WHOLESALE OF VIRGINIA, LLC, d/b/a BIG SKY INTERNATIONAL, BIG SOUTH WHOLESALE, LLC, UNIVERSAL SERVICES FIRST CONSULTING, a/k/a UNIVERSAL SERVICES CONSULTING GROUP, JASON CARPENTER, CHRISTOPHER SMALL, EMORY STEPHEN DANIEL, and other unnamed co-conspirators,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **ORDER** |

This matter is before the court on the motions to seal [DE-62; DE-65] filed by Defendants Big South Wholesale of Virginia LLC, d/b/a Big Sky International, Big South Wholesale, LLC, Jason Carpenter, and Christopher Small (collectively, "Big Sky Defendants") and the Motion to Seal [DE-70] filed by Plaintiffs U.S. Tobacco Inc., U.S. Flue-Cured Tobacco Growers, Inc., and Big South Distribution, LLC. For the reasons set forth below, the motions are ALLOWED.

The Big Sky Defendants seek to submit under seal portions of their Amended Answer and Counterclaim, file a redacted version of the same pleading, and file under seal their briefs in support of their motion to seals. Additionally, the Big Sky Defendants seek to file under seal the brief in

support of their Motion for Judgment on the Pleadings, while filing a publicly-available redacted version of the same. Plaintiffs similarly seek to filed under seal portions of their Answer to the Blue Sky Defendants' Amended Counterclaim, file a redacted version of the same pleading, and file under seal their brief in support of the motion to seal. The parties all consent to the motions.

The Fourth Circuit has directed that prior to sealing judicial records, a district court must first determine the source of the public's right to access the judicial records: the common law or the First Amendment. *Stone v. Univ. of Md.*, 855 F.2d 178, 180 (4th Cir. 1988). If the common law right of access to judicial records applies, there is a presumption of public access to judicial records, which can only be rebutted if countervailing interests outweigh the public's interest in access. *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). "Some of the factors to be weighed in the common law balancing test 'include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historic event; and whether the public already had access to the information contained in the records.'" *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004) (quoting *In re Knight Publ. Co.*, 743 F.2d 231, 235 (4th Cir. 1984)). Where the First Amendment guarantees access to judicial records, such access may be denied only on the basis of a compelling governmental interest or other higher value, and only if the denial is narrowly tailored to serve that interest or value. *See Stone*, 855 F.2d at 180; *see also Haas v. Golding Transp., Inc.*, No. 1:09–CV–1016, 2010 WL 1257990, *7 n.4 (M.D.N.C. March 26, 2010) (substituting "higher value" for "governmental interest" in the context of a civil case involving nongovernmental litigants).

In weighing the competing interests between the presumption of access and the asserted

2

reason for sealing, a court must comply with the procedure set forth by *In re Knight Publishing Company*. First, a court must give the public notice of a request to seal and a reasonable opportunity to challenge it. 743 F.2d at 235. Although individual notice is not necessary, a court must notify persons present in the courtroom of the request, or docket it "reasonably in advance of deciding the issue." *Id.* A court must consider less drastic alternatives to sealing, and if it decides to seal documents, it must "state the reasons for its decision to seal supported by specific findings, and the reasons for rejecting alternatives to sealing in order to provide an adequate record for review." *Id.*

With respect to the pending motions to seal, the procedural requirements of *In re Knight Publishing Company* have been satisfied. The motions to seal have been pending since December 31, 2013 and January 14, 2014, and no third parties or members of the press have attempted to file an objection to the motion to seal. The parties' briefing suggests that only the common law right of access applies to the documents at issue in the pending motions to seal, and the court has not located any authority to the contrary. For the reasons stated in the court's November 12, 2013, Order [DE-56], the court finds that the parties have demonstrated that there is a significant countervailing interest in support of sealing that outweighs the public's right in access to the documents. Specifically, the parties have shown that the unredacted versions of the documents, and the briefs in support of the motion to seal, contain information that could subject certain individuals to physical harm and/or harassment. The court again finds that these individual's interest in their safety outweighs the public's interest in access to the relevant documents. *See Dish Network L.L.C. v. Sonicview USA, Inc.*, No. 09-CV-1553 L(NLS), 2009 WL 2224596, at *7 (S.D. Cal. July 23, 2009) (finding that protecting the identities of individuals who had served as confidential informants, and thereby protecting them from being subjected to threats of physical harm, outweighed the

3

presumption of access to court records). Additionally, the court finds that redacting the Amended Answer and Counterclaim, Answer to the Amended Counterclaim, and memorandum in support of the Motion for Judgment Pleadings, while filing the unredacted versions of those documents under seal, is narrowly-tailored to protect the individuals while also providing public access to most of the substance of the documents. The court also finds, however, that the memoranda filed in support of the motions to seal cannot be redacted in any meaningful manner, and therefore they may be sealed in their entirety.

Accordingly, the Motions to Seal [DE-62; DE-65; DE-70] are ALLOWED. The Clerk of Court is DIRECTED to maintain the following documents under SEAL:

- Memorandum in Support of Defendants' Motion to Seal [DE-66];
- Memorandum in Support of Defendants' Motion to Seal [DE-67];
- Memorandum in Support of Plaintiffs' Motion to Seal [DE-69];
- Plaintiffs' Answer to Amended Counterclaim [DE-71];
- First Amended Answer and Counterclaim of Defendants [DE-72];
- Memorandum in Support of Defendants' Motion for Judgment on the Pleadings [DE-73].

SO ORDERED.

This the 24 day of January, 2014.

*James C. Fox*
James C. Fox
Senior United States District Judge