IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-527-F

| | |
|---|---|
| U.S. TOBACCO INC., U.S FLUE-CURED TOBACCO GROWERS, INC., and BIG SOUTH DISTRIBUTION, LLC, )<br><br>Plaintiffs, )<br><br>v. )<br><br>BIG SOUTH WHOLESALE OF VIRGINIA, LLC, d/b/a BIG SKY INTERNATIONAL, BIG SOUTH WHOLESALE, LLC, UNIVERSAL SERVICES FIRST CONSULTING, a/k/a UNIVERSAL SERVICES CONSULTING GROUP, JASON CARPENTER, CHRISTOPHER SMALL, EMORY STEPHEN DANIEL, and other unnamed co-conspirators, )<br><br>Defendants. ) | **ORDER** |

This matter is before the court on the motions to seal [DE-111; DE-120] filed by Defendants Big South Wholesale of Virginia LLC, d/b/a Big Sky International, Big South Wholesale, LLC, Jason Carpenter, and Christopher Small (collectively, "Big Sky Defendants") and the motion to seal [DE-116] filed by Plaintiffs U.S. Tobacco Inc., U.S. Flue-Cured Tobacco Growers, Inc., and Big South Distribution, LLC. Additionally, Plaintiffs' Consent Motion to Amend Scheduling Order and Continue Trial [DE-113] is before the undersigned.[1]

---

[1] Also pending before the court are the Big Sky Defendants' Consent Motions to Seal [DE-126; DE-133] filed on April 7, 2014 and April 9, 2014, respectively. So the court may comply with the Fourth Circuit's directives on allowing the public an opportunity to object to a motion to seal, the court reserves ruling on

## I. MOTIONS TO SEAL

The Big Sky Defendants seek to (1) file under seal their brief in support of their motion for protective order; (2) file under seal portions of their memorandum in opposition to Plaintiff's motion to amend and publicly file a redacted version of the same; and (3) file under seal their memoranda in support of their motions to seal. Plaintiffs, in turn, seek to (1) file under seal Plaintiffs' consent motion to amend the scheduling order and file a redacted version of the same and (2) file under seal their memorandum in support of their motion to seal.

The Fourth Circuit has directed that prior to sealing judicial records, a district court must first determine the source of the public's right to access the judicial records: the common law or the First Amendment. *Stone v. Univ. of Md.*, 855 F.2d 178, 180 (4th Cir. 1988). If the common law right of access to judicial records applies, there is a presumption of public access to judicial records, which can only be rebutted if countervailing interests outweigh the public's interest in access. *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). "Some of the factors to be weighed in the common law balancing test 'include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historic event; and whether the public already had access to the information contained in the records.'" *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004) (quoting *In re Knight Publ. Co.*, 743 F.2d 231, 235 (4th Cir. 1984)). Where the First Amendment guarantees access to judicial records, such access may be denied only on the basis of a compelling governmental interest or other higher value, and only if the denial is narrowly tailored to serve that interest or value. *See Stone*, 855 F.2d at 180; *see*

---

those motions.

*also Haas v. Golding Transp., Inc.*, No. 1:09–CV–1016, 2010 WL 1257990, *7 n.4 (M.D.N.C. March 26, 2010) (substituting "higher value" for "governmental interest" in the context of a civil case involving nongovernmental litigants).

In weighing the competing interests between the presumption of access and the asserted reason for sealing, a court must comply with the procedure set forth by *In re Knight Publishing Company*. First, a court must give the public notice of a request to seal and a reasonable opportunity to challenge it. 743 F.2d at 235. Although individual notice is not necessary, a court must notify persons present in the courtroom of the request, or docket it "reasonably in advance of deciding the issue." *Id.* A court must consider less drastic alternatives to sealing, and if it decides to seal documents, it must "state the reasons for its decision to seal supported by specific findings, and the reasons for rejecting alternatives to sealing in order to provide an adequate record for review." *Id.*

With respect to the pending motions to seal, the procedural requirements of *In re Knight Publishing Company* have been satisfied. The earliest motion to seal was filed on April 1, 2014, and the latest motion was filed on April 3, 2014. No third parties or members of the press have attempted to file an objection to the motion to seal. The parties' briefing suggests that only the common law right of access applies to the documents at issue in the pending motions to seal, and the court has not located any authority to the contrary. For the reasons stated in the court's November 12, 2013, Order [DE-56], the court finds that the parties have demonstrated that there is a significant countervailing interest in support of sealing that outweighs the public's right in access to the documents. Specifically, the parties have shown that the unredacted versions of the documents, the specified exhibits to the briefs, along with the memorandum in support of the motion for a protective order, contain information that could subject certain individuals to physical harm and/or harassment. The

court again finds that these individual's interest in their safety outweighs the public's interest in access to the relevant documents. *See Dish Network L.L.C. v. Sonicview USA, Inc.*, No. 09-CV-1553 L(NLS), 2009 WL 2224596, at *7 (S.D. Cal. July 23, 2009) (finding that protecting the identities of individuals who had served as confidential informants, and thereby protecting them from being subjected to threats of physical harm, outweighed the presumption of access to court records). Additionally, the court finds that redacting the Big Sky Defendants' memorandum in opposition to Plaintiff's motion to amend and the Plaintiffs' consent motion to amend the scheduling order, while filing the unredacted versions of those documents under seal, is narrowly-tailored to protect the individuals while also providing public access to most of the substance of the documents. The court also finds, however, that the memoranda filed in support of the motions to seal and the motion for protective order, along with the specified exhibits, cannot be redacted in any meaningful manner, and therefore they may be sealed in their entirety.

Accordingly, the Motions to Seal [DE-111; DE-116; DE-120] are ALLOWED. The Clerk of Court is DIRECTED to maintain the following documents under SEAL:

- Memorandum of Law in Support of Defendants' Motion for Protective Order [DE-108] and Exhibit A thereto [DE-108-1];
- Memorandum in Support of Defendants' Motion to Seal [DE-109];
- Consent Motion to Amend Scheduling Order and Continue the Trial [DE-114];
- Memorandum in Support of Plaintiffs' to Seal [DE-115];
- Defendant's Memorandum in Opposition to the Plaintiffs' Motion for Leave to File a Second Amended Complaint [DE-118], Exhibit A thereto [DE-118-1];
- Memorandum in Support of Defendants' Motion to Seal [DE-119]

## II. MOTION TO AMEND SCHEDULING ORDER

Plaintiff's Consent Motion to Amend Scheduling Order and Continue Trial [DE-113] also

4

is before the court. For good cause shown, the Consent Motion [DE-114][2] is ALLOWED. *See* Fed. R. Civ. P. 16(b)(4).

Accordingly, the Scheduling Order [DE-40] is modified as follows:

(1) All discovery will be concluded by **October 31, 2014**;

(2) The party with the burden of proof shall disclose its expert witnesses no later than **August 2, 2014** and rebuttal expert disclosures shall be made no later than **October 2, 2014**;

(3) All potential dispositive motions shall be filed no later than **July 15, 2014**; and

(4) the trial in this matter is continued until the term of court commencing on March 30, 2015.

SO ORDERED.

This the 11th day of April, 2014.

James C. Fox
Senior United States District Judge

---

[2] The Clerk shall also terminate the unredacted version of the motion at Docket Entry 114.

5