IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-527-F

| | |
|---|---|
| U.S. TOBACCO INC., U.S FLUE-CURED TOBACCO GROWERS, INC., and BIG SOUTH DISTRIBUTION, LLC, ) ) ) ) ) Plaintiffs, ) ) ) ) v. ) ) BIG SOUTH WHOLESALE OF VIRGINIA, LLC, d/b/a BIG SKY INTERNATIONAL, BIG SOUTH WHOLESALE, LLC, UNIVERSAL SERVICES FIRST CONSULTING, a/k/a UNIVERSAL SERVICES CONSULTING GROUP, JASON CARPENTER, CHRISTOPHER SMALL, EMORY STEPHEN DANIEL, and other unnamed co-conspirators, ) ) ) ) ) ) ) ) ) ) ) ) Defendants. ) | **ORDER** |

This matter is before the court on the motion to seal [DE-160] filed by Defendants Big South Wholesale of Virginia LLC, d/b/a Big Sky International, Big South Wholesale, LLC, Jason Carpenter, and Christopher Small (collectively, "Big Sky Defendants"), the motions to seal [DE-137; DE-141; DE-150; DE-153; DE-156] filed by Plaintiffs U.S. Tobacco Inc., U.S. Flue-Cured Tobacco Growers, Inc., and Big South Distribution, LLC, and the motion to seal [DE-146] filed by the United States. For the reasons set forth below, the motions filed by Plaintiffs and Defendants are ALLOWED, and the motion filed by the United States is DENIED without prejudice.

The United States seeks to file its motion to intervene and stay discovery and the supporting

memorandum of law under seal. In turn, the Big Sky Defendants seek to file under seal their response to the Government's motion and their memorandum in support of their motion to seal. Plaintiffs, for their part, seek to:

1. file under seal their memorandum in response to the Big Sky Defendants motion for protective order;

2. file under seal their reply in support of their motion for leave to file a second amended complaint, along with exhibits A and B, and file a publicly-available redacted reply;

3. file under seal their response to the Big Sky Defendants' motion to stay and file a publicly-available redacted copy of the same;

4. file under seal their response to the Big Sky Defendants' motion to amend the protective order, along with exhibits A through D thereto;

5. file under seal their response to the Government's motion to intervene and stay discovery; and

6. file under seal all the briefs in support of their motions to seal.

The Blue Sky Defendants and Plaintiffs consent to each others' respective motions.

The Fourth Circuit has directed that prior to sealing judicial records, a district court must first determine the source of the public's right to access the judicial records: the common law or the First Amendment. *Stone v. Univ. of Md.*, 855 F.2d 178, 180 (4th Cir. 1988). If the common law right of access to judicial records applies, there is a presumption of public access to judicial records, which can only be rebutted if countervailing interests outweigh the public's interest in access. *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). "Some of the factors to be weighed

2

in the common law balancing test 'include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historic event; and whether the public already had access to the information contained in the records.'" *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004) (quoting *In re Knight Publ. Co.*, 743 F.2d 231, 235 (4th Cir. 1984)). Where the First Amendment guarantees access to judicial records, such access may be denied only on the basis of a compelling governmental interest or other higher value, and only if the denial is narrowly tailored to serve that interest or value. *See Stone*, 855 F.2d at 180; *see also Haas v. Golding Transp., Inc.*, No. 1:09–CV–1016, 2010 WL 1257990, *7 n.4 (M.D.N.C. March 26, 2010) (substituting "higher value" for "governmental interest" in the context of a civil case involving nongovernmental litigants).

In weighing the competing interests between the presumption of access and the asserted reason for sealing, a court must comply with the procedure set forth by *In re Knight Publishing Company*. First, a court must give the public notice of a request to seal and a reasonable opportunity to challenge it. 743 F.2d at 235. Although individual notice is not necessary, a court must notify persons present in the courtroom of the request, or docket it "reasonably in advance of deciding the issue." *Id.* A court must consider less drastic alternatives to sealing, and if it decides to seal documents, it must "state the reasons for its decision to seal supported by specific findings, and the reasons for rejecting alternatives to sealing in order to provide an adequate record for review." *Id.* The directives of the Fourth Circuit have been implemented in this court by virtue of Local Civil Rule 79.2 and the Section T of the CM/ECF Policy Manual.

