IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-527-F

| | | |
|---|---|---|
| U.S. TOBACCO INC., U.S FLUE-CURED TOBACCO GROWERS, INC., and BIG SOUTH DISTRIBUTION, LLC, | ) ) ) ) ) | |
| Plaintiffs, | ) ) ) ) ) | |
| v. | ) ) ) | **ORDER** |
| BIG SOUTH WHOLESALE OF VIRGINIA, LLC, d/b/a BIG SKY INTERNATIONAL, BIG SOUTH WHOLESALE, LLC, UNIVERSAL SERVICES FIRST CONSULTING, a/k/a UNIVERSAL SERVICES CONSULTING GROUP, JASON CARPENTER, CHRISTOPHER SMALL, EMORY STEPHEN DANIEL, and other unnamed co-conspirators, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on the Government's Motion to Intervene and Stay Discovery [DE-144]. For the reasons more fully explained below, the Motion [DE-144] is ALLOWED.

Plaintiffs U.S. Tobacco, Inc., U.S. Flue-Cured Tobacco Growers, Inc., and Big South Distribution, LLC, initiated this action by filing a complaint [DE-1] in this court on July 23, 2013, alleging claims arising under the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1961 *et seq.* and North Carolina law, and naming Big South Wholesale of Virginia LLC, d/b/a Big Sky International, Big South Wholesale, LLC, Universal Services Consulting Group, Jason Carpenter, Christopher Small, and Emory Stephen Daniel as defendants. After the Defendants filed

their Answers and Counterclaims, discovery commenced between the parties, and numerous motions concerning discovery have been filed.

On April 23, 2014, the Government filed the Motion to Intervene and Stay Discovery [DE-144]. Therein, the United States seeks to intervene in this case for a limited purpose; namely to seek a temporary six-month stay of all discovery. The Government asserts that if discovery is allowed to go forward, it will substantially interfere in an ongoing federal grand jury investigation pending in this district. No parties object to the motion, although some parties have conditioned their consent. The Blue Sky Defendants[1] consent to the motion, provided that (1) the Government submit to the court certain documents allegedly prepared by the Government in connection with the Blue Sky Defendants' pending Motion to Amend Protective Order [DE-127] and (2) the court rules on the said motion. Plaintiffs also consent to the motion, but have requested an oral argument on the various pending motions, and have separately filed a Motion for Equitable Relief and Request for Oral Argument [DE-162], wherein they seek an order requiring the Defendants to submit to the court an equitable accounting of their assets, as well as an order requiring Defendants to maintain a reasonable and appropriate amount of their assets to satisfy a judgment in this action.

Rule 24(b)(1)(B) provides that "[o]n timely motion, the court may permit anyone to intervene who ... has a claim or defense that shares with the main action a common question of law or fact." Courts within the Fourth Circuit and elsewhere have allowed the Government to intervene in a civil action under Rule 24(b) to seek a stay of discovery where there is a parallel criminal proceeding that involves common questions of law or fact. *See Ashworth v. Albers Medical, Inc.*, 229 F.R.D. 527,

---

[1] The "Blue Sky Defendants" refers to Defendants Big South Wholesale of Virginia LLC, d/b/a Big Sky International, Big South Wholesale, LLC, Jason Carpenter and Christopher Small.

529-33 (S.D. W. Va. 2005); *Bridgeport Harbour Place I, LLC v. Ganim*, 269 F. Supp. 2d 6, 8 (D. Conn. 2002). The court has examined the parties' filings, and is satisfied that the grand jury investigation and this civil action share common questions of law and fact, and that the Government's motion is timely. The Government's motion to intervene is therefore ALLOWED.

Additionally, the Government's request for a temporary stay of discovery is ALLOWED. Federal courts have recognized that they have the authority and discretion to stay civil proceedings, including staying discovery, pending a parallel criminal case where the interests of justice require. *Bridgeport Harbour Place*, 269 F. Supp.2d at 8. Again, the court has examined the parties' briefing and the authorities therein, and determines the interests of justice require a stay of discovery in this case.[2] Additionally, the court does not find it necessary to condition the stay on any of the various parties' requests for relief. Accordingly, it hereby is ORDERED that all discovery in this action is stayed, until **November 24, 2014**.[3]

Although the court is not conditioning the stay on any of the parties' requests, the court has determined that a hearing is necessary on some of the parties' outstanding motions. Accordingly, the Clerk of Court is DIRECTED to schedule and notice a hearing for **Wednesday, October 22, 2014, at 10:00 a.m.** before the undersigned. At the hearing, the parties should be prepared to argue the pending Motion to Amend Protective Order [DE-127] and Motion for Equitable Relief [DE-162].

For the foregoing reasons, it is hereby ORDERED that:

---

[2] The parties' various filings indicate that discovery has been essentially stayed by consent since the Government's filling of the motion to intervene. *See* Consent Motion to Stay [DE-208].

[3] Consequently, the Blue Sky Defendants' Motion to Stay [DE-129] is DENIED as moot, as is the parties' Consent Motion to Stay Discovery [DE-208] to the extent they seek a stay of discovery. To the extent, however, the consent motion requests that the parties be allowed to submit a proposed Amended Scheduling order at the conclusion of the stay, the motion is ALLOWED.

3

(1) the Government's Motion to Intervene and Stay Discovery [DE-144] is ALLOWED, and discovery in this action is stayed until **November 24, 2014**;

(2) the Motions to Stay [DE-129; DE-208] are DENIED as moot to the extent they seek a stay of discovery in this action; and

(3) the Clerk of Court is DIRECTED to schedule and notice a hearing for **Wednesday, October 22, 2014, at 10:00 a.m.** before the undersigned. At the hearing, the parties should be prepared to argue the pending Motion to Amend Protective Order [DE-127] and Motion for Equitable Relief [DE-162].

SO ORDERED.

This the 30 day of September, 2014.

*James C. Fox*
James C. Fox
Senior United States District Judge