IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-527-F

| | | |
|---|---|---|
| U.S. TOBACCO INC., U.S FLUE-<br>CURED TOBACCO GROWERS, INC.,<br>and BIG SOUTH DISTRIBUTION, LLC, | )<br>)<br>)<br>)<br>) | |
| Plaintiffs, | )<br>)<br>)<br>)<br>) | **ORDER** |
| v. | )<br>) | |
| BIG SOUTH WHOLESALE OF<br>VIRGINIA, LLC, d/b/a BIG SKY<br>INTERNATIONAL, BIG SOUTH<br>WHOLESALE, LLC, UNIVERSAL<br>SERVICES FIRST CONSULTING, a/k/a<br>UNIVERSAL SERVICES CONSULTING<br>GROUP, JASON CARPENTER,<br>CHRISTOPHER SMALL, EMORY<br>STEPHEN DANIEL, and other unnamed<br>co-conspirators, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

This matter is before the court on the motion to seal [DE-183] filed by Defendants Emory Stephen Daniel and Universal Services First Consulting, a/k/a Universal Services Consulting Group, and the motions to seal [DE-198; DE-202, and DE-206] filed by Plaintiffs U.S. Tobacco Inc., U.S. Flue-Cured Tobacco Growers, Inc., and Big South Distribution, LLC. For the reasons set forth below, the motions are allowed.

Defendants Daniel and Universal seek to file their Memorandum in Opposition to Plaintiffs' Motion for Equitable Relief and Request for Oral Argument partially under seal with certain exhibits sealed, along with their Memorandum in Support of their Motion to Seal. Plaintiffs, for their part,

seek to:

1. file under seal their Reply to Daniel's and Universal's Memorandum in Opposition to Plaintiffs' Motion for Equitable Relief and Request for Oral Argument, and file a publicly-available redacted copy of the same;

2. file under seal the Affidavit of Clay Worden and all exhibits thereto;

3. file under seal their response to the Big Sky Defendants' motion to stay and file a publicly-available redacted copy of the same;

4. file under seal Plaintiff's corrected Second Amended Complaint, and a publicly-available redacted version of the same;

5. and file under seal all the briefs in support of their motions to seal.

The parties consent to the motions.

The Fourth Circuit has directed that prior to sealing judicial records, a district court must first determine the source of the public's right to access the judicial records: the common law or the First Amendment. *Stone v. Univ. of Md.*, 855 F.2d 178, 180 (4th Cir. 1988). If the common law right of access to judicial records applies, there is a presumption of public access to judicial records, which can only be rebutted if countervailing interests outweigh the public's interest in access. *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). "Some of the factors to be weighed in the common law balancing test 'include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historic event; and whether the public already had access to the information contained in the records.'" *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004) (quoting *In re Knight Publ. Co.*, 743 F.2d 231,

2

235 (4th Cir. 1984)). Where the First Amendment guarantees access to judicial records, such access may be denied only on the basis of a compelling governmental interest or other higher value, and only if the denial is narrowly tailored to serve that interest or value. *See Stone*, 855 F.2d at 180; *see also Haas v. Golding Transp., Inc.*, No. 1:09–CV–1016, 2010 WL 1257990, *7 n.4 (M.D.N.C. March 26, 2010) (substituting "higher value" for "governmental interest" in the context of a civil case involving nongovernmental litigants).

In weighing the competing interests between the presumption of access and the asserted reason for sealing, a court must comply with the procedure set forth by *In re Knight Publishing Company*. First, a court must give the public notice of a request to seal and a reasonable opportunity to challenge it. 743 F.2d at 235. Although individual notice is not necessary, a court must notify persons present in the courtroom of the request, or docket it "reasonably in advance of deciding the issue." *Id.* A court must consider less drastic alternatives to sealing, and if it decides to seal documents, it must "state the reasons for its decision to seal supported by specific findings, and the reasons for rejecting alternatives to sealing in order to provide an adequate record for review." *Id.* The directives of the Fourth Circuit have been implemented in this court by virtue of Local Civil Rule 79.2 and the Section T of the CM/ECF Policy Manual.

In this case, the procedural requirements of *In re Knight Publishing Company* have been satisfied. The earliest motion to seal was filed on June 23, 2014, and the latest motion was filed on August 1, 2014. No third parties or members of the press have attempted to file an objection to the motion to seal. The parties' briefing suggests that only the common law right of access applies to the documents at issue in the pending motions to seal, and the court has not located any authority to the contrary. For the reasons stated in the court's November 12, 2013, Order [DE-56], the court

3

finds that the parties have demonstrated that there is a significant countervailing interest in support of sealing that outweighs the public's right in access to the documents. Specifically, the parties have shown that the unredacted versions of the documents, the specified exhibits to the briefs, along with the briefs in support of the motion to seal, contain information that could subject certain individuals to physical harm and/or harassment. The court again finds that these individuals' interest in their safety outweighs the public's interest in access to the relevant documents. *See Dish Network L.L.C. v. Sonicview USA, Inc.*, No. 09-CV-1553 L(NLS), 2009 WL 2224596, at *7 (S.D. Cal. July 23, 2009) (finding that protecting the identities of individuals who had served as confidential informants, and thereby protecting them from being subjected to threats of physical harm, outweighed the presumption of access to court records). Additionally, the court finds that redacting Daniel and Universal's memorandum in opposition to Plaintiffs' Motion for Equitable Relief, as well as Plaintiffs' replies in support of their motion for equitable relief, while filing the unredacted versions of those documents under seal, is narrowly-tailored to protect the individuals while also providing public access to most of the substance of the documents. The court also finds, however, that the memoranda filed in support of the motions to seal, along with the specified exhibits to the parties' memoranda, cannot be redacted in any meaningful manner, and therefore they may be sealed in their entirety.

Accordingly, the Motions to Seal [DE-183, DE-198, DE-202, and DE-206] are ALLOWED. The Clerk of Court is DIRECTED to maintain the following documents under SEAL:

- Memorandum in Opposition to Plaintiffs' Motion for Equitable Relief and Request for Oral Argument [DE-182] and all exhibits thereto;
- Memorandum in Support of Motion to Seal [DE-184];
- Plaintiffs' Reply [DE-196] and the exhibits thereto;
- Memorandum in Support of Motion to Seal [DE-197];

4

- Plaintiffs' Reply [DE-200] and the exhibits thereto;
- Memorandum in Support of Motion to Seal [DE-201];
- Corrected Second Amended Complaint [DE-204];
- Memorandum in Support of Motion to Seal [DE-205].

SO ORDERED.

This the 30 day of September, 2014.

*James C. Fox*
James C. Fox
Senior United States District Judge