IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No.: 5:13-cv-527-F

U.S. TOBACCO COOPERATIVE INC.,  )
U.S. FLUE-CURED TOBACCO  )
GROWERS, INC., and BIG SOUTH  )
DISTRIBUTION, LLC,  )
                                )
Plaintiffs,  )
                                )
v.  )
                                )
BIG SOUTH WHOLESALE OF  )          ORDER
VIRGINIA, LLC, d/b/a BIG SKY  )
INTERNATIONAL, BIG SOUTH  )
WHOLESALE, LLC, UNIVERSAL  )
SERVICES FIRST CONSULTING, A/K/A  )
UNIVERSAL SERVICES CONSULTING  )
GROUP, JASON CARPENTER,  )
CHRISTOPHER SMALL, and EMORY  )
STEPHEN DANIEL,  )
                                )
Defendants.  )

This matter is before the court on the motion to seal [DE-257] filed by

Defendants Big South Wholesale of Virginia LLC, d/b/a Big Sky International, Big

South Wholesale, LLC, Jason Carpenter, and Christopher Small (collectively, "Big Sky

Defendants"). For the reasons set forth below, the motion is ALLOWED.

The Big Sky Defendants seek to file their brief in response to the

Government's Motion to Partially Lift the Seal under seal, along with their brief in

support of their motion to seal.

Plaintiffs and the Defendants consent to the Big Sky Defendants' motion.

The Fourth Circuit has directed that prior to sealing judicial records, a district court

must first determine the source of the public's right to access the judicial records: the

common law or the First Amendment. *Stone v. Univ. of Md*, 855 F.2d 178, 180 (4th

Cir. 1988). If the common law right of access to judicial records applies, there is a

presumption of public access to judicial records, which can only be rebutted if countervailing interests outweigh the public's interest in access. *Rushford v. New Yorker Magazine, Inc.,* 846 F.2d 249,253 (4th Cir. 1988). "Some of the factors to be weighed in the common law balancing test 'include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historic event; and whether the public already had access to the information contained in the records.'" *Virginia Dep't of State Police v. Washington Post,* 386 F.3d 567, 575 (4th Cir. 2004)(quoting *In re Knight Publ. Co.,* 743 F.2d 231, 235 (4th Cir. 1984)). Where the First Amendment guarantees access to judicial records, such access may be denied only on the basis of a compelling governmental interest or other higher value, and only if the denial is narrowly tailored to serve that interest or value. *See Stone,* 855 F.2d at 180; *see also Haas v. Golding Transp., Inc.,* No. 1:09-CV-1016, 2010 WL 1257990, *7 n.4 (M.D.N.C.March 26, 2010) (substituting "higher value" for "governmental interest" in the context of a civil case involving nongovernmental litigants).

In weighing the competing interests between the presumption of access and the asserted reason for sealing, a court must comply with the procedure set forth by *In re Knight Publishing Company.* First, a court must give the public notice of a request to seal and a reasonable opportunity to challenge it. 743 F.2d at 235. Although individual notice is not necessary, a court must notify persons present in the courtroom of the request, or docket it "reasonably in advance of deciding the issue." *Id* A court must consider less drastic alternatives to sealing, and if it decides to seal documents, it must "state the reasons for its decision to seal supported by specific findings, and the reasons for rejecting alternatives to sealing in order to provide an adequate record for review." *Id*

With respect to the pending motion to seal, the procedural requirements of *In re Knight Publishing Company* have been satisfied. The motion to seal was filed on December 11, 2014. No third parties or members of the press have attempted to file an objection to the motion to seal. Defendants' brief suggests that only the common law right of access applies to the documents at issue in the pending motion to seal, and the court has not located any authority to the contrary. For the reasons stated in the Court's November 12, 2013, Order [DE-56], the Court finds that the parties have demonstrated that there is a significant countervailing interest in support of sealing that outweighs the public's right in access to the documents. Specifically, the parties have shown that the Response to the Government's Motion to Partially Life the Seal, along with the brief in support of the motion to seal, contain information that could subject certain individuals to physical harm and/or harassment. The Court again finds that these individual's interest in their safety outweighs the public's interest in access to the relevant documents. *See Dish Network L.L. C. v. Sonicview USA, Inc.,* No. 09-CV-1553 L(NLS), 2009 WL 2224596, at *7 (S.D. Cal. July 23, 2009) (finding that protecting the identities of individuals who had served as confidential informants, and thereby protecting them from being subjected to threats of physical harm, outweighed the presumption of access to court records). Additionally, the Court finds that sealing the memorandum in support of the Response is narrowly-tailored to protect the individuals while also providing public access to most of the substance of the documents. The Court also finds that the Response and motion to seal cannot be redacted in any meaningful manner, and therefore they may be sealed in their entirety.

Accordingly, the Motions to Seal [DE-257] is ALLOWED. The Clerk of

Court is DIRECTED to maintain the following documents under SEAL:

1.    Memorandum in response to the Government's motion,

completely under seal [DE-255]; and

2.    Brief in Support of this Motion to File Under Seal [DE-256].

SO ORDERED.


This the 2nd day of February, 2015.

James C. Fox
Senior United States District Judge