IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-527-F

| | |
|---|---|
| U.S. TOBACCO INC., U.S FLUE-CURED TOBACCO GROWERS, INC., and BIG SOUTH DISTRIBUTION, LLC, )<br>)<br>)<br>)<br>)<br>Plaintiffs, )<br>)<br>)<br>)<br>v. )<br>)<br>BIG SOUTH WHOLESALE OF VIRGINIA, LLC, d/b/a BIG SKY INTERNATIONAL, BIG SOUTH WHOLESALE, LLC, UNIVERSAL SERVICES FIRST CONSULTING, a/k/a UNIVERSAL SERVICES CONSULTING GROUP, JASON CARPENTER, CHRISTOPHER SMALL, EMORY STEPHEN DANIEL, and other unnamed co-conspirators, )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>Defendants. ) | **ORDER** |

This matter is before the court on the motion to seal [DE-270] and motion for extension of time [DE-268] filed by the Government. Also before the court are proposed redacted documents submitted by the parties in accordance with the court's March 9, 2015, Order [DE-267]. For the reasons stated below, the motion to seal and motion for extension of time are ALLOWED, and the Clerk of Court is DIRECTED to docket the redacted documents.

### I. MOTION TO SEAL

The Government seeks to file under seal its motion for extension of time [DE-268; DE-268-1] and memorandum in support of its motion to seal [DE-269]. Counsel for the parties to this action

consent to the motion to seal.

The Fourth Circuit has directed that prior to sealing judicial records, a district court must first determine the source of the public's right to access the judicial records: the common law or the First Amendment. *Stone v. Univ. of Md.*, 855 F.2d 178, 180 (4th Cir. 1988). If the common law right of access to judicial records applies, there is a presumption of public access to judicial records, which can only be rebutted if countervailing interests outweigh the public's interest in access. *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). "Some of the factors to be weighed in the common law balancing test 'include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historic event; and whether the public already had access to the information contained in the records.'" *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004) (quoting *In re Knight Publ. Co.*, 743 F.2d 231, 235 (4th Cir. 1984)). Where the First Amendment guarantees access to judicial records, such access may be denied only on the basis of a compelling governmental interest or other higher value, and only if the denial is narrowly tailored to serve that interest or value. *See Stone*, 855 F.2d at 180; *see also Haas v. Golding Transp., Inc.*, No. 1:09–CV–1016, 2010 WL 1257990, *7 n.4 (M.D.N.C. March 26, 2010) (substituting "higher value" for "governmental interest" in the context of a civil case involving nongovernmental litigants).

In weighing the competing interests between the presumption of access and the asserted reason for sealing, a court must comply with the procedure set forth by *In re Knight Publishing Company*. First, a court must give the public notice of a request to seal and a reasonable opportunity to challenge it. 743 F.2d at 235. Although individual notice is not necessary, a court must notify

2

persons present in the courtroom of the request, or docket it "reasonably in advance of deciding the issue." *Id.* A court must consider less drastic alternatives to sealing, and if it decides to seal documents, it must "state the reasons for its decision to seal supported by specific findings, and the reasons for rejecting alternatives to sealing in order to provide an adequate record for review." *Id.* The directives of the Fourth Circuit have been implemented in this court by virtue of Local Civil Rule 79.2 and the Section T of the CM/ECF Policy Manual.

In this instance, the procedural requirements of *In re Knight Publishing Company* have been satisfied. The motion to seal was filed on March 25, 2015, and no third parties or members of the press have attempted to file an objection to the motion to seal. Although the Government does explicitly state as much in its memorandum in support of the motion to seal, its briefing suggests that only the common law right of access applies to the documents at issue, and the court has not located any authority to the contrary. For the reasons stated in the court's November 12, 2013, Order [DE-56], the court finds that the Government has demonstrated that there is a significant countervailing interest in support of sealing that outweighs the public's right in access to the documents. Specifically, the Government has shown that the documents contain information that could subject certain individuals to physical harm and/or harassment. The court again finds that these individual's interest in their safety outweighs the public's interest in access to the relevant documents. *See Dish Network L.L.C. v. Sonicview USA, Inc.*, No. 09-CV-1553 L(NLS), 2009 WL 2224596, at *7 (S.D. Cal. July 23, 2009) (finding that protecting the identities of individuals who had served as confidential informants, and thereby protecting them from being subjected to threats of physical harm, outweighed the presumption of access to court records). Additionally the court finds that the documents cannot be redacted in any meaningful manner, and therefore they may be sealed in their

3

entirety.

Accordingly, the Government's Motion to Seal [DE-270] is ALLOWED, and the Clerk of Court is DIRECTED to maintain under seal the Motion for Extension of Time [DE-268; DE-268-1] and the memorandum in support of the Motion to Seal [DE-269].

## II. MOTION FOR EXTENSION OF TIME

The Government moves for extension of time within which to comply with the court's March 9, 2015, Order. For good cause shown, the motion for extension of time [DE-268] is ALLOWED, and the Government has fourteen (14) days day from the filing date of this order within which to establish a screening mechanism as provided in the court's March 9, 2015, Order and notify the parties of the same.

## III. PROPOSED REDACTED MATERIALS

In the March 9, 2015, Order, the court found that portions of documents filed by the Government, as well as portions of the March 9, 2015, Order itself, referenced information that could subject certain individuals to physical harm and/or harassment. Because the court has previously found that these individuals' interest in their safety outweighs the public's right to access portions of the court documents revealing this information, it ordered that the following documents were to be maintained under seal: the March 9, 2015, Order; Exhibit 1 to the Government's Motion to Amend the Protective Order [DE-235-1]; and the Motion to Partially Lift the Seal [DE-236; DE-236-1]. The court also ordered the Government and the parties to confer and submit redacted versions of the March 9, 2015, Order and Motion to Partially Lift the Seal.

The parties have complied with the court's order, and with one exception, the court finds that the parties' proposed redactions are proper, and redact no more information than is necessary to

4

protect the individuals' interest in their safety and well-being.[1] Accordingly, the Clerk of Court is DIRECTED to file the redacted versions of the March 9, 2015, Order and the Motion to Partially Lift the Seal as publicly available documents.

## IV. CONCLUSION

For the foregoing reasons,

(1) the Motion to Seal [DE-270] is ALLOWED and the Clerk of Court is DIRECTED to maintain under seal the Motion for Extension of Time [DE-268; DE-268-1] and the memorandum in support of the Motion to Seal [DE-269];

(2) the Motion for Extension of Time [DE-268] is ALLOWED and the Government has fourteen (14) days day from the filing date of this order within which to establish a screening mechanism as provided in the court's March 9, 2015, Order and notify the parties of the same; and

(3) the Clerk of Court is DIRECTED to file the redacted versions of the March 9, 2015, Order and the Motion to Partially Lift the Seal as publicly available documents.

SO ORDERED.

This the 2 day of April, 2015.

*James C. Fox*
James C. Fox
Senior United States District Judge

---

[1] The one exception is the parties' proposed redaction at the end of page 13 and the beginning of page 14 of the March 9, 2015, Order. The court observes that similar, if not verbatim language, appears in numerous publicly-available orders on the docket. *See, e.g.,* February 2, 2015, Order [DE-258] at 3. Accordingly, the court has removed that redaction.

5