IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No.: 5:13-cv-527-F

U.S. TOBACCO COOPERATIVE INC., )
U.S. FLUE-CURED TOBACCO )
GROWERS, INC., and BIG SOUTH )
DISTRIBUTION, LLC, )
 )
Plaintiffs, )
 )
v. )
 )
BIG SOUTH WHOLESALE OF ) ORDER
VIRGINIA, LLC, d/b/a BIG SKY )
INTERNATIONAL, BIG SOUTH )
WHOLESALE, LLC, UNIVERSAL )
SERVICES FIRST CONSULTING, A/K/A )
UNIVERSAL SERVICES CONSULTING )
GROUP, JASON CARPENTER, )
CHRISTOPHER SMALL, and EMORY )
STEPHEN DANIEL, )
 )
Defendants. )

This matter is before the court on the motion to seal [DE-307] filed by Defendants. For the reasons set forth below, the motion is ALLOWED. The Defendants seek to file their Motion to Extend Stay along with their Memorandum in Support of their Motion to Extend Stay under seal, along with their brief in support of their motion to seal.

Plaintiffs consent to the Defendants' motion.

The Fourth Circuit has directed that prior to sealing judicial records, a district court must first determine the source of the public's right to access the judicial records: the

common law or the First Amendment. *Stone v. Univ. of Md,* 855 F.2d 178, 180 (4th Cir. 1988). If the common law right of access to judicial records applies, there is a presumption of public access to judicial records, which can only be rebutted if countervailing interests outweigh the public's interest in access. *Rushford v. New Yorker Magazine, Inc.,* 846 F.2d 249, 253 (4th Cir. 1988). "Some of the factors to be weighed in the common law balancing test 'include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historic event; and whether the public already had access to the information contained in the records.'" *Virginia Dep't of State Police v. Washington Post,* 386 F.3d 567, 575 (4th Cir. 2004)(quoting *In re Knight Publ. Co.,* 743 F.2d 231, 235 (4th Cir. 1984)). Where the First Amendment guarantees access to judicial records, such access may be denied only on the basis of a compelling governmental interest or other higher value, and only if the denial is narrowly tailored to serve that interest or value. *See Stone,* 855 F.2d at 180; *see also Haas v. Golding Transp., Inc.,* No. 1:09-CV-1016, 2010 WL 1257990, *7 n.4 (M.D.N.C.March 26, 2010) (substituting "higher value" for "governmental interest" in the context of a civil case involving nongovernmental litigants).

In weighing the competing interests between the presumption of access and the asserted reason for sealing, a court must comply with the procedure set forth by *In re Knight Publishing Company.* First, a court must give the public notice of a request to seal and a reasonable opportunity to challenge it. 743 F.2d at 235. Although individual notice is not necessary, a court must notify persons present in the courtroom of the request, or docket it "reasonably in advance of deciding the issue." *Id* A court must consider less drastic alternatives to sealing, and if it decides to seal documents, it

must "state the reasons for its decision to seal supported by specific findings, and the reasons for rejecting alternatives to sealing in order to provide an adequate record for review." *Id*

With respect to the pending motion to seal, the procedural requirements of *In re Knight Publishing Company* have been satisfied. The motion to seal was filed on July 16, 2015. No third parties or members of the press have attempted to file an objection to the motion to seal. Defendants' brief suggests that only the common law right of access applies to the documents at issue in the pending motion to seal, and the court has not located any authority to the contrary. For the reasons stated in the Court's November 12, 2013, Order [DE-56], the Court finds that the parties have demonstrated that there is a significant countervailing interest in support of sealing that outweighs the public's right in access to the documents. Specifically, the parties have shown that the briefs in support of Defendants' motion to extend stay along with the brief in support of the motion to seal, contain information that should not be released. The Court again finds that the government's interest and the individual's interest outweighs the public's interest in access to the relevant documents. Accordingly, the Motions to Seal [DE-307] is ALLOWED. The Clerk of Court is DIRECTED to maintain the documents at Docket Entries 304, 305, and 306 under SEAL:

SO ORDERED. This the 2?¯ day of July, 2015.

*James C. Fox*

James C. Fox

Senior United States District Judge