IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DIVISION OF NORTH CAROLINA
WESTERN DIVISION

No: 5:13-CV-00527-F

| | |
|---|---|
| U.S. TOBACCO COOPERATIVE INC., U.S. FLUE-CURED TOBACCO GROWERS, INC., and BIG SOUTH DISTRIBUTION, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> BIG SOUTH WHOLESALE OF VIRGINIA, LLC, d/b/a BIG SKY INTERNATIONAL, BIG SOUTH WHOLESALE, LLC, UNIVERSAL SERVICES FIRST CONSULTING, A/K/A UNIVERSAL SERVICES CONSULTING GROUP, JASON CARPENTER, CHRISTOPHER SMALL, EMORY STEPHEN DANIEL, and ALBERT M. JOHNSON, <br><br> Defendants, <br><br> UNITED STATES OF AMERICA, <br><br> Intervenor. | ORDER |

This matter is before the court on Defendant Albert M. Johnson's ("Johnson") motions for protective order or to quash subpoenas issued to several financial institutions and to Lamar Rabon, CPA. [DE-402, -412]. Plaintiffs U.S. Tobacco, Inc., U.S. Flue-Cured Tobacco Growers, Inc., and Big South Distribution, LLC (collectively, the "Plaintiffs") filed responses in opposition [DE-408, -413] and a motion for status conference [DE-414]. For the reasons that follow, Johnson's motions are allowed in part and denied in part and Plaintiffs' motion for status conference is denied.

## I. BACKGROUND

Plaintiffs filed the complaint initiating this action on July 23, 2013, alleging claims arising under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq. ("RICO") and North Carolina law and naming Big South Wholesale of Virginia LLC, d/b/a Big Sky International, Big South Wholesale, LLC, Universal Services Consulting Group, Jason Carpenter, Christopher Small, and Emory Stephen Daniel as defendants. [DE-1]. On October 9, 2014, with leave of court, Plaintiffs filed a second amended complaint adding Johnson. [DE-213]. Plaintiffs allege Johnson, the former Chairman of the Board of Directors of Plaintiffs U.S. Tobacco Cooperative, Inc. and U.S. Flue-Cured Tobacco Growers, Inc., actively engaged in a conspiracy with the other Defendants to defraud Plaintiffs through material omissions and misrepresentations to Plaintiffs in violation of federal and state RICO laws, 18 U.S.C. § 1962(d) and North Carolina General Statute § 75D-4(a)(3), and other state laws. *See, e.g.*, Second Am. Compl. [DE-214] ¶¶ 3, 14, 30, 50, 62, 73, 136, 146, 153-58, 178-84, 185-211, 255-67.

On July 16, 2015, Plaintiffs propounded written discovery to Johnson, including interrogatories and requests for production, to which Johnson responded on September 23, 2015. Pl.'s Mem. [DE-383] at 4, Ex. C [DE-383-3], Ex. D [DE-383-4]. The parties disputed the relevancy of requests related to Johnson's financial information, and Plaintiffs filed a motion to compel. [DE-381]. On March 7, 2016, the court allowed in part and denied in part Plaintiffs' motion, in short ordering Johnson to produce certain information that would "allow Plaintiffs to subpoena records from the banking institutions with which Johnson has had financial dealings and to review his reported income and other earnings in order to evaluate the veracity of Johnson's claim that he received no monetary benefit from the alleged conspiracy." [DE-396] at 6. The court denied the

2

motion as to Johnson's financial statements and statements of net worth, finding that such discovery was relevant to punitive damages and, thus, was premature where Plaintiffs had yet to make the requisite prima facie showing of entitlement to punitive damages as to Johnson. *Id.* at 6-7. Plaintiffs proceeded to issue notices of intent to serve third-party subpoenas on the financial institutions identified by Johnson and upon Johnson's CPA. [DE-402-1, -412-1]. Johnson objected that the scope of the subpoenas exceeds the court's March 7, 2016 order and, despite the good faith efforts of counsel, the parties have been unable to resolve the disagreement. [DE-402-3, -412-2].

