IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DIVISION OF NORTH CAROLINA
WESTERN DIVISION

No: 5:13-CV-00527-F

| | |
|---|---|
| U.S. TOBACCO COOPERATIVE INC., U.S. FLUE-CURED TOBACCO GROWERS, INC., and BIG SOUTH DISTRIBUTION, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> BIG SOUTH WHOLESALE OF VIRGINIA, LLC, d/b/a BIG SKY INTERNATIONAL, BIG SOUTH WHOLESALE, LLC, UNIVERSAL SERVICES FIRST CONSULTING, A/K/A UNIVERSAL SERVICES CONSULTING GROUP, JASON CARPENTER, CHRISTOPHER SMALL, EMORY STEPHEN DANIEL, and ALBERT M. JOHNSON, <br><br> Defendants. | **ORDER** |

This matter is before to court on Plaintiffs' motion to extend the discovery deadline to allow for a continuation of a Rule 30(b)(6) deposition of the ATF. [DE-424]. Defendants filed a response [DE-427], and the matter is ripe for decision. For the reasons that follow, the motion is denied.

**I. BACKGROUND**

On August 26, 2015, the court entered an Amended Scheduling Order setting a discovery deadline of May 1, 2016, a dispositive motions deadline of June 1, 2016, and setting the trial of this matter for Judge Fox's August 29, 2016 term of court. [DE-343] at 2. Counsel were cautioned that "extension of these deadlines will be considered only upon a showing of diligence and good cause, and extensions are not favored if they would require a continuance of the trial." *Id.* On April 29,

2016, Plaintiffs sought an extension of the discovery deadline in order to take a Rule 30(b)(6) deposition of the ATF on or before May 25, 2016. [DE-419]. The motion was filed with the consent of Defendants and indicated that "[n]o other deadlines, including the dispositive motions deadline and trial date, will be affected by this extension if it is granted." *Id.* at 3 ¶ 11. On May 3, 2016, the court allowed Plaintiffs' motion. [DE-422].

The 30(b)(6) deposition proceeded on May 17, 2016; however, prior thereto, the government discovered documents potentially responsive to document requests of certain Defendants and "document requests that the ATF was in the process of negotiating with the Plaintiffs." [DE-424] at 2. Plaintiffs and the government agreed that the May 17 deposition would be left open so that, after Plaintiffs reviewed the document production, in the event they believed additional deposition testimony was necessary, the deposition would continue "in a reasonable amount of time, taking into consideration the time constraints imposed by the existing deadline." *Id.* at 2-3. Plaintiffs now seek an extension of time to continue the deposition prior to June 25, 2016. *Id.* at 1. Plaintiffs do not seek to extend the June 1 dispositive motions deadline or the trial setting for the August 29 term of court. *Id.* at 7. Defendants do not oppose the requested extension so long as the dispositive motions deadline and trial setting are extended. [DE-427] at 9. Plaintiffs would not agree to the extension of those deadlines but, in the spirit of compromise, did offer not to oppose any efforts on procedural grounds if Defendants chose to supplement their dispositive motions after the completion of the deposition. [DE-424] at 7.

## II. DISCUSSION

Rule 16 of the Federal Rules of Civil Procedure governs amendment of a scheduling order. "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P.

16(b)(4). The good cause provision of Rule 16(b)(4) does not focus on the prejudice to the non-movant or bad faith of the moving party, but rather on the moving party's diligence. *Dilmar Oil Co. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997), *aff'd*, 129 F.3d 116 (4th Cir. 1997); *see also Cook v. Howard*, 484 F. App'x 805, 815 (4th Cir. 2012) (unpublished) ("'Good cause' requires 'the party seeking relief [to] show that the deadlines cannot reasonably be met despite the party's diligence,' and whatever other factors are also considered, 'the good-cause standard will not be satisfied if the [district] court concludes that the party seeking relief (or that party's attorney) has not acted diligently in compliance with the schedule.'") (quoting 6A Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, *Federal Practice and Procedure Civ*. § 1522.2 (3d ed. 2010)). The party moving to modify a scheduling order bears the burden of demonstrating the existence of good cause. *United States v. Cochran,* No. 4:12-CV-220-FL, 2014 WL 347426, at *2 (E.D.N.C. Jan. 30, 2014) (unpublished) (citing *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008)).

The court finds no good cause to extend discovery a second time for the purpose of resuming the 30(b)(6) deposition. Plaintiffs seek permission to complete the deposition prior to June 25, but can offer only speculation that the deposition would occur "likely within 30 days," because it is contingent upon further production of documents by the government and Plaintiffs' subsequent review thereof. *See* [DE-424] at 2-4 (detailing the agreement between Plaintiffs and the government that the May 17 deposition would be left open so that, after Plaintiffs reviewed the document production, in the event they believed additional deposition testimony was necessary, the deposition would continue "in a reasonable amount of time, taking into consideration the time constraints imposed by the existing deadline."). Importantly, correspondence from counsel for the government dated May 15, 2016, indicates that "Plaintiffs *only recently* made us aware of an intention to request

3

documents," and that "to provide a full response to their request would not only take the familiar laborious authorization process, but would probably return a cache of potentially responsive documents akin to the well-publicized 'Fast and Furious' operation -- that production required 12 attorneys and 9 months[.]" *Id.*, Ex. A [DE-424-1] at 1 (emphasis added). This correspondence calls into question the diligence of Plaintiffs in pursuing this line of discovery, as well as the estimated time frame for completion of the deposition. Finally, allowing the motion would require extending the dispositive motions deadline and delaying the trial of this long-pending case. The court declines to adopt Plaintiffs' proposal to allow supplemental briefing, if necessary, after dispositive motions have been filed, which is inefficient and may delay resolution of the motions and trial of this matter.

### III. CONCLUSION

Accordingly, for the reasons stated herein, the motion is DENIED.

SO ORDERED, this the 31 day of May 2016.

Robert B. Jones, Jr.
United States Magistrate Judge