U.S. TOBACCO COOPERATIVE INC., )
U.S. FLUE-CURED TOBACCO GROWERS, )
INC., and BIG SOUTH DISTRIBUTION, )
LLC, )
                 Plaintiffs, )
)
v. )
)
BIG SOUTH WHOLESALE OF VIRGINIA, )
LLC, d/b/a BIG SKY INTERNATIONAL, )
BIG SOUTH WHOLESALE, LLC, )
UNIVERSAL SERVICES FIRST )     **PROPOSED ORDER**
CONSULTING, A/K/A UNIVERSAL )
SERVICES CONSULTING GROUP, )
JASON CARPENTER, CHRISTOPHER )
SMALL, EMORY STEPHEN DANIEL )
ALBERT M. JOHNSON, and other unnamed )
co-conspirators, )
                 Defendants, )
)
UNITED STATES OF AMERICA, )
)
                 Intervenor. )

This matter is before the court on the Motion to Seal [DE-453] filed by Defendants *Emory Stephen Daniel* ("Daniel") and *Universal Services First Consulting a/k/a Universal Services Consulting Group* ("Universal"). For the reasons set forth below, the Motion is **ALLOWED**.

Defendants Daniel and Universal seek to file under seal their Memorandum in Support of their Motion for Summary Judgment, along with their Memorandum in support of their Motion to Seal.

Counsel for Plaintiffs and all other Defendants consent to the Motion to Seal.

The Fourth Circuit has directed that, prior to sealing judicial records, a district court must first determine the source of the public's right to access the judicial records – the common law or the First Amendment. *Stone v. Univ. of Md.,* 855 F.2d 178, 180 (4th Cir. 1988). If the common law right of access to judicial records applies, there is a presumption of public access to judicial records, which can only be rebutted if countervailing interests outweigh the public's interest in access. *Rushford v. New Yorker Magazine, Inc.,* 846 F.2d 249, 253 (4th Cir. 1988). "Some of the factors to be weighed in the common law balancing test 'include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historic event; and whether the public already had access to the information contained in the records.'" *Virginia Dept. of State Police v. Washington Post,* 386 F.3d 567, 575 (4th Cir. 2004) [quoting *In re Knight Pub. Co.,* 743 F.2d 231, 235 (4th Cir. 1984)]. Where the First Amendment guarantees access to judicial records, such access may be denied only on the basis of a compelling governmental interest or other higher value, and only if the denial is narrowly tailored to serve that interest or value. See *Stone,* 855 F.2d at 180; see also *Haas v. Golding Transp., Inc.,* No. 1:09-CV-1016, 2010 WL 1257990, *7 n.4 (M.D.N.C. March 26, 2010) (substituting "higher value" for "governmental interest" in the context of a civil case involving nongovernmental litigants).

In weighing the competing interests between the presumption of access and the asserted reason for sealing, a court must comply with the procedure set forth by *In re Knight Publishing Company.* First, a court must give the public notice of a request to seal and a reasonable opportunity to challenge it. 743 F.2d at 235. Although individual notice is not necessary, a court must notify persons present in the courtroom of the request, or docket it "reasonably in advance of deciding the issue." *Id.* A court must consider less drastic alternatives to sealing, and if it decides to seal documents, it must "state the reasons for its decision to seal supported by specific

Page 2

findings, and the reasons for rejecting alternatives to sealing in order to provide an adequate record for review." *Id.*

With respect to the pending Motion to Seal, the procedural requirements of *In re Knight Publishing Company* have been satisfied. The Motion to Seal was filed on June 1, 2016. No third parties or members of the press have attempted to file an objection to the Motion to Seal. These Defendants' Memorandum suggests that only the common law right of access applies to the documents at issue in the pending Motion to Seal, and the Court has not located any authority to the contrary. For the reasons stated in the Court's November 12, 2013, Order [DE-56], the Court finds that the parties have demonstrated that there is a significant countervailing interest in support of sealing that outweighs the public's right in access to the documents. Specifically, the parties have shown that the documents, along with the Memorandum in Support of these Defendants' Motion for Summary Judgment and in support of the Motion to Seal, contain information that could subject certain individuals to physical harm and/or harassment. The Court again finds that these individuals' interest in their safety outweighs the public's interest in access to the relevant documents. See *Dish Network LLC v. Sonicview USA, Inc.,* No. 09-CV-1553 L (NLS), 2009 WL 2224596, at *7 (S.D. Cal. July 23, 2009) (finding that protecting the identities of individuals who had served as confidential informants, and thereby protecting them from being subjected to threats of physical harm, outweighed the presumption of access to court records). Additionally, the Court finds that sealing the Memoranda in Support of these Defendants' Motion for Summary Judgment and in support of the Motion to Seal are narrowly tailored to protect the individuals while also providing public access to most of the substance of the documents. The Court also finds that the Memoranda filed in Support of these Defendants' Motion for Summary Judgment and in support of the Motion to Seal cannot be redacted in any meaningful manner, and therefore they may be sealed in their entirety.

Accordingly, the Motion to Seal [DE-453] is **ALLOWED**. The Clerk of Court is **DIRECTED** to maintain the following documents under **SEAL**:

- Memorandum in Support of these Defendants' Motion for Summary Judgment [DE-451]; and

- Memorandum in Support of these Defendants' Motion to Seal [DE-455].

**SO ORDERED.**

This the 23rd day of June, 2016.

*James C. Fox*
The Honorable James C. Fox
Senior United States District Court Judge