| | |
|---|---|
| U.S. TOBACCO COOPERATIVE INC.; U.S. FLUE-CURED TOBACCO GROWERS, INC.; and BIG SOUTH DISTRIBUTION, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> BIG SOUTH WHOLESALE OF VIRGINIA, LLC d/b/a BIG SKY INTERNATIONAL; BIG SOUTH WHOLESALE, LLC; UNIVERSAL SERVICES FIRST CONSULTING A/K/A UNIVERSAL SERVICES CONSULTING GROUP; JASON CARPENTER; CHRISTOPHER SMALL; EMORY STEPHEN DANIEL; ALBERT JOHNSON, and other unnamed coconspirators, <br><br> Defendants. | BRIEF IN SUPPORT OF MOTION FOR LEAVE TO INTERVENE AND IN SUPPORT OF MOTION TO UNSEAL |

*People in an open society do not demand infallibility from their institutions, but it is difficult for them to accept what they are prohibited from observing.*

*Richmond Newspapers Inc. v. Virginia*, 448 U.S. 555 (1980) (Burger, C.J.). *See also*, *Craig v. Harney*, 331 U.S. 367, 374 (1947) ("A trial is a public event. What transpires in the court room is public property."). As Justice Holmes wrote while sitting on the Supreme Judicial Court of Massachusetts, "Every citizen should be able to satisfy himself with his own eyes as to the mode in which a public duty is performed." *Cowley v. Pulsifer*, 137 Mass. 392 (1884) (Holmes, J.)

"[W]hen the conduct of public officials is at issue, the public's interest in the operation of government adds weight in the balance toward allowing permission to copy judicial records." *United States v. Beckham*, 789 F.2d 401, 413 (6th Cir. 1986). *See also, Smith v. United States District Court for Southern District*, 956 F.2d 647, 650 (7th Cir. 1992) (appropriateness of making court files accessible is accentuated in cases where the government is a party).

Pending before the Court is the issue of the right of the public and of the press to exercise their constitutionally protected interest to inspect judicial records and attend judicial proceedings. The records and proceedings before the court in this matter are of heightened concern to the public because the United States is a party. Despite the importance of this case, almost the entire record is under seal.

I. <u>BACKGROUND AND PROCEEDINGS TO DATE</u>

It is difficult to discern *very* much about this case because the pleadings contain an unprecedented amount of redaction. Indeed, many of the pleadings on file contain page after page that are blacked out in their entirety. However, even what scant information appears on the public record discloses the significance of the case. Plaintiffs allege claims of fraud, conspiracy, breach of fiduciary duty, breach of contract, tortious interference and violations of the Racketeering Influenced and Corrupt Organizations provisions of the Organized Crime Control Act ("RICO"). [DE 1]

Plaintiffs filed their Complaint more than three years ago, on July 23, 2013. [DE 1] Two weeks later, defendants filed an emergency motion to seal. [DE 15] On

November 21, 2013, the Court entered an Order [DE 56] granting in part defendants' motion to seal, retroactively sealing certain documents but not others, and setting forth the protocol for sealing requests going forward.

Since the Court's November 21 Order, several things have happened. On April 23, 2014, the United States of America moved to intervene in the case for the "limited purpose and to grant a temporary six month stay of all discovery, including deposition testimony and demands to produce documents." [DE 144] This Court found that "At this juncture, the court finds that the Government's interest in keeping grand jury proceedings secret outweighs the public's interest in access to the documents, and the memorandum of law in support of the motion to intervene cannot be meaningfully redacted." [DE 161] Although the government's interest and involvement in this case appeared at first blush to be secondary or tangential, the docket belies something different. The United States of America has entered over two dozen filings in the case and seemingly has participated as a full party to the proceedings.

On July 20, 2016, plaintiffs filed a motion to unseal the record in this case. [DE 520] Defendants Big South Wholesale of Virginia, LLC d/b/a Big Sky International, Big South Wholesale, LLC, Jason Carpenter, and Christopher Small have opposed the motion [DE 552], but most notably, the United States of America has *not* opposed plaintiffs' motion to unseal.

This case -- which involves serious allegations of fraud and violations of the Racketeer Influenced and Corrupt Organizations Act and which seemingly involves

the U.S. government to a substantial degree – has survived a motion to dismiss and is nearing adjudication on the merits. On August 24, 2016, the Court conducted an evidentiary hearing, and the case will go to trial in October.

