IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Civil Action No. 13-00527-F

| | |
|---|---|
| U.S. TOBACCO COOPERATIVE INC., U.S. FLUE-CURED TOBACCO GROWERS, INC., and BIG SOUTH DISTRIBUTION, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> BIG SOUTH WHOLESALE OF VIRGINIA, LLC, d/b/a BIG SKY INTERNATIONAL, BIG SOUTH WHOLESALE, LLC, UNIVERSAL SERVICES FIRST CONSULTING, A/K/A UNIVERSAL SERVICES CONSULTING GROUP, JASON CARPENTER, CHRISTOPHER SMALL, EMORY STEPHEN DANIEL, and other unnamed co-conspirators, <br><br> Defendants, <br><br> UNITED STATES OF AMERICA, <br><br> Intervenor. | **MEMORANDUM IN SUPPORT OF UNITED STATES OF AMERICA'S MOTION TO FILE UNDER SEAL ITS RESPONSE TO MATTHEW APUZZO'S MOTION TO INTERVENE AND TO UNSEAL THE RECORD IN THIS CASE** <br><br> **FILED UNDER SEAL** |

The United States of America, by and through undersigned counsel, respectfully files this memorandum in support of its motion for leave to file its response to Matthew Apuzzo's motion to intervene and unseal the record in this case under seal pursuant to Rule 5.2(d) of the Federal Rules of Civil Procedure, Local Civil Rule 79.2, Paragraphs 3 through 7 and 11 of the Sealed Amendment to the Protective Order, and Section T of the CM/ECF Policy Manual. All parties have consented to the relief requested. The compelling Government interest here is twofold: (1) sealing is necessary to protect the identity and safety of a confidential informant and cooperating witness; and (2) the Sealed Amendment to the Protective Order mandates that this information be

filed under seal – the Government's failure to file under seal would subject it to potential contempt of Court. Further, the Government has provided a redacted copy to provide the public with the information it can while protecting the safety of certain individuals and the integrity of law enforcement investigations. The Court should grant the motion.

## Factual Summary

Mr. Apuzzo's motion to intervene and unseal the record would cause the public outing of a confidential informant (Jason Carpenter), and a cooperating witness (Christopher Small) for various Government agencies, particularly the Bureau of Alcohol, Tobacco, Firearms & Explosives ("ATF"). The Government's response to Mr. Apuzzo's motion confirms Messrs. Carpenter's and Small's participation in undercover law enforcement activities which information could endanger their safety. As the Government has noted in prior motions, over the course of several years, Carpenter and Small interacted with dozens of targets of criminal investigations. (Decl. of Supervisory Special Agent Ryan Kaye ¶ 7.) Carpenter's and Small's cooperation was integral to the prosecution of over 100 criminal defendants and the forfeiture of tens of millions of dollars. (*Id.*) While many of the investigations supported by Carpenter and Small targeted white-collar frauds with no history of violent crime, a small but significant group of targets have violent criminal histories, are members of domestic and/or international organized criminal groups, or have ties to corrupt political figures overseas. (*Id.* ¶ 8.)

Further, Paragraph 11 of the Sealed Amendment to the Protective Order, entered by the Court on August 26, 2015, specifically contemplates these matters' filing under seal, instructing in relevant part:

> Except as otherwise provided in this paragraph, and in accordance with Paragraph 1 of this Order, the fact that Mr. Carpenter or Mr. Small have been or presently are serving as confidential informants or cooperating witnesses in connection with ATF investigations and/or operations shall be treated as "Highly Confidential,"

unless otherwise agreed to by the parties or ordered by the Court. As the parties have done in the past, any reference to Mr. Carpenter or Mr. Small's cooperation and/or involvement with federal law enforcement agencies, including without limitation the ATF, shall continue to be sealed and/or redacted from public filings in this case unless otherwise agreed to by the parties or ordered by the Court.

(Sealed Am. to the Prot. Order ¶ 11.)

## Argument

"The Fourth Circuit has directed that before sealing publicly filed documents the court must determine if the source of the public's right to access the documents is derived from the common law or the First Amendment." *Jackson-Heard v. Elizabeth City State Univ.*, No. 2:12-CV-8-BO, 2013 U.S. Dist. LEXIS 21321, at *1 (E.D.N.C. Feb. 11, 2013) (unpublished) (citing *Stone v. Univ. of Md.*, 855 F.2d 178, 180 (4th Cir. 1988)). "The common law presumption in favor of access attaches to all judicial records and documents, whereas First Amendment protection is extended to only certain judicial records and documents, for example, those filed in connection with a summary judgment motion." Id. at *2.

> The presumption of access under the common law is not absolute and its scope is a matter left to the discretion of the district court. The presumption can be rebutted if countervailing interests heavily outweigh the public interests in access, and [t]he party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption. Some of the factors to be weighed in the common law balancing test include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records.

*Jackson-Heard*, 2013 U.S. Dist. LEXIS 21321, at *2-3 (internal quotations and citations omitted).

