IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:13-CV-00527-F

| | | |
|---|---|---|
| U.S. TOBACCO COOPERATIVE INC., U.S. FLUE-CURED TOBACCO GROWERS, INC., and BIG SOUTH DISTRIBUTION, LLC, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| BIG SOUTH WHOLESALE OF VIRGINIA, LLC, d/b/a BIG SKY INTERNATIONAL, BIG SOUTH WHOLESALE, LLC, UNIVERSAL SERVICES FIRST CONSULTING, a/k/a UNIVERSAL SERVICES CONSULTING GROUP, JASON CARPENTER, CHRISTOPHER SMALL, EMORY STEPHEN DANIEL, and ALBERT M. JOHNSON, | ) ) ) ) ) ) ) ) ) ) ) | DEFENDANTS BIG SOUTH WHOLESALE OF VIRGINIA, LLC, D/B/A BIG SKY INTERNATIONAL, BIG SOUTH WHOLESALE, LLC, JASON CARPENTER, & CHRISTOPHER SMALL'S RESPONSE IN OPPOSITION TO MOTION FOR LEAVE TO INTERVENE |
| Defendants, | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Intervenor. | ) ) | |

## NATURE OF THE CASE

Plaintiffs commenced this action on July 23, 2013, alleging Federal RICO and state law claims. [DE 1]. This cause is before the Court on Matthew Apuzzo's Motion for Leave to Intervene. [DE 599].

## STATEMENT OF FACTS

Plaintiffs' original Complaint was not filed under seal. [DE 1]. On August 8, 2013, Big South Wholesale of Virginia, LLC, d/b/a Big Sky International ("Big Sky"), Big South Wholesale,

LLC ("BSW"), Mr. Carpenter, and Mr. Small filed an Emergency Motion to Seal the Complaint, pursuant to Fed. R. Civ. P. 26(c) and Local Rule 79.2.[1] [DE 15]. Plaintiffs vigorously opposed that motion. [DE 21, 33, 34]. The Court held a hearing on the Emergency Motion to Seal the Complaint on November 19, 2013. [DE 55].

On November 21, 2013, the Court granted the Big Sky Defendants' motion to seal in principal part. [DE 56]. It held that:

> The common law presumption of access may be overcome if "there is 'a significant countervailing interest" in support of sealing that outweighs the public's interest in openness. The court finds that the [Big] Sky Defendants have met their burden here. Specifically, the [Big] Sky Defendants have proffered evidence tending to show that certain information contained [in] the Complaint could subject certain individuals to physical harm and/or harassment. <u>The court finds that these individual's interest in their safety outweighs the public's interest in access to the Complaint and the materials submitted with the Motion to Seal</u>.

[DE 56 at 6]. (Emphasis added) (Citations omitted).

The Court sealed the original Complaint and all responsive pleadings to it, as well as Plaintiffs' proposed Amended Complaint. [*Id.* at 10-11]. It directed Plaintiffs to file, within two weeks, publicly-available redacted copies of the original Complaint and the Amended Complaint. [*Id.* at 11].

Concerning future filings, the Court stated:

> The [Big] Sky Defendants also request that this court order that any future filings in this case containing certain confidential information be sealed or redacted. The court expressed its preference at the hearing to be able to do just that. … [I]f the parties believe that certain information in future filings should not be publicly available, the parties must file a motion to seal in accordance with the applicable Local Rules and the CM/ECF Policy Manual. …

[*Id.* at 9].

---

[1] Big Sky, BSW, Mr. Carpenter and Mr. Small are hereinafter collectively referred to "the Big Sky Defendants."

For the following three years, the parties have done as the Court instructed. Every filing to be sealed or redacted has been accompanied by a motion to seal posted on the public docket. The Court has repeatedly held that the information sealed from public view in this action "could subject certain individuals to physical harm and/or harassment." [DE 56 at 6; DE 81, 107, 134, 142, 161, 211, 224, 258, 259, 260, 273, 297, 298, 319, 320, 340, 342, 354, 358, 359, 375, 376, 386, 416, 423, 485, 513, 516, 517, 519, 527, 528].

This same concern was the basis for Defendants' Motion to Seal Courtroom During August 24, 2016 Evidentiary Hearing. [DE 565, 566]. The parties agreed that the public's right of access to that hearing was governed by the First Amendment. [DE 566, 574, 589]. Over Plaintiffs' opposition, the Court on August 23, 2016 found that the Big Sky Defendants had presented a compelling governmental interest sufficient to overcome the public's First Amendment right of access. [DE 589].

