IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:13-CV-00527-F

| | |
|---|---|
| U.S. TOBACCO COOPERATIVE INC.; U.S. FLUE-CURED TOBACCO GROWERS, INC.; and BIG SOUTH DISTRIBUTION, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> BIG SOUTH WHOLESALE OF VIRGINIA, LLC d/b/a BIG SKY INTERNATIONAL; BIG SOUTH WHOLESALE, LLC; UNIVERSAL SERVICES FIRST CONSULTING A/K/A UNIVERSAL SERVICES CONSULTING GROUP; JASON CARPENTER; CHRISTOPHER SMALL; EMORY STEPHEN DANIEL; ALBERT JOHNSON, and other unnamed coconspirators, <br><br> Defendants. | **REPLY IN SUPPORT OF MOTION FOR LEAVE TO INTERVENE AND IN SUPPORT OF MOTION TO UNSEAL** |

The open record in this case is so scant the public is left to guess at the import of the few snippets of information left unredacted. A few things, however, are clear. There are allegations of fraud and illegal activity of a very high order. Having intervened and made dozens of filings, the United States of America has demonstrated a significant interest in the case. Government employees were witnesses in the August 24, 2016, evidentiary hearing, and a careful study of redactions and motions to seal indicates that defendants' arguments at that hearing relied, at least in part, on qualified immunity [DE 573 (citing *Patel v. Moron*, 897 F.

Supp. 2d 389, 396 (E.D.N.C. 2012))], a doctrine available only to agents of the government. *Cf. Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 815 (2009). Taken together, this is compelling evidence that defendants seek immunity on the theory they carried out the alleged wrongful conduct on behalf of the government. The public is entitled to know whether individuals acting on behalf of its government have conducted themselves in ways that would—absent the shield of qualified immunity—constitute unlawful acts.

As an intervenor, the United States of America is a critical and interested party to this litigation, but the depth of that involvement came to light only recently. In the days leading up to the August 24 hearing, when the government filed its witness list and the plaintiffs indicated that qualified immunity was at issue, it became apparent that either the actions or knowledge of government agents is central to the pending motions for summary judgment. Upon learning this important fact, Mr. Apuzzo timely moved to intervene. To expedite the proceedings, Mr. Apuzzo supported a pending motion to unseal rather than filing an entirely new motion.

I. MR. APUZZO'S MOTION FOR LEAVE TO INTERVENE IS TIMELY.

Defendants argue Mr. Apuzzo's motion for leave to intervene is untimely and will cause undue delay and prejudice. Defendants are both factually and legally incorrect.

Until now, the public record gave no accurate indication of the government involvement or interest in this litigation. Although untold dozens of motions to seal

and supporting memoranda technically have been filed with the court, they have been so heavily redacted – or sealed in their entirety – as to be meaningless to a member of the public. Until very recently, the public could have no understanding of the issues in this case or of the purported bases for keeping the case confidential.

Only when the government filed its notice of who would attend the August 24 evidentiary hearing did the public gain insight into the breadth of the case. Piecing together the public information from this case and other public sources leads to an understanding that running alongside plaintiffs' allegations of civil wrongdoing by defendants are allegations that constitute criminal behavior. In fact, some pleadings use the verbiage of illegal and illicit conduct.

Repeated orders in this matter cite the authorization to seal records that implicate confidential informants. [DE 56, 74, 107, 134, 142, 161, 190, 191, 192, 211, 224, 233 and more, *citing Dish Network L.L.C. v. Sonicview USA, Inc.*, No. 09-CV-1553 L(NLS), 2009 WL 2224596 (S.D. Cal. July 23, 2009)]. It would appear that the Court directed the parties and Intervenor to provide notice of who would attend the August 24, 2016, evidentiary hearing. In response, the United States of America indicated that Supervisory Special Agent Ryan Kaye, Resident Agent in Charge Richmond III Field Office, Bureau of Alcohol, Tobacco, Firearms and Explosives would be present. [DE 593] Publicly available information reveals Mr. Kaye is an expert on the ATF's investigation of illicit tobacco sales, an issue of public concern. The public also has a serious and legitimate concern for how government investigations are conducted. The Office of the Inspector General's

2013 audit of ATF investigations describes that the ATF undertook undercover operations to investigate tobacco diversion that "generated total reported revenues of nearly $162 million." *Audit Of The Bureau Of Alcohol, Tobacco, Firearms And Explosives' Use Of Income-Generating, Undercover Operations*, http://tinyurl.com/IG-Illicit-Tobacco-Report. Publicly available information about illicit tobacco markets underscores the legitimate public concern for these issues. "Illicit tobacco markets can undermine public health efforts to reduce tobacco use. These markets can also deprive governments of revenue; in the United States, these losses are especially incurred by the states." *Understanding the U.S. Illicit Tobacco Market: Characteristics, Policy Context, and Lessons from International Experiences*, http://tinyurl.com/Illicit-Tobacco-Summary.

    Once Mr. Apuzzo became aware of these filings and these issues, he acted without delay to move to intervene. Permitting Mr. Apuzzo to intervene does not "unnecessarily prolong the adjudication of the issues presented in Plaintiffs' Motion to Unseal." [DE 617] Mr. Apuzzo has not asked for any additional time for response or briefing related to the pending Motion to Unseal. If all parties had consented to Mr. Apuzzo's request to intervene, this Court would have received Mr. Apuzzo's arguments and proceeded to decide the plaintiffs' Motion to Unseal. Instead, the opposition by defendants and the government has delayed matters.

    Nor is Mr. Apuzzo attempting to relitigate already settled issues. When the Court entered the original sealing order, this was a lawsuit between and among private parties. The allegations were significant, but the public concern was not

readily apparent. In the three years since the complaint was filed, a second amended complaint has been filed entirely under seal, [DE 90, DE 213] and the United States of America has become increasingly involved in the case. In recent weeks, the government's connection to this case has become obvious. Just this week the United States stated its intention to file a statement to clean up the testimony of its employees who were witnesses at the August 24 hearing. [DE 626] The sheer volume of the government's filings, and their repeated requests for secrecy, support the significance of the government's centrality to this case. That centrality is the weight that tips the scales against sealing and closure.

II. THE PLAINTIFFS DO NOT REPRESENT MR. APUZZO'S INTERESTS.

Defendants have stated, "Mr. Apuzzo's … interests are adequately represented by plaintiffs." [DE 617] For two reasons, this is incorrect. First, there is not identity of interests between the plaintiffs and Mr. Apuzzo. Plaintiffs' goal in this case is the award of monetary damages to make them whole for the damages they claim to have suffered. Second, were the parties to settle their disputes through agreement, the plaintiffs might be made whole, but the public would be deprived permanently of information related to the serious issues raised by this case. The goal of the plaintiffs is to win the litigation, not to educate the public. At every juncture, the plaintiffs' sole evaluation will be whether sealing or unsealing is advantageous to their case.

III. DELAYED OR AFTER-THE-FACT RELEASE OF INFORMATION IS NOT A SUFFICIENT REMEDY.

In essence, the defendants and the United States argue that they are entitled to secrecy now because ultimately there will be a trial that is not entirely closed. The government's assertions are carefully worded: The government will not seek "the *complete* sealing the courtroom for purposes of trial," and "the Government opposes the *complete* sealing of the courtroom for purposes of the trial in this matter." [DE 614, n. 1 and p. 3] (emphasis supplied)

Even if the parties were agreed that the trial should proceed entirely in open court (as it should), access to the trial proceedings would not cure denial of access now to key pretrial documents and proceedings. In *U.S. v. Antar*, a trial judge cleared the courtroom of journalists and other members of the public to make room for an unusually large venire that filled the courtroom to capacity. *United States v. Antar*, 38 F.3d 1348, 1362 (3d Cir. 1994). Upon the media's request for names and addresses of the jurors, the judge sealed the *voir dire* transcript. Ultimately the court released the transcript, but the Third Circuit found the "initial, improper action was not cured by the release of the transcript." *Id.* at 1362. Additionally, the Third Circuit noted the critical role of the media as "surrogates for the public." *Id.* at 1360 (quoting *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 574, 100 S. Ct. 2814, 2825 (1980)). The First Amendment mandates that a court make specific, substantive findings on the record justifying closure or sealing at the time. "[C]losure may not be retroactively validated." *Id.* at 1361. Finally, after-the-fact

access to information is not an acceptable substitute for real-time access. Both are protected by the First Amendment. *Id.* n. 13.

The court is undertaking substantive action in this case right now. Motions for summary judgment are pending. As the Fourth Circuit has recognized, "summary judgment adjudicates substantive rights and serves as a substitute for a trial." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 252 (4th Cir. 1988). For that reason, the public has a right of access to documents related to summary judgment that is equal to the right of access at trial. *See Anderson v. Cryovac, Inc.*, 805 F.2d 1, 13 (1st Cir.1986) (recognizing that documents submitted as a part of motions for summary judgment are subject to public right of access); *Joy v. North*, 692 F.2d 880, 893 (2d Cir.1982) ("documents used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons").

In support of closing the courtroom for the evidentiary hearing, defendants cited cases related to protection of trade secrets. [DE 578, citing *Woven Elecs. Corp. v. Advance Group, Inc.*, 1991 U.S. App. LEXIS 6004 (4th Cir. 1991), *HBC Ventures, LLC v. Holt MD Consulting, Inc.*, 2012 U.S. Dist. LEXIS 139234 (E.D.N.C. September 27, 2012) and *Lord Corp. v. S&B. Products*, 2012 U.S. Dist. LEXIS 131722 (E.D.N.C. September 14, 2012)] However, the interests in a trade secret case and a government informant case are fundamentally different. In a trade secret case, once information is in the public, it has lost its entire commercial value. If Coca-Cola were forced to reveal its formula in open court, there would be no way

to address or remedy the harm suffered. On the other hand, the type of interests put forth by the defendants can wane with the passage of time. The activities alleged in the complaint took place five years ago. The purported interests could be protected through alternate means. And when issues of government activity and/or government wrongdoing are at play, as they seemingly are here, the interest supporting closure is outweighed by intense legitimate public interest. *United States v. Beckham*, 789 F.2d 401, 413 (6th Cir. 1986) ("when the conduct of public officials is at issue, the public's interest in the operation of government adds weight in the balance toward allowing permission to copy judicial records")

IV.   MOVANTS REQUEST ACCESS TO SPECIFIC DOCUMENTS.

Hoping not to delay matters in this case, Mr. Apuzzo requested leave to intervene to support plaintiffs' already pending Motion to Unseal. Mr. Apuzzo is mindful, however, of the volume of documents filed with the court and does not suggest that each one is of equal significance. Mr. Apuzzo would be satisfied to obtain access to the unredacted documents that would permit an understanding of the core issues and facts of this case. Specifically, Mr. Apuzzo requests the unsealing or removal of redaction from the following documents:

- Second Amended Complaint [DE 90]
- Defendants' Motion [DE 448 and attachments]
- Defendants' Memorandum In Support Of Motion 448 [DE 449]
- USA's Response to Motion 448 [DE 474 & 475]
- Plaintiffs' Response to Motion 448 [DE 490]
- Defendants' Reply re Motion 448 [DE 500]
- Defendants' Response to Motion to Compel [DE 557 & 558]
- USA's Response to Motion to Compel [DE 561]
- Unredacted transcript of 8/24 hearing

- All filings and briefings related to pending motions for summary judgment

CONCLUSION

Chief Justice Burger wrote that it is "difficult for [people] to accept what they are prohibited from observing." *Richmond Newspapers Inc. v. Virginia*, 448 U.S. 555 (1980) (Burger, C.J.). Courts repeatedly have recognized that open courts have a value all their own.

> [T]he public-trial guarantee embodies a view of human nature, true as a general rule, that judges, lawyers, witnesses, and jurors will perform their respective functions more responsibly in an open court than in secret proceedings.

*Estes v. Texas*, 381 U.S. 532, 588, 85 S. Ct. 1628, 14 L.Ed.2d 543 (1965) (Harlan, J., concurring). The consensus is that openness is virtuous. In this case it is essential. The public is entitled to know both the facts at issue and the manner in which justice is rendered. For these reasons, Mr. Apuzzo respectfully urges the Court to permit his intervention and to grant, in whole or in part, plaintiffs' Motion to Unseal.

Respectfully submitted this the 15th day of September, 2016.

/s/ C. Amanda Martin
C. Amanda Martin
N.C. State Bar No. 21186
STEVENS MARTIN VAUGHN & TADYCH, PLLC
1101 Haynes Street, Suite 100
Raleigh, NC 27604
Telephone: 919-582-2300
Facsimile: 866-593-7695
Email: amartin@smvt.com

# CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of September, I electronically filed the foregoing Reply in Support of Motion for Leave to Intervene and In Support of Motion to Unseal with the Clerk of Court using the CM/ECF system addressed to the following counsel:

Thomas A. Farr
Michael Douglas McKnight
Kimberly Joyce Lehman
4208 Six Forks Road, Suite 11 00
Raleigh, NC 27609
thomas.farr@ogletreedeakins.com
michael.mcknight@ogletreedeakins.com
kimberly.lehman@ogletreedeakins.com

L. Gray Geddie
The Ogletree Building
300 North Main Street, Suite 500
Greenville, SC 29601
gray. geddie@ogletreedeakins.com

Amy M. Pocklington
Tevis Marshall
Riverfront Plaza-West Tower
901 East Byrd Street, Suite 1300
Richmond, VA 23219
amy.pocklington@ogletreedeakins.com
tevis.marshall@ogletreedeakins.com

Kathryn H. Ruemmler
Allen M. Gardner
Kevin A. Chambers
Brian A. Lichter
Latham & Watkins LLP
555 11th St., NW, Suite 1000
Washington, DC 20004
kathryn.ruemmler@lw.com
allen.gardner@lw.com
kevin.chambers@lw.com
brian.lichter@lw.com

Gavin B. Parsons, Esquire
Troutman Sanders LLP
P.O. Box 1389
Raleigh, NC 27602-1389
gavin.parsons@troutmansanders.com

Gary S. Parsons, Esquire
W. Michael Dowling
Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P.
1600 Wells Fargo Capitol Center
150 Fayetteville Street
Raleigh, North Carolina 27601
gparsons@brookspierce.com
mdowling@brookspierce.com

Alan D Mathis, Esquire
Butler Snow LLP
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203
Alan.mathis@butlersnow.com

W. Sidney Aldridge, Esquire
Nicholls & Crampton, P.A.
3700 Glenwood Ave., Suite 500
P.O. Box 18237
Raleigh, NC 27612
wsaldridge@nichollscrampton.com

Elliot S. Abrams
Cheshire Parker Schneider & Bryan, PLLC
133 Fayetteville Street, Suite 500 (27601)
P.O. Box 1029
Raleigh, NC 27602
elliot.abrams@chesirepark.com

Wynne P. Kelly, Esquire
Special Attorney to the Attorney General
Assistant United States Attorney for the District of Columbia
555 4th Street N.W.
Washington, D.C. 20530
wynne.kelly@usdoj.gov

Christopher T. Graebe, Esquire
Graebe Hanna & Sullivan, PLLC
4350 Lassiter at North Hills Avenue, Suite 375
Raleigh, NC 27609
cgraebe@ghslawfirm.com

This 15th day of September, 2016.

/s/ C. Amanda Martin
C. Amanda Martin
NC State Bar No. 21186
STEVENS MARTIN VAUGHN & TADYCH, PLLC
1101 Haynes Street, Suite 100
Raleigh, NC  27604
Phone: 919-582-2300
Facsimile:  866-593-7695
Email:  amartin@smvt.com