IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:13-CV-00527-F

| | |
|---|---|
| U.S. TOBACCO COOPERATIVE INC.; U.S. FLUE-CURED TOBACCO GROWERS, INC.; and BIG SOUTH DISTRIBUTION, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>BIG SOUTH WHOLESALE OF VIRGINIA, LLC d/b/a BIG SKY INTERNATIONAL; BIG SOUTH WHOLESALE, LLC; UNIVERSAL SERVICES FIRST CONSULTING A/K/A UNIVERSAL SERVICES CONSULTING GROUP; JASON CARPENTER; CHRISTOPHER SMALL; EMORY STEPHEN DANIEL; ALBERT JOHNSON, and other unnamed coconspirators,<br><br>Defendants. | **PUTATIVE INTERVENOR'S RESPONSE TO MOTION TO SEAL FILED BY UNITED STATES OF AMERICA** |

In light of defendants' argument [DE 617] that Mr. Apuzzo's position with respect to the plaintiffs' Motion to Unseal [DE 520] was untimely[1], and out of an abundance of caution that neither the parties nor the Court misconstrue silence as ascent, putative Intervenor Matthew Apuzzo respectfully requests the Court receive this Response in Opposition to the Motion to Seal filed by United States of America. [DE 631]

---

[1] Suggesting that having been silent until now was tantamount to a waiver of the public's right of access, Defendants stated, "At no point during that period has any member of the press or public sought access to any of the sealed or redacted filings or proceedings prior to Mr. Apuzzo's Motion for Leave to Intervene." [DE 617]

1

The most recent filings by the United States comprise two entirely sealed documents and two documents that provide virtually no public information . These mysterious filings demonstrate the inherent problems that arise from the protocol that the parties have implemented. The motion to seal is by consent and gives no on-the-record justification for the requested sealing. The United States hides from public view the purported basis for the sealing. [DE 630]

In the redacted Statement of Interest [DE 632], the only two sentences that provide any real information underscore the importance of public access. First, the government states, "The United States hopes this Statement assists the parties and the Court *with pending issues before the Court*, as well as address any seeming contradictions in the prior testimony authorized by the Government." (emphasis supplied) While courts have permitted the sealing of documents that relate to mundane and relatively inconsequential issues such as preliminary discovery disputes, the consideration of substantive or dispositive issues creates a bright line beyond which any party seeking to seal records must put forth justifications of constitutional magnitude. "Once the documents are made part of a dispositive motion, such as a summary judgment motion, they 'lose their status of being "raw fruits of discovery."'" *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 252 (4th Cir. 1988) (*citing In re 'Agent Orange' Product Liability Litigation*, 98 F.R.D. 539, 544–45 (E.D.N.Y.1983)). The court in *Rushford* went further: "We believe that the more rigorous First Amendment standard should also apply to documents filed in connection with a summary judgment motion in a civil case." *Id.* at 253. There is

not a scintilla of evidence on the public record to justify sealing court records that will, in part, form the basis of this Court's adjudication of the merits of this case.

Moreover, the United States' filing apparently is an attempt to clear up mistaken or confusing testimony. The Supreme Court has recognized that safeguarding accurate testimony is one of the benefits of open-court testimony. "In addition to ensuring that judge and prosecutor carry out their duties responsibly, a public trial encourages witnesses to come forward and discourages perjury." *Waller v. Georgia*, 467 U.S. 39, 46, 104 S. Ct. 2210, 2215 (1984). Although the Court made that point in the criminal context, it is no less true in a civil case, particularly one bound up in the public interest, as this case is.

The second substantive statement that appears in the redacted Statement of Interest describes the government's intense involvement in and attention to this case:

> Further, the Government respectfully informs the Court that in response to concerns that Plaintiffs have raised in this case, while the Government continues to believe that the Department of Justice's Office of the Inspector General -▮- has previously examined all of the events comprising the allegations in this case, in an abundance of ▮ reached out to the Department of Justice's Office of the Inspector General on Friday, September 9, 2016, to raise (or re-raise) ▮ activities at issue in this litigation for potential examination.

The Department of Justice's Office of the Inspector General is directly involved in this case. Such a level of scrutiny reveals the depth of concern by the federal government and, accordingly, the attendant legitimate public concern in these proceedings.

Finally, that the government's Motion to Seal was filed by consent illustrates the fact that Mr. Apuzzo's interests and plaintiffs' interests are not fully aligned. Apparently, plaintiffs have no objection to the United States' request to file its substantive affidavit under seal; Mr. Apuzzo does object.

Mr. Apuzzo reiterates his request for leave to be accorded the opportunity to be heard on access matters and urges the court to grant plaintiffs' Motion to Unseal [DE 520] and to deny the United States' Motion to Seal [DE 631].

Respectfully submitted this the 23rd day of September, 2016.

/s/ C. Amanda Martin
C. Amanda Martin
N.C. State Bar No. 21186
STEVENS MARTIN VAUGHN & TADYCH, PLLC
1101 Haynes Street, Suite 100
Raleigh, NC 27604
Telephone: 919-582-2300
Facsimile: 866-593-7695
Email: amartin@smvt.com

# CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of September, I electronically filed the foregoing Putative Intervenor's Response to Motion to Seal with the Clerk of Court using the CM/ECF system addressed to the following counsel:

Thomas A. Farr
Michael Douglas McKnight
Kimberly Joyce Lehman
4208 Six Forks Road, Suite 11 00
Raleigh, NC 27609
thomas.farr@ogletreedeakins.com
michael.mcknight@ogletreedeakins.com
kimberly.lehman@ogletreedeakins.com

L. Gray Geddie
The Ogletree Building
300 North Main Street, Suite 500
Greenville, SC 29601
gray. geddie@ogletreedeakins.com

Amy M. Pocklington
Tevis Marshall
Riverfront Plaza-West Tower
901 East Byrd Street, Suite 1300
Richmond, VA 23219
amy.pocklington@ogletreedeakins.com
tevis.marshall@ogletreedeakins.com

Kathryn H. Ruemmler
Allen M. Gardner
Kevin A. Chambers
Brian A. Lichter
Latham & Watkins LLP
555 11th St., NW, Suite 1000
Washington, DC 20004
kathryn.ruemmler@lw.com
allen.gardner@lw.com
kevin.chambers@lw.com
brian.lichter@lw.com

Gavin B. Parsons, Esquire
Troutman Sanders LLP
P.O. Box 1389
Raleigh, NC 27602-1389
gavin.parsons@troutmansanders.com

Gary S. Parsons, Esquire
W. Michael Dowling
Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P.
1600 Wells Fargo Capitol Center
150 Fayetteville Street
Raleigh, North Carolina 27601
gparsons@brookspierce.com
mdowling@brookspierce.com

Alan D Mathis, Esquire
Butler Snow LLP
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203
Alan.mathis@butlersnow.com

W. Sidney Aldridge, Esquire
Nicholls & Crampton, P.A.
3700 Glenwood Ave., Suite 500
P.O. Box 18237
Raleigh, NC 27612
wsaldridge@nichollscrampton.com

Elliot S. Abrams
Cheshire Parker Schneider & Bryan, PLLC
133 Fayetteville Street, Suite 500 (27601)
P.O. Box 1029
Raleigh, NC 27602
elliot.abrams@chesirepark.com

Wynne P. Kelly, Esquire
Special Attorney to the Attorney General
Assistant United States Attorney for the District of Columbia
555 4th Street N.W.
Washington, D.C. 20530
wynne.kelly@usdoj.gov

Christopher T. Graebe, Esquire
Graebe Hanna & Sullivan, PLLC
4350 Lassiter at North Hills Avenue, Suite 375
Raleigh, NC 27609
cgraebe@ghslawfirm.com

This 23rd day of September, 2016.

/s/ C. Amanda Martin
C. Amanda Martin
NC State Bar No. 21186
STEVENS MARTIN VAUGHN & TADYCH, PLLC
1101 Haynes Street, Suite 100
Raleigh, NC  27604
Phone: 919-582-2300
Facsimile:  866-593-7695
Email:  amartin@smvt.com