In this case, the Government's motion to seal does not comply Local Civil Rule 79.2, or

3

Section T of the CM/ECF Policy Manual. Nevertheless, it is apparent from the substance of the Government's memorandum in support of the underlying motion to intervene and stay discovery that the Government is impliedly relying on Rule 6 of the Federal Rules of Criminal Procedure. At this juncture, the court finds that the Government's interest in keeping grand jury proceedings secret outweighs the public's interest in access to the documents, and the memorandum of law in support of the motion to intervene cannot be meaningfully redacted. The Government's motion to seal [DE-146] is therefore allowed as to the memorandum [DE-145]. The court does not discern, however, that the motion to intervene itself presents any information implicating the concerns raised by Rule 6. The motion to seal [DE-146] is DENIED as to the motion to intervene [DE-144] itself.[1]

With respect to the pending motions to seal filed by Plaintiffs and the Big Sky Defendants, the procedural requirements of *In re Knight Publishing Company* have been satisfied. The earliest motion to seal was filed on April 16, 2014, and the latest motion was filed May 13, 2014. No third parties or members of the press have attempted to file an objection to the motion to seal. The parties' briefing suggests that only the common law right of access applies to the documents at issue in the pending motions to seal, and the court has not located any authority to the contrary. For the reasons stated in the court's November 12, 2013, Order [DE-56], the court finds that the parties have demonstrated that there is a significant countervailing interest in support of sealing that outweighs the public's right in access to the documents. Specifically, the parties have shown that the unredacted versions of the documents, the specified exhibits to the briefs, along with the briefs in support of the motion to seal, contain information that could subject certain individuals to physical harm and/or

---

[1] Additionally, the Government is cautioned that any subsequent motions to seal that fail to comply with Local Civil Rule 79.2 and Section T of the CM/ECF Policy Manual may be summarily denied.

4

harassment. The court again finds that these individual's interest in their safety outweighs the public's interest in access to the relevant documents. *See Dish Network L.L.C. v. Sonicview USA, Inc.*, No. 09-CV-1553 L(NLS), 2009 WL 2224596, at *7 (S.D. Cal. July 23, 2009) (finding that protecting the identities of individuals who had served as confidential informants, and thereby protecting them from being subjected to threats of physical harm, outweighed the presumption of access to court records). Additionally, the court finds that redacting the Plaintiffs' response to the Big Sky Defendants' motion to stay and their reply in support of their motion for leave to file a second amended complaint, while filing the unredacted versions of those documents under seal, is narrowly-tailored to protect the individuals while also providing public access to most of the substance of the documents. The court also finds, however, that the memoranda filed in support of the motions to seal, the responses to the Government's motion to intervene, Plaintiff's response to the motion to amend the protective order, along with the specified exhibits, cannot be redacted in any meaningful manner, and therefore they may be sealed in their entirety.

Accordingly, the Plaintiffs' and Big Sky Defendants' Motions to Seal [DE-137; DE-141; DE-150; DE-153; DE-156; DE-160] are ALLOWED, and the Government's Motion to Seal [DE-146] is ALLOWED in part. The Clerk of Court is DIRECTED to maintain the following documents under SEAL:

- Memorandum in Response to the Defendants' Motion for Protective Order [DE-135];
- Memorandum in Support of Plaintiffs' Motion to Seal [DE-136];
- Reply to Defendants' Memoranda in Opposition to Plaintiffs' Motion for Leave to Amend the Complaint [DE-139] and Exhibits A and B thereto [DE-139-1; DE-139-2];
- Memorandum in Support of Plaintiffs' Motion to Seal [DE-140];
- Memorandum in Support of Motion to Intervene [DE-145]
- Memorandum in Response to Motion to Stay [DE-148];
- Memorandum in Support of Plaintiff's Motion to Seal [DE-149];

5

- the entirety of Docket Entry 151;
- Memorandum in Support of Plaintiffs' Motion to Seal [DE-152];
- Memorandum in Response to the United States' Motion to Intervene [DE-154];
- Memorandum in Support of Plaintiffs' Motion to Seal [DE-155];
- the entirety of Docket Entry 158;
- Memorandum in Support of Motion to Seal [DE-159].

The Government's Motion to Seal [DE-146] is DENIED with respect to the Motion to Intervene [DE-144].

SO ORDERED.

This the 19th day of May, 2014.

*James C. Fox*
James C. Fox
Senior United States District Judge