## II. DISCUSSION

Johnson moves the court, pursuant to Rules 26(c) and 45 of the Federal Rules of Civil Procedure, (1) to quash subpoenas Plaintiffs propose to serve on his banks or, alternatively, that the documents requested be limited to (a) deposit records and (b) for the period ending one month after Johnson's resignation from Plaintiffs' board of directors in June 2013 [DE-402] at 1-2; and (2) to limit the subpoena Plaintiffs propose to serve on his CPA to (a) income records of Johnson and (b) for the period ending one month after Johnson's resignation from Plaintiffs' board of directors in June 2013 [DE-412] at 1-2.

Rule 45 adopts the standard codified in Rule 26, which provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). "Relevancy under this rule has been broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party." *Equal Emp't Opportunity Comm'n v. Sheffield Fin. LLC*, No. 1:06CV00889, 2007 WL 1726560, at *3 (M.D.N.C. June 13, 2007) (unpublished) (internal quotation marks, alterations, and citations omitted). However, simply because "requested information is

3

discoverable under Rule 26 [(b)] does not mean that discovery must be had." *Nicholas v. Wyndham Int'l Inc.*, 373 F.3d 537, 543 (4th Cir. 2004). Rule 26(b)(2)(C) provides a district court must limit "the frequency or extent of discovery otherwise allowed" under the Federal Rules of Civil Procedure if it concludes that "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). Additionally, Rule 26(c) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1); *McDougal-Wilson v. Goodyear Tire & Rubber Co.*, 232 F.R.D. 246, 249 (E.D.N.C. 2005) ("Discovery is not limitless," and "[t]he court has the discretion to protect a party from 'oppression' or 'undue burden or expense.'") (quoting Fed. R. Civ. P. 26(c)).

"Ordinarily, a party does not have standing to challenge a subpoena issued to a nonparty unless the party claims some personal right or privilege in the information sought by the subpoena." *United States v. Idema*, 118 F. App'x 740, 744 (4th Cir. Jan. 4, 2005) (per curiam) (unpublished); *United States v. Gordon*, 247 F.R.D. 509, 509-10 (E.D.N.C. 2007). "Typically, a party has no standing to challenge a subpoena issued to his or her bank seeking discovery of financial records because bank records are the business records of the bank, in which the party has no personal right." *Gordon*, 247 F.R.D. at 510 (citations omitted). Nevertheless, a lack of standing to challenge a Rule 45 subpoena to a nonparty will not prevent the court from reaching the merits of a Rule 26 motion for protective order. *See CTB, Inc. v. Hog Slat, Inc.*, No. 7:14-CV-157-D, 2016 WL 1244998, at *5 (E.D.N.C. Mar. 23, 2016) (unpublished) (concluding that even if a party were deemed not to have

4

standing to challenge a subpoena, the court could consider the party's motion for protective order on the merits) (citation omitted); *In re Subpoenas for Documents Issued to ThompsonMcMullan, P.C.*, No. CV 3:16-MC-1, 2016 WL 1071016, at *4 (E.D. Va. Mar. 17, 2016) (unpublished) ("[T]he relevance constraints of Rule 26(b) serve as constraints on all other discovery mechanisms, including Rule 45 . . . ."); *Fangman v. Genuine Title, LLC*, No. CV RDB-14-0081, 2016 WL 560483, at *3 (D. Md. Feb. 12, 2016) (unpublished) ("[A] party may challenge a third party subpoena through a motion for a protective order."); *Singletary v. Sterling Transp. Co.*, 289 F.R.D. 237, 240 n.2 (E.D. Va. 2012) (noting that "plaintiffs have standing to challenge subpoenas duces tecum as irrelevant and overbroad under Rule 26, regardless of whether they have standing to bring a motion to quash under Rule 45."). "Relevance is [] the foundation for any request for production, regardless of the individual to whom a request is made." *Cook v. Howard*, 484 F. App'x 805, 812 (4th Cir. 2012) (per curiam) (unpublished) (rejecting argument that relevance is not a proper basis to quash a subpoena served on a non-party).

The party seeking protection from responding to discovery must make a particularized showing of why discovery should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law. *See Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 402-03 (4th Cir. 2003); *Jones v. Circle K Stores, Inc.*, 185 F.R.D. 223, 224 (M.D.N.C. 1999) ("Rule 26(c)'s requirement of a showing of 'good cause' to support the issuance of a protective order indicates that '[t]he burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'" ) (citation omitted).

5

Case 5:13-cv-00527-F   Document 415   Filed 04/22/16   Page 5 of 10

## A. The Bank Subpoenas

Plaintiffs seek to subpoena the following information from Johnson's banks:

1. Monthly accounting statements;
2. All documents reflecting transfers, withdrawals, deposits, or other account activity or transaction;
3. All documents obtained or furnished by the account holder(s) in connection with the creation and/or maintenance of the account;
4. All communications between [the bank] and the account holder(s) relating to the identified accounts;
5. All debit card activity;
6. Issuances of credit and activity related thereto;
7. Copies of checks deposited;
8. Copies of checks written;
9. Copies of counter checks written;
10. Copies of counter checks deposited;
11. Copies of cashier's checks written;
12. Copies of cashier's checks deposited;
13. Copies of all documents that are routinely provided to or otherwise made available (whether in paper format or electronically) to the account holder(s); and
14. Any and all documents relating to or reflecting deposits, withdrawals, debits, credits, transfers, transactions, wire, and/or other account activity.

[DE-402-1] at 11, 18, 25-27, 32.

Johnson first contends the broad scope of the bank subpoenas, in light of recent deposition testimony from three law enforcement agents that Johnson received no money from the ATF operations or from other Defendants, reveals Plaintiffs' "clearly improper motives," and Johnson asks the court to quash the subpoenas in their entirety. Pl.'s Mot. [DE-402] at 7-8. Just as Plaintiffs are not required to rely on Johnson's assertion that he received no monetary gain from the transactions at issue in this matter, neither are they required to rely on the assertions of these law enforcement agents [DE-409-1 though -409-3], "but rather should be allowed to explore this issue through relevant discovery," [DE-396] at 5. The court finds no evidence of bad faith or improper motives in the subpoenas and no cause to revisit its earlier ruling regarding the discoverability of

6

Johnson's financial information.

Johnson alternatively suggests the scope of the subpoenas should be limited to (a) deposit records and (b) for the period ending one month after Johnson's resignation from Plaintiffs' board of directors in June 2013. [DE-402] at 1-2. First, Johnson argues that his deposit records will allow Plaintiffs to "review his reported income and other earnings," *id.*, as ordered by the court, and that the other information sought is overreach. [DE-402] at 8. Johnson interprets the court's March 7, 2016 order too narrowly. In allowing in part Plaintiffs' motion to compel, the court ordered Johnson to

> respond to Interrogatory No. 11, and RFP Nos. 11 and 26, which will allow Plaintiffs to subpoena records from the banking institutions with which Johnson has had financial dealings and to review his reported income and other earnings in order to evaluate the veracity of Johnson's claim that he received no monetary benefit from the alleged conspiracy.

[DE-396] at 6. The court's order addressed both the interrogatory related to the identity of the banking institutions and the requests for production related to documents reflecting compensation or income and tax returns. The latter was not intended to serve as a restriction on the information that could be obtained from the former. It is not unreasonable that Plaintiffs seek to view Johnson's deposit records in the context of other financial transactions, creating a complete financial picture that may reveal information that is not otherwise obvious. The court is not convinced that the bank records sought in addition to deposit records would have no bearing on the question of whether Johnson received monetary benefit from the alleged conspiracy or is otherwise outside the scope of Rule 26(b). *See Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 240 (E.D.N.C. 2010) ("During discovery, relevance is broadly construed 'to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the

case.'") (quoting *Oppenheimer Fund., Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). Moreover, Johnson has failed to demonstrate "annoyance, embarrassment, oppression, or undue burden or expense" to justify a protective order pursuant to Rule 26(c).

As for the temporal objection, it is untimely. Plaintiffs' interrogatories and requests for production sought information from "January 1, 2010 to the present" and Johnson failed to raise any objection to this temporal scope in either his responses to the discovery requests or in his response in opposition to the motion to compel. [DE-383-3] at 14; [DE-383-4] at 5-7, 10; [DE-387]. Thus, the court finds any temporal objection has been waived. *See* Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *Thompson v. Navistar, Inc.*, No. 5:10-CV-127-FL, 2011 WL 2198848, at *2 (E.D.N.C. June 6, 2011) (unpublished) (citing *Drexel Heritage Furnishings, Inc. v. Furniture, USA, Inc.*, 200 F.R.D. 255, 258 (M.D.N.C. 2001) (failure to provide specific objections to requests for production of documents under Rule 34 waives any objection)). Accordingly, Johnson has failed to demonstrate he is entitled to relief under Rule 26(b)(2)(C) or Rule 26(c) and his motion is denied.

## B. The CPA Subpoena

Plaintiffs seek to subpoena the following information from Johnson's CPA:

1. A copy of his complete tax file;
2. All bank statements, correspondence, bank deposit or other credit items, cancelled checks or debit items related to accounts owned or controlled by Albert M. Johnson
. . . .
3. All bank statements, correspondence, bank deposit or other credit items, cancelled checks or debit items, together with any bookkeeping or other accounting records of any kind including, but not limited, to general, sales, asset or other transaction ledgers, transaction records, federal and state income tax returns, etc., related to bank accounts . . . .
4. Federal and/or State personal, joint and business tax returns;
5. Wage and salary information;

8

      6. W-2s;
      7. 1099s;
      8. 1040s, including 2010, 2011, and 2012 1040 Schedule As, and 2014 1040 Schedule C;
      9. Schedules and forms;
      10. Tax credits, pensions, gains, and depreciation schedules;
      11. IRS notices;
      12. Social security disability information;
      13. Business expense receipts or statements;
      14. Supporting documentation for deductions or exemptions claimed;
      15. Unemployment statements; and
      16. Any other documentation, financial information or records you may have concerning Mr. Albert M. Johnson, for the years 2010, 2011, 201,2, 2013, 2014, 2015, and 2016.

[DE-412-1] at 4-6.

Johnson contends the subpoena should be limited to (a) his income records and (b) for the period ending one month after Johnson's resignation from Plaintiffs' board of directors in June 2013. [DE-412] at 1-2. Johnson again argues that Plaintiffs' proposed subpoena exceeds the scope of the court's March 7, 2016 order by seeking documents unrelated to Johnson's income. [DE-412] at 2-5. The court expressly allowed Plaintiffs' motion to compel many of the types of documents sought through this subpoena, including "[c]opies of all pay stubs, earnings statements, W-2 forms, 1099 forms, Schedule K-1 forms and other federal and state tax-related documents, including any documents reflecting compensation or income received or otherwise earned by you (or someone on your behalf), from January 1, 2010 to the present." [DE-396] at 3, 5-6. The court also ordered Johnson to respond to Plaintiffs' request for a "[a] **complete** copy of [Johnson's] tax returns (whether filed individually or jointly on behalf of you and your spouse) from 2010 to the present . . . ." *Id.* (emphasis added). For the same reasons stated with respect to the motion related to the bank subpoenas, the court finds that Plaintiffs' proposed subpoena to Johnson's CPA does not seek

9

information outside the scope of Rule 26(b) or amount to "annoyance, embarrassment, oppression, or undue burden or expense" to justify a protective order pursuant to Rule 26(c). However, to the extent the documents sought by the subpoena include financial statements or statements of net worth, the court agrees that such production is prohibited by the court's March 7, 2016 order, [DE-396] at 6-7, and Plaintiffs shall refrain from seeking those documents at this time.

Finally, each party shall bear its own costs incurred in connection with the filing and briefing of the instant motions where the parties' positions were substantially justified and an award of expenses would be unjust. Fed. R. Civ. P. 26(c)(3) & 37(a)(5).

### III. CONCLUSION

For the reasons stated herein, Johnson's motions for protective order or to quash subpoenas issued to several financial institutions and to Lamar Rabon, CPA [DE-402, -412] are DENIED with the limited exception of any request for financial statements or statements of net worth expressly prohibited by the court's March 7, 2016 order. Plaintiffs motion for status conference [DE-414] is DENIED.

SO ORDERED, this the 22 day of April 2016.

Robert B. Jones, Jr.
United States Magistrate Judge

10

Case 5:13-cv-00527-F   Document 415   Filed 04/22/16   Page 10 of 10