II. ARGUMENT

    A. Matthew Apuzzo Should Be Granted Limited Intervention As A Journalist Seeking Public Access To Documents

Matthew Apuzzo respectfully submits this brief in support of his motion to intervene for the limited purpose of supporting Plaintiffs' Motion to Unseal [DE 520] and seeking access to documents that have been filed with the court in this matter. Through this motion, Mr. Apuzzo seeks to intervene and be heard on the question of whether documents filed with the Court should be unsealed so the public can gain access to them.

Often it is said that the media stand in the shoes of the public. See *Pennsylvania State Univ. v. State Employees' Retirement Bd.*, 594 Pa. 244, 257, 935 A.2d 530, 537 (2007) ("When the media requests disclosure of public information from a Commonwealth agency pursuant to the RTKA, the requester then stands in the shoes of the general public, which has the right to know such information."). Even the United States Supreme Court has recognized that, "[b]eyond question, the role of the media is important; acting as the 'eyes and ears' of the public ... ." *Houchins v. KQED, Inc.*, 438 U.S. 1, 8, 98 S. Ct. 2588, 2593, 57 L. Ed. 2d 553 (1978).

Every circuit that has considered the issue has concluded that non-parties may intervene for the purpose of challenging confidentiality orders. In particular, the Fourth Circuit regularly has permitted news organizations to intervene and be

heard on issues related to access to court records and proceedings. *In re Washington Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986); *U.S. v. Moussaoui*, 65 Fed. Appx. 881, 2003 WL 21076836 (4th Cir. 2003); *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 252 (4th Cir. 1988) ("we granted The Washington Post's motion for leave to intervene" for purpose of seeking access to pleadings). *See also United States v. Cannon*, No. 3:14-CR-00087-FDW, 2015 WL 3751781, at *1 (W.D.N.C. June 16, 2015) ("Indeed, courts routinely acknowledge and approve of the media's right to intervene."); *United States v. Fretz*, No. 7:02-CR-67-1-F, 2012 WL 1655412, at *2 (E.D.N.C. May 10, 2012) ("At the outset, the court observes that it is well-settled that a motion to intervene is appropriate to assert the public's right of access to criminal proceedings."); *EEOC v. Nat'l Children's Ctr*, 146 F.3d 1042, 1045 (D.C. Cir. 1998); *Newby v. Enron*, 443 F.3d 416, 424 (5th Cir. 2006) ("Nonparties to a case routinely access documents and records under a protective order or under seal in a civil case through motions for permissive intervention under Rule 24(b)(2)."); *Davis v. East Baton Rouge Parish Sch. Bd.*, 78 F.3d 920, 926 (5th Cir. 1996) ("Several courts have held that news agencies have standing to challenge confidentiality orders in an effort to obtain information or access to judicial proceedings, although they are neither parties to the litigation nor restrained directly by the orders.") (citing the second, third, sixth, ninth, and tenth circuits); *Beckett v. Serpas*, No. 12-910 Section "N" (2), 2013 U.S. Dist. LEXIS 173407, at *7 (E.D. La. Dec. 11, 2013) (permitting a media company to intervene "regardless of whether its intervention is characterized 'as of right' or 'permissive'").

Intervention is particularly appropriate in cases in which the parties themselves will not adequately represent the public's interest. *Id.* at *11. While plaintiffs have made a motion in this case to unseal the court file, plaintiffs' interests are not identical to those of Movant. Mr. Apuzzo, through his work for *The Times*, seeks to report on this lawsuit and the underlying controversy. Monitoring and informing the public about the proceedings of our courts is a key component of his work, especially when the government is involved as a party. As our Supreme Court has recognized, "The operations of the courts ... are matters of utmost public concern ... ." *Landmark Commc'ns, Inc. v. Virginia*, 435 U.S. 829, 839, 98 S. Ct. 1535, 56 L. Ed.2d 1 (1978).

B. <u>Documents Filed With The Court Presumptively Are Public, Judicial Records</u>

The First Amendment to the United States Constitution and common law afford the public a presumptive right of access to judicial records and judicial proceedings. "[T]here is an ingoing presumption in favor of openness." *In re Charlotte Observer*, 882 F.2d 850, 853 (4th Cir. 1989). Any party seeking closure bears the "heavy burden of overcoming the presumption of open judicial records." *Pratt & Whitney Canada v. U.S.*, 14 Cl. Ct. 268, 275, 15 Rep. (BNA) 1033, 1037 (1988). The public has a "general right to inspect and copy public records and documents, including judicial records and documents . . . [based on] the citizen's desire to keep a watchful eye on the workings of public agencies." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597-98, 98 S. Ct. 1306, 1312, 55 L.Ed.2d 570 (1978).

A First Amendment right of access attaches to certain records, while a common law presumption attaches to all judicial records. *Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir.2004); *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir.1988); *In re Application of United States for an Order Pursuant to 18 U.S.C. Section 2703(d)*, 707 F.3d 283, 290 (4th Cir.2013). No fewer than eight decisions from the U.S. Court of Appeals for the Fourth Circuit have recognized a right of access to judicial records and proceedings.[1] The Fourth Circuit is in line with numerous other federal circuits, which have recognized a common law and constitutional right of access to judicial records and proceedings.[2]

---

[1] *Stone v. Univ. of Maryland Medical Sys. Corp.*, 948 F.2d 128 (4th Cir. 1991); *In re Search Warrant*, 923 F.2d 324, 326 (4th Cir.), *cert. denied, Hughes v. Washington Post Co.*, 500 U.S. 944 (1991); *In re Charlotte Observer*, 882 F.2d 850 (4th Cir. 1989); *Rushford v. The New Yorker Magazine, Inc.*, 846 F.2d 249 (4th Cir. 1988); *In re Washington Post*, 807 F.2d 383 (4th Cir. 1986); *In re Knight Pub. Co.*, 743 F.2d 231 (4th Cir. 1984); *Under Seal v. Under Seal*, 22 Media L. Rep. (BNA) 1922, 1923 (unreported 4th Cir. 1994); *In re Landmark Communications*, 12 Media L. Rep. (BNA) 1340 (unpublished 4th Cir. 1985).

[2] *Grove Fresh Distributors, Inc. v. Everfresh Juice Co.*, 24 F.3d 893 (7th Cir. 1994) ("[T]he right of the press to obtain timely access to judicial decisions and the documents which comprise the bases of those decisions is essential."); *Stone v. Univ. of Maryland Medical Sys. Corp.*, 948 F.2d 128 (4th Cir. 1991); *EEOC v. Westinghouse Elec. Corp.*, 917 F.2d 124 (3rd Cir. 1990); *Davis v. Reynolds*, 890 F.2d 1105 (10th Cir. 1989); *Anderson v. Cryovac*, 805 F.2d 1 (1st Cir. 1986); *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165 (6th Cir. 1983), *cert. denied*, 465 U.S. 1100 (1984); *Joy v. North*, 692 F.2d 880 (2d Cir. 1982), *cert. denied Citytrust v. Joy*, 460 US 1052 (1983), *and cert. denied Baldwin v. Joy*, 460 US 1051 (1983) (bank's litigation committee report "is no longer a private document. It is part of a court record."); *U.S. v. Criden*, 648 F.2d 814 (3rd Cir. 1981); *Bigelow v. District of Columbia*, 15 Media L. Rep. (BNA) 2143 (D.D.C. 1988) ("It is generally recognized that the public has a common law right to inspect and copy judicial records.").

In *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165 (6th Cir. 1983), *cert. denied*, 465 U.S. 1100 (1984), the Court noted that openness principles apply in civil as well as criminal proceedings. The Court wrote:

> The resolution of private disputes frequently involves issues and remedies affecting third parties or the general public. The community catharsis, which can only occur if the public can watch and participate, is also necessary in civil cases. *Civil cases frequently involve issues crucial to the public -- for example, discrimination,* voting rights, antitrust issues, government regulation, bankruptcy, etc.

*Id.* at 1179 (emphasis supplied).

Absent a truly extraordinary situation, the public has a right to see documents filed with the court. *Rushford v. The New Yorker Magazine, Inc.*, 846 F.2d 249 (4th Cir. 1988). In *Stone v. University of Maryland Medical System Corp.*, 948 F.2d 128 (4th Cir. 1989), the Fourth Circuit considered the *Baltimore Sun*'s request for access to hospital peer review committee records that were attached as exhibits to defendants' motion for summary judgment. Maryland law protects peer reviews as confidential. However, the court adopted the reasoning of the Maryland Court of Appeals that "nothing in the statute [providing confidentiality] even remotely suggests that once the committee records are properly subjected to pretrial discovery, and may be admitted in evidence in the course of the civil action, that somehow, except as between the parties in the civil action, they remain insulated from public disclosure for all other purposes." *Id.* at 130-31. The court therefore reversed the trial court and ordered the documents unsealed.

Defendants' response makes much of the fact that the plaintiffs joined or consented to filing much of the docket under seal, but it is irrelevant whether

parties in a case jointly agree to confidentiality. As the Middle District found in *Cochran v. Volvo Grp. N. Am., LLC*, 1:11-CV-927, 2013 WL 784502 (M.D.N.C. Mar. 1, 2013), it is immaterial that "the materials were produced during discovery pursuant to a protective order that required the materials to be held in confidence. [ ] [T]he parties cannot by agreement overcome the public's right of access to judicial records." *Id.* "[A] *court* must find that there is a 'significant countervailing interest' in support of sealing that outweighs the public's interest in openness." *In re Application*, 707 F.3d at 293 (quoting *Under Seal v. Under Seal*, 326 F.3d 479, 486 (4th Cir.2003))(emphasis supplied).

Likewise, this case presents compelling circumstances for vacatur of the existing sealing orders and refusal to enter any further secrecy orders. The mere identity of the named litigants, which includes the United States of America, illustrates that the allegations at issue reach far beyond a private dispute between private parties. In addition to the issues alleged by the plaintiffs, this lawsuit implicates issues that have been the focus of governmental scrutiny. The United States' Bureau of Alcohol, Tobacco, Firearms and Explosives is responsible for, among other things, the investigation and prevention of federal offenses involving tobacco products. The United States moved to intervene in this lawsuit and thereby converted this case from purely private litigation to quasi-private/quasi-governmental proceedings. There is legitimate public concern and interest in knowing why the government sought to become involved in this case as a litigant as

well as gaining an understanding of both government operations and the activities of the private parties to the case.

Earlier in this litigation, the Court found that the Big Sky defendants "proffered evidence tending to show that certain information contained [in] the Complaint could subject certain individuals to physical harm and/or harassment." Order [DE 56] With regard to arguments made by the government, the Court found, "*At this juncture*, the court finds that the Government's interest in keeping grand jury proceedings secret outweighs the public's interest in access to the documents, and the memorandum of law in support of the motion to intervene cannot be meaningfully redacted." [DE 161] (emphasis supplied).

In light of the passage of three years, Movant respectfully urges the Court to reconsider whether there is an *ongoing* need for confidentiality in the sealed records. Because so much has been redacted from the record, Movant is handicapped in addressing the specific information that can now be released, but surely the passage of time has dissipated the need for secrecy. In other words, any one of various possibilities could have obviated the need for secrecy at this point.

The United States has not even *responded* to plaintiffs' motion to unseal. The Court surely can infer from that silence that the government no longer has a need to maintain the seal on the filings in this case. Moreover, to the extent the information has been shared among all the parties, the Court should make a close inquiry into whether the interests originally articulated have been protected or waived.

10
Case 5:13-cv-00527-BO   Document 601   Filed 09/01/16   Page 10 of 17

If the grand jury proceedings have concluded, they no longer justify secrecy. If the grand jury proceedings are ongoing, the incantation of "grand jury" still does not operate as a talisman that makes all information vanish from public view. Rather, Rule 6(e) of the Federal Rules of Criminal Procedure prohibits the Government from disclosing "a matter occurring before the grand jury." FED. R. CRIM. P. 6(e). "Rule 6(e) does not prohibit disclosure of materials that do not reveal the inner workings of a grand jury." *S.R. Mercantile Corp. v. Maloney*, 909 F.2d 79, 83 (2d Cir. 1990). Put differently, the provision captures material only when its "disclosure would tend to reveal some secret aspect of the grand jury's investigation." *See John Doe Corp. v. John Doe Agency*, 850 F.2d 105, 109 (2d Cir. 1988) *rev'd on other grounds*, 493 U.S. 146 (1989) (citing Senate of the Com. of Puerto Rico v. Dep't of Justice ("SCPR"), 823 F.2d 574, 582 (D.C. Cir. 1987)). "Rule 6(e) does not require 'that a veil of secrecy be drawn over all matters occurring in the world that happens to be investigated by a grand jury.'" *United States v. Skelos*, 15 Cr. 317 (KMW), 2015 U.S. Dist. LEXIS 142485, at *26 (S.D.N.Y. Oct. 20, 2015) (citing *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1382 (D.C. Cir. 1980) (en banc)). Therefore, even if grand jury proceedings once legitimately necessitated the sealing of information in this case, it is appropriate to reconsider those needs *at this time*.

Movant urges the Court not to accept automatically the defendants' and United States' characterizations with regard to the need for confidentiality. In two cases involving issues of *national security*, the Fourth Circuit found a middle

ground that accommodated both the need for security and the interest in public access. *In re Washington Post Co.,* 807 F.2d 383 (1986); *U.S. v. Moussaoui,* 65 Fed. Appx. 881, 2003 WL 21076836 (4th Cir. 2003).

*In re Washington Post* involved the prosecution of Michael A. Soussoudis, a Ghanaian national, on eight counts of espionage. *The Washington Post* learned of secret proceedings, moved to intervene and objected to the secrecy. Owing to national security risks, the government argued that traditional procedures required to seal documents or close court proceedings were not applicable in the case and that the court should defer to the security determinations reached by the federal agencies. The Fourth Circuit found that argument lacking. In addition to finding the trial court's procedures lacking, the Fourth Circuit also found the substantive rulings erroneous, including a finding that "the court may not base its decision on conclusory assertions alone, but must make specific factual findings." *Id.*

Several years later the Fourth Circuit had the opportunity to re-address the interplay between the Classified Information Procedures Act ("CIPA") and traditional principles applicable to sealing court records or closing court proceedings. *U.S. v. Moussaoui,* 65 Fed. Appx. 881, 884, 2003 WL 21076836, 1 (4th Cir. 2003). At issue in *Moussaoui* were the requests made by a host of media organizations for access to documents related to defendant Moussaoui's request to depose captured Al Qaeda operatives. The court granted Moussaoui the right to depose one of the operatives, and the United States government appealed that ruling. The pleadings and motions related to the appeal were filed under seal, and

the oral arguments were scheduled to take place in closed session, as well. *Id.* at 885. When media challenged the closure, the Fourth Circuit refused to keep the oral argument and pleadings completely under seal:

> CIPA alone cannot justify the sealing of oral argument and pleadings. *See In re Wash. Post Co.,* 807 F.2d 383, 393 (4th Cir.1986) (noting that the district court must conduct constitutional inquiry even when CIPA applies because "[t]he district court may not simply assume that Congress has struck the correct constitutional balance"); *United States v. Poindexter,* 732 F. Supp. 165, 167 n. 9 (D.D.C.1990) (observing that "CIPA obviously cannot override a constitutional right of access"). Indeed, even in the absence of CIPA, the mere assertion of national security concerns by the Government is not sufficient reason to close a hearing or deny access to documents. Rather, we must independently determine whether, and to what extent, the proceedings and documents must be kept under seal.

Id. at 886-87, 2003 WL 21076836, at 3.

The lesson from these Fourth Circuit cases is that courts must carefully scrutinize the interests asserted in service of secrecy and must independently determine if they are legitimate. Likewise, legitimate needs for secrecy must be served in narrow, tailored ways rather than through broad stroke redactions and sealings.

This case is not a private arbitration proceeding in which parties can settle their disputes outside the public eye, and there simply is no compelling interest served by confidentiality in this case. Quite to the contrary, the public has significant, legitimate interest in the proceedings before this public court. To permit the majority of filings in this case to remain sealed stands on its head the principle that although closure sometimes is permitted, "[s]uch circumstances will

be rare, however, and the balance of interests must be struck with special care." *Waller v. Georgia*, 467 U.S. 39, 45, 104 S. Ct. 2210, 2215, 81 L. Ed. 2d 31 (1984).

## CONCLUSION

The United States has not even responded to plaintiffs' motion to unseal, and the Court therefore can deduce that the government's need for secrecy has passed. Otherwise, surely they would have responded and reiterated their ongoing security concerns. The private party defendants have responded, but their response is rote and does not articulate any specific, current need for confidentiality. The trial of this case is imminent, with dispositive motions likely to be filed in the very near term.

Our courts are public institutions, whose operations must be open and transparent in all but the most extraordinary of cases. "Only the most compelling reasons justify non-disclosure," *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983). As the Fourth Circuit has found on at least two occasions, even the most difficult cases involving matters of intense national significance can give way to a certain amount of public access and scrutiny. Movant urges this Court to grant plaintiffs' Motion to Unseal and to order that all future filings will be made publicly unless the Court determines upon an appropriate factual showing that sealing is warranted under the high standard set by the First Amendment and at common law, and that all future hearings in this matter will occur in open court.

Respectfully submitted this the 1st day of September, 2016.

/s/ C. Amanda Martin
C. Amanda Martin
N.C. State Bar No. 21186
STEVENS MARTIN VAUGHN & TADYCH, PLLC
1101 Haynes Street, Suite 100
Raleigh, NC 27604
Telephone: 919-582-2300
Facsimile: 866-593-7695
Email: amartin@smvt.com

# CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of September, I electronically filed the foregoing Brief in Support of Motion for Leave to Intervene and In Support of Motion to Unseal with the Clerk of Court using the CM/ECF system addressed to the following counsel:

Thomas A. Farr
Michael Douglas McKnight
Kimberly Joyce Lehman
4208 Six Forks Road, Suite 11 00
Raleigh, NC 27609
thomas.farr@ogletreedeakins.com
michael.mcknight@ogletreedeakins.com
kimberly.lehman@ogletreedeakins.com

L. Gray Geddie
The Ogletree Building
300 North Main Street, Suite 500
Greenville, SC 29601
gray. geddie@ogletreedeakins.com

Amy M. Pocklington
Tevis Marshall
Riverfront Plaza-West Tower
901 East Byrd Street, Suite 1300
Richmond, VA 23219
amy.pocklington@ogletreedeakins.com
tevis.marshall@ogletreedeakins.com

Kathryn H. Ruemmler
Allen M. Gardner
Kevin A. Chambers
Brian A. Lichter
Latham & Watkins LLP
555 11th St., NW, Suite 1000
Washington, DC 20004
kathryn.ruemmler@lw.com
allen.gardner@lw.com
kevin.chambers@lw.com
brian.lichter@lw.com

Gavin B. Parsons, Esquire
Troutman Sanders LLP
P.O. Box 1389
Raleigh, NC 27602-1389
gavin.parsons@troutmansanders.com

Gary S. Parsons, Esquire
W. Michael Dowling
Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P.
1600 Wells Fargo Capitol Center
150 Fayetteville Street
Raleigh, North Carolina 27601
gparsons@brookspierce.com
mdowling@brookspierce.com

Alan D Mathis, Esquire
Butler Snow LLP
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203
Alan.mathis@butlersnow.com

W. Sidney Aldridge, Esquire
Nicholls & Crampton, P.A.
3700 Glenwood Ave., Suite 500
P.O. Box 18237
Raleigh, NC 27612
wsaldridge@nichollscrampton.com

Elliot S. Abrams
Cheshire Parker Schneider & Bryan, PLLC
133 Fayetteville Street, Suite 500 (27601)
P.O. Box 1029
Raleigh, NC 27602
elliot.abrams@chesirepark.com

Wynne P. Kelly, Esquire
Special Attorney to the Attorney General
Assistant United States Attorney for the District of Columbia
555 4th Street N.W.
Washington, D.C. 20530
wynne.kelly@usdoj.gov

Christopher T. Graebe, Esquire
Graebe Hanna & Sullivan, PLLC
4350 Lassiter at North Hills Avenue, Suite 375
Raleigh, NC 27609
cgraebe@ghslawfirm.com

This 1st day of September, 2016.

/s/ C. Amanda Martin
C. Amanda Martin
NC State Bar No. 21186
STEVENS MARTIN VAUGHN & TADYCH, PLLC
1101 Haynes Street, Suite 100
Raleigh, NC 27604
Phone: 919-582-2300
Facsimile: 866-593-7695
Email: amartin@smvt.com