"While the presumption of access under the common law is not absolute and its scope is a matter left to the discretion of the district court, when the First Amendment provides a right of access, a district court may restrict access only on the basis of a compelling governmental

interest, and only if the denial is narrowly tailored to serve that interest." *LoneSource, Inc. v. United Stationers Supply Co.*, No. 5:11-CV-33-D, 2013 U.S. Dist. LEXIS 97044, at *2 (E.D.N.C. July 11, 2013) (unpublished) (citing *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004)) (internal quotation marks omitted). "The burden of establishing the showing necessary to overcome a First Amendment right of access falls upon the party seeking to keep the information sealed." *Id.* "Specific reasons must be presented to justify restricting access to the information." *Id.* at *2-3; *see also Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 15 (1986) ("The First Amendment right of access cannot be overcome by [a] conclusory assertion").

Here, the Government's unredacted response to Mr. Apuzzo's motion should be sealed for two reasons. *First*, the Government's filing contains information that confirms the identity of a confidential informant for a federal law enforcement agency, ATF. *See, e.g.*, *Alexander v. City of Greensboro*, Civ. Nos. 09-293, 09-934, 2013 WL 6687248, at *4-*5 (M.D.N.C. Dec. 12, 2013) (finding compelling government interest in protecting the personnel records related to criminal investigations and the identities of public informants). *Second*, the Sealed Amendment to the Protective Order directly contemplates that this information should remain under seal. Failure by the Government to file this information under seal would violate the Court's order and subject it to contempt of Court. For either of these non-conclusory, compelling interests, the Government's opposition should be filed under seal.

## CONCLUSION

WHEREFORE, the Government respectfully moves the Court for an Order granting the following relief:

1. That this memorandum supporting the Motion to Seal be filed and maintained under seal; and

2. That the unredacted Government's response to Mr. Apuzzo's motion to compel be filed and maintained under seal.

On this the 12th day of September, 2016.

Respectfully submitted,

LORETTA E. LYNCH
Attorney General of the United States

CHANNING D. PHILLIPS, D.C. Bar #415793
United States Attorney for the District of Columbia

DANIEL F. VAN HORN, D.C. Bar #924092
Chief, Civil Division
Assistant United States Attorney for the District of Columbia

By: /s/
WYNNE P. KELLY
Special Attorney to the Attorney General
Assistant United States Attorney for the District of Columbia
555 4th Street, NW
Washington, DC 20530
Tel: (202) 252-2545
Fax: (202) 252-2599
wynne.kelly@usdoj.gov

*Attorneys for the United States of America*

## CERTIFICATE OF SERVICE

I, Wynne P. Kelly, hereby certify that I have this day electronically filed the foregoing with the Clerk of Court using CM/ECF, which will send notification of such filing to the following:

>Thomas A. Farr (N.C. Bar No. 10871)
>Michael Douglas McKnight (N.C. Bar No. 36932)
>Kimberly Joyce Lehman (N.C. Bar No. 43001)
>4208 Six Forks Road, Suite 1100
>Raleigh, NC 27609
>Telephone: 919.787.9700
>Facsimile: 919.783.9412
>thomas.farr@odnss.com
>michael.mcknight@odnss.com
>kimberly.lehman@odnss.com
>
>Amy M. Pocklington (Virginia Bar. No. 45233)
>Tevis Marshall (Virginia Bar No. 68401)
>Riverfront Plaza—West Tower
>901 East Byrd Street, Suite 1300
>Richmond, VA 23219
>Telephone: 804-663-2333
>Facsimile: 804-225-8641
>amy.pocklington@odnss.com
>tevis.marshall@odnss.com
>
>and
>
>Kathryn H. Ruemmler
>Allen Gardner
>Kevin Chambers
>Brian Lichter
>Latham & Watkins LLP
>555 Eleventh Street, NW, Suite 1000
>Washington, DC 20004-1304
>Telephone: 202-637-2179
>kathryn.ruemmler@lw.com
>allen.gardner@lw.com
>kevin.chambers@lw.com
>brian.lichter@lw.com
>
>*Attorneys for Plaintiffs*

Gary S. Parsons, Esquire
Gavin B. Parsons, Esquire
Troutman Sanders LLP
P.O. Box 1389
Raleigh, NC 27602-1389
Telephone: 919.835.4100
Facsimile: 919.835.4101
gary.parsons@troutmansanders.com
gavin.parsons@troutmansanders.com

and

Alan D Mathis, Esquire
Butler Snow LLP
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203
Alan.mathis@butlersnow.com

> *Attorneys for Big South Wholesale of VA, LLC d/b/a Big Sky International, Big South Wholesale, LLC, Jason Carpenter, Christopher Small*

W. Sidney Aldridge, Esquire
Nicholls & Crampton, P.A.
3700 Glenwood Ave., Suite 500
P.O. Box 18237
Raleigh, NC 27612
Telephone: 919.781.1311
Facsimile: 919.782.0465
wsaldridge@nichollscrampton.com

> *Attorneys for Universal Services First Consulting a/k/a Universal Services Consulting Group, Emory Stephen Daniel*

Christopher T. Graebe, Esquire
Graebe Hanna & Sullivan, PLLC
4350 Lassiter at North Hills Avenue, Suite 375
Raleigh, NC 27609
Telephone: 919-863-9092
Facsimile: 919-863-9095
cgraebe@ghslawfirm.com

> *Attorney for Albert M. Johnson*