More than three years have passed since the first of many motions to seal was filed in this case. At no point during that period has any member of the press or public sought access to any of the sealed or redacted filings or proceedings prior to Mr. Apuzzo's Motion for Leave to Intervene. [DE 599]. Mr. Apuzzo seeks to intervene for the limited purpose of supporting Plaintiff's Motion to Unseal the Record and Modify the Sealed Amendment to the Protective Order [DE 520]. Plaintiffs' Motion to Unseal was filed on July 20, 2016, and Defendants filed a timely opposition to the motion on August 15, 2016 [DE 553]. Plaintiffs did not file a reply.

### ARGUMENT

#### I. THE MOTION FOR LEAVE TO INTERVENE SHOULD BE DENIED.

Intervention is governed by Federal Rule of Civil Procedure 24. Mr. Apuzzo has not asserted any grounds for intervention of right under Rule 24(a). Accordingly, Mr.

Apuzzo's Motion for Leave to Intervene is properly analyzed under the permissive intervention provisions of Rule 24(b). *See* 8A *Fed. Prac. & Proc.* § 2044.1 (3d ed. Apr. 2016 update) (discussing permissive intervention under Rule 24(b) as a proper mechanism for seeking access to court records or proceedings). The decision whether to allow permissive intervention is left to the Court's discretion. *See e.g.*, *Francis v. Chamber of Commerce*, 481 F.2d 192, 194-95 (4th Cir. 1973); *Moore's Fed. Prac. Civil* § 24.10 (Matthew Bender 3d ed.) ("The district court possesses broad discretion in determining whether to grant permissive intervention and will rarely be reversed on appeal.") (Citing decisions from the U.S. Court of Appeals for the Second, Sixth, Seventh, Eighth, Ninth, and Tenth Circuits).

Here, Mr. Apuzzo's request to intervene would not aid the Court's analysis of Plaintiffs' Motion to Unseal. His interests are adequately represented by Plaintiffs. His motion is untimely, and his intervention could cause undue delay and prejudice to the Big Sky Defendants.

### a. Permitting Intervention Would Not Lead to a More Complete Presentation of the Legal Issues to be Decided.

Mr. Apuzzo does not know, and should not be informed of, the specific interests that have been the bases for the Court's multiple sealing orders in this case and that are also the basis of Defendants' Opposition to Plaintiffs' Motion to Unseal. Accordingly, his arguments on the subject are based only on general statements of law and speculation about what interests may be at stake. Plaintiffs, on the other hand, have had full access to the sealed material in this case and have had a full opportunity to attempt to support their Motion to Unseal. Mr. Apuzzo's submission would not lead to a more complete presentation of the legal issue to be decided by the Court. His Motion for Leave to

Intervene should be denied. *See Moore's Fed. Prac. Civil* § 24.10(2)(b) ("In deciding on a motion for permissive intervention, a court will consider whether the movant's input is likely to make a significant and useful contribution to the development of the underlying factual and legal issues or, alternatively, is likely to be counterproductive.")

### b. Plaintiffs Adequately Represent the Interests Asserted by Mr. Apuzzo.

Plaintiffs are seeking to relitigate issues that were decided by this Court as long as three years ago, and have moved to unseal all records and proceedings in this case. [DE 520]. Mr. Apuzzo claims that Plaintiffs' interests are not identical to his own, but the result Plaintiffs are seeking is perfectly aligned with Mr. Apuzzo's request. Indeed, his request for limited intervention is for the <u>sole</u> purpose of seeking to support Plaintiffs' Motion to Unseal. [DE 599].

No less than ten attorneys have appeared of record in this case on Plaintiffs' behalf. Plaintiffs' attorneys have no doubt scoured the record and the law for every bit of support for their Motion to Unseal, and have already presented that to the Court for consideration. [DE 522]. Moreover, Plaintiffs have fully asserted the public's right of access to court records and proceedings. [*Id.*]

Because Mr. Apuzzo's interests are adequately represented by Plaintiffs, his Motion for Leave to Intervene should be denied. *See Moore's Fed. Prac. Civil* § 24.10(2)(c) ("In addition to being a mandatory factor for intervention as of right under Rule 24(a)(2), careful consideration of the relative adequacy of representation of a movant's interest by existing parties is used as a discretionary factor when deciding a request for permissive intervention under Rule 24(b). . . . Courts are understandably reluctant to grant permissive intervention to a movant when interests are already fully represented by one of the existing parties.").

### c. Mr. Apuzzo's Motion is Untimely and his Intervention Would Prejudice the Big Sky Defendants.

Plaintiffs' Motion to Unseal was filed on July 20, 2016. [DE 520]. Defendants' Opposition was filed on August 15, 2016. [DE 553]. Plaintiffs did not file a reply, and briefing under the Local Rules has closed. Local Civil Rule 7.1. Permitting Mr. Apuzzo to intervene would unnecessarily prolong the adjudication of the issues presented in Plaintiff's Motion to Unseal. Those issues were originally presented to and decided by this Court three years ago. They have continued to be presented with each of the many motions to seal filed in this case, including the Big Sky Defendants' recent motion to seal the August 24, 2016 evidentiary hearing which the Court granted. [DE 589]. Plaintiffs' Motion to Unseal has already caused the Big Sky Defendants to expend resources needlessly relitigating issues already decided by the Court. Allowing Mr. Apuzzo to intervene for the purpose of supporting Plaintiffs' motion would further prejudice the Big Sky Defendants. Mr. Apuzzo's Motion for Leave to Intervene should therefore be denied. *See* Fed. R. Civ. P. 24(b)(3) ("In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.").

## II. INTERVENOR'S COUNSEL'S REQUEST FOR ACCESS TO SEALED FILINGS AND OTHER NOTICES OR COMMUNICATIONS SHOULD BE DENIED.

In her Notice of Appearance, Mr. Apuzzo's counsel requested that she be served with all pleadings, notices, and other communications directed to the parties. [DE 598]. The Court has repeatedly held that the information sealed from public view in this action "could subject certain individuals to physical harm and/or harassment." [DE 56 at 6; DE 81, 107, 134, 142, 161, 211, 224, 258, 259, 260, 273, 297, 298, 319, 320, 340, 342, 354, 358, 359, 375, 376, 386, 416, 423, 485, 513, 516, 517, 519, 527, 528]. In its Order granting Defendants' motion to seal the courtroom during the evidentiary hearing held on August 24, 2016, the Court similarly found there to be a serious safety threat and, accordingly,

sealed the courtroom. [DE 589]. Intervenor's counsel's request for pleadings, notices, or other communications containing information sealed from public view in this case should be denied pending the Court's ruling on the Motion for Leave to Intervene [DE 599] and the Motion to Unseal the Records and Modify the Sealed Amendment to the Protective Order [DE 520].

### III. REGARDLESS OF THE COURT'S RULING ON THE MOTION FOR LEAVE TO INTERVENE, PLAINTIFFS' MOTION TO UNSEAL SHOULD BE DENIED.

The Fourth Circuit has held that "[t]he mere existence of a First Amendment right of access or a common law right of access to a particular kind of document does not entitle[] the press and the public to access in every case." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988) (citing *In re Washington Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986)).

Mr. Apuzzo's brief adds nothing to the Court's evaluation of this issue. Indeed, Mr. Apuzzo's position is based on the erroneous assumptions that (1) the parties and the Court have been ignoring the public's right of access to court records and proceedings; (2) the government is a full party in this action; and (3) there is no continuing compelling interest served by confidentiality in this case.

Neither the parties nor the Court have questioned the public's general right of access to court records and proceedings. Quite to the contrary, the parties have acknowledged the right exists, but have repeatedly demonstrated to the Court's satisfaction that there is a compelling interest in this case—a serious threat of personal safety to certain individuals—that outweighs the public's right of access. [DE 56, 81, 107, 134, 142, 161, 211, 224, 258, 259, 260, 273, 297, 298, 319, 320, 340, 342, 354, 358, 359, 375, 376, 386,

416, 423, 485, 513, 516, 517, 519, 527, 528, 589]. The Court has been meticulous in its treatment of the parties' sealing requests in this case, requiring a motion to seal to be filed and publicly docketed for each and every filing that is sought to be sealed or redacted and discussing the procedural requirements that the Court has followed in each sealing order. [*Id.*]. The Court has carefully considered the public's right of access under both the common law and the First Amendment, as appropriate. [*Id.*]. Mr. Apuzzo "urges this Court to . . . order that all future filings will be made publicly unless the Court determines upon an appropriate factual showing that sealing is warranted under the high standard set by the First Amendment and at common law. . . ." [DE 601 at 14]. That is precisely what the Court has done to date. Filings and proceedings have been sealed only upon the Court's determination, based upon the facts presented, that a compelling interest outweighs the public's right of access. [*Id.*].

Mr. Apuzzo's arguments in support of Plaintiffs' Motion to Unseal rely heavily on the notion that the United States is a party in this litigation. [DE 601 at 2, 3, 6, 9]. That is not correct. The United States did not intervene as a full party—it is not asserting claims against any party, and no party has asserted any claims against the United States or any agency thereof. Regardless, the presence of the United States as an intervenor in this action does not materially alter the analysis of the public's right of access to court records or proceedings, nor does it weaken the compelling interest that this Court has repeatedly determined outweighs that right of access.

Mr. Apuzzo suggests that perhaps there is no ongoing need for confidentiality in this action and speculates that the mere passage of time has "dissipated the need for secrecy." [DE 601 at 10]. He then goes a step further and declares, without any factual

basis, that "there simply is no compelling interest served by confidentiality in this case" and that Defendants' opposition "is rote and does not articulate any specific, current need for confidentiality." [DE 601 at 14]. Because the unredacted filing is sealed, Mr. Apuzzo does not know what interests Defendants asserted in opposition to Plaintiffs' Motion to Unseal. [DE 553]. Those same interests were asserted in Defendants' Memorandum in Support of their Motion to Seal Courtroom During August 24, 2016 Evidentiary Hearing. [DE 566]. After receiving Plaintiffs' opposition to that motion, the Court found that there was an ongoing need for confidentiality in this case and granted Defendants' motion to seal the courtroom for the August 24, 2016 hearing. [DE 589].

Mr. Apuzzo's arguments add nothing of substance to the arguments already asserted by Plaintiffs in support of their Motion to Unseal. For the reasons already stated in Defendants' Opposition Brief [DE 553], Plaintiffs' Motion to Unseal the Record and Modify the Sealed Amendment to the Protective Order [DE 520] should be denied, regardless of the Court's decision on the present Motion for Leave to Intervene.

## CONCLUSION

For the reasons stated, the Court should deny: (1) the Motion for Leave to Intervene, (2) Mr. Apuzzo's counsel's request for access to pleadings, notices, and communications as it relates to any sealed filings or other confidential or highly confidential information in this action, and (3) Plaintiffs' Motion to Unseal the Record and Modify the Sealed Amendment to the Protective Order.

-9-

Case 5:13-cv-00527-BO   Document 617   Filed 09/12/16   Page 9 of 12

Respectfully submitted, this the 12th day of September, 2016.

| | |
|---|---|
| BROOKS, PIERCE, MCLENDON, HUMPHREY & LEONARD, LLP | BUTLER SNOW LLP<br>Alan D Mathis<br>One Federal Place, Suite 1000 |
| By: /s/ Gary S. Parsons<br>    Gary S. Parsons<br>N.C. State Bar No. 7955<br>    W. Michael Dowling<br>N.C. State Bar No. 42790<br>Post Office Box 1800<br>Raleigh, North Carolina 27602<br>Telephone:( 919) 573-6241<br>Facsimile:  (336) 232-9040<br>gparsons@brookspierce.com | 1819 Fifth Avenue North<br>Birmingham, AL 35203<br>Telephone: (205) 297-2239<br>Alan.mathis@butlersnow.com |

ATTORNEYS FOR DEFENDANTS
Big South Wholesale of Virginia, LLC
d/b/a Big Sky International, Big South Wholesale, LLC
Jason Carpenter, and Christopher Small

# CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed the foregoing Response with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Thomas A. Farr
thomas.farr@odnss.com

Michael Douglas McKnight
Michael.mcknight@odnss.com

Kimberly J. Lehman
Kimberly.lehman@ogletreedeakins.com

L. Gray Geddie, Jr.
Gray.geddie@ogletreedeakins.com

Amy M. Pocklington
Amy.pocklington@ogletreedeakins.com

Tevis Marshall
Tevis.marshall@ogletreedeakins.com

Kathryn H. Ruemmler
Kathryn.reummler@lw.com

Allen M. Gardner
Allen.gardner@lw.com

Kevin A. Chambers
Kevin.chambers@lw.com

Brian A. Lichter
Brian.lichter@lw.com

Wynne P. Kelly
Special Attorney to the Attorney General
wynne.kelly@usdoj.gov

This the 12th day of September, 2016.

>BROOKS, PIERCE, MCLENDON,
>HUMPHREY & LEONARD, LLP
>
>By: /s/ Gary S. Parsons
>    Gary S. Parsons
>N.C. State Bar No. 7955
>Post Office Box 1800
>Raleigh, North Carolina 27602
>Telephone :( 919) 573-6241
>Facsimile:  (336) 232-9040
>Email: gparsons@brookspierce.com

32708259v1