IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:13-CV-00527-F

| | | |
|---|---|---|
| U.S. TOBACCO COOPERATIVE INC.; U.S. FLUE-CURED TOBACCO GROWERS, INC.; and BIG SOUTH DISTRIBUTION, LLC, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | PUTATIVE INTERVENOR'S RENEWED REQUEST |
| BIG SOUTH WHOLESALE OF VIRGINIA, LLC d/b/a BIG SKY INTERNATIONAL; BIG SOUTH WHOLESALE, LLC; UNIVERSAL SERVICES FIRST CONSULTING A/K/A UNIVERSAL SERVICES CONSULTING GROUP; JASON CARPENTER; CHRISTOPHER SMALL; EMORY STEPHEN DANIEL; ALBERT JOHNSON, and other unnamed coconspirators, | ) ) ) ) ) ) ) ) ) ) ) ) ) | TO UNSEAL PORTIONS OF THE RECORD |
| Defendants. | ) | |

On November 7, 2016, this Court filed notice of the entry of an Order related to Docket Entry 448 but sealed from public view anything at all about the substance of the Court's ruling. Docket Entry 448 is also sealed. To get any indication of even the subject matter of the Order, one may only look at the public docket sheet description of the "Appendix of Documents in Support of Big Sky Defendant's Petition to Substitute." [DE 448] Though cryptic, this Appendix publicly identifies, among other things, excerpts of many depositions along with an Asset Purchase Agreement, a Consulting and Compensation Agreement, an Employment

1
Case 5:13-cv-00527-BO Document 637 Filed 11/09/16 Page 1 of 6

Agreement, a "Special Activities Email," and the Declaration of Supervisory Special Agent Ryan S. Kaye. The public record discloses that the Court now has ruled on a "petition to substitute," though the record does not reveal whether it is to substitute parties or some other substitution. It is inconceivable, however, that such an Order related to the Petition – supported by a litany of statements including the declaration of a federal agent – is not substantive.

Our judicial system is constitutionally designed to operate in the open, with transparency and an opportunity for any member of the public to "satisfy himself with his own eyes as to the mode in which a public duty is performed." *Cowley v. Pulsifer*, 137 Mass. 392, 394 (1884) (Holmes, J.). As the Supreme Court repeatedly has held, the public has a "general right to inspect and copy public records and documents, including judicial records and documents . . . [based on] the citizen's desire to keep a watchful eye on the workings of public agencies." *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597-98 (1978). The value of the public's right to access court proceedings and records "can hardly be overestimated." *United States v. Moussaoui*, 65 Fed. App'x 881, 885 (4th Cir. 2003), and the mandate for transparency is especially important "when the conduct of public officials is at issue, the public's interest in the operation of government adds weight in the balance toward allowing permission to copy judicial records." *United States v. Beckham*, 789 F.2d 401, 413 (6th Cir. 1986)

The time has come for the Court to give meaning to these Constitutional principles and unseal *at least* those documents within this case that are *substantive*

2
Case 5:13-cv-00527-BO   Document 637   Filed 11/09/16   Page 2 of 6

motions, evidence and rulings. As the Fourth Circuit has delineated, there is a stark difference between documents that are preliminary or procedural and those that go to the heart of a case. *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 252 (4th Cir. 1988). The documents at issue in *Rushford* had been submitted in support of a substantive motion (in that case, a motion for summary judgment). The Fourth Circuit noted that the documents at issue would ultimately have been public "if the case had gone to trial and the documents were thereby submitted to the court as evidence." *Id.* Citing Fourth Circuit precedence along with three other circuits, the *Rushford* court ruled that absent an extraordinary showing, the documents should be unsealed. *Accord In re Policy Mgmt. Sys. Corp.*, 67 F.3d 296 (4th Cir. 1995) ("We agree with the Second Circuit that a document becomes a judicial document when a court uses it in determining litigants' substantive rights.")

In this case, both the Court's November 7 Order and the pleadings and documents on which it is based appear to implicate substantive matters that involve the United States government. The United States of America has intervened and made dozens of filings, and the declaration of a U.S. ATF agent, in part, forms the basis of the Petition that has been decided by the Court in Docket Entry 635. In "matters of particularly [sic] public interest ... the rationale for public access is even greater." *Under Seal v. Under Seal*, 22 Media L. Rep. (BNA) 1922, 1923 (unreported 4th Cir. 1994).

## CONCLUSION

> Judges deliberate in private but issue public decisions after public arguments based on public records. The political branches of government claim legitimacy by election, judges by reason. Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat; this requires rigorous justification.

*In re Krynicki*, 983 F.2d 74, 75 (7th Cir.1992).

Putative Intervenor Matthew Apuzzo respectfully renews his request that the Court unseal and remove redaction from those documents that seek substantive relief from the Court, offer evidence related to substantive issues or embody rulings of the Court that are substantive rather than procedural.

Respectfully submitted this the 9th day of November, 2016.

/s/ C. Amanda Martin
C. Amanda Martin
N.C. State Bar No. 21186
STEVENS MARTIN VAUGHN & TADYCH, PLLC
1101 Haynes Street, Suite 100
Raleigh, NC 27604
Telephone: 919-582-2300
Facsimile: 866-593-7695
Email: amartin@smvt.com

# CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of November, 2016 I electronically filed the foregoing Putative Intervenor's Response to Motion to Seal with the Clerk of Court using the CM/ECF system addressed to the following counsel:

Thomas A. Farr
Michael Douglas McKnight
Kimberly Joyce Lehman
4208 Six Forks Road, Suite 11 00
Raleigh, NC 27609
thomas.farr@ogletreedeakins.com
michael.mcknight@ogletreedeakins.com
kimberly.lehman@ogletreedeakins.com

L. Gray Geddie
The Ogletree Building
300 North Main Street, Suite 500
Greenville, SC 29601
gray.geddie@ogletreedeakins.com

Amy M. Pocklington
Tevis Marshall
Riverfront Plaza-West Tower
901 East Byrd Street, Suite 1300
Richmond, VA 23219
amy.pocklington@ogletreedeakins.com
tevis.marshall@ogletreedeakins.com

Kathryn H. Ruemmler
Allen M. Gardner
Kevin A. Chambers
Brian A. Lichter
Latham & Watkins LLP
555 11th St., NW, Suite 1000
Washington, DC 20004
kathryn.ruemmler@lw.com
allen.gardner@lw.com
kevin.chambers@lw.com
brian.lichter@lw.com

Gavin B. Parsons, Esquire
Troutman Sanders LLP
P.O. Box 1389
Raleigh, NC 27602-1389
gavin.parsons@troutmansanders.com

Gary S. Parsons, Esquire
W. Michael Dowling
Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P.
1600 Wells Fargo Capitol Center
150 Fayetteville Street
Raleigh, North Carolina 27601
gparsons@brookspierce.com
mdowling@brookspierce.com

Alan D Mathis, Esquire
Butler Snow LLP
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203
Alan.mathis@butlersnow.com

W. Sidney Aldridge, Esquire
Nicholls & Crampton, P.A.
3700 Glenwood Ave., Suite 500
P.O. Box 18237
Raleigh, NC 27612
wsaldridge@nichollscrampton.com

Elliot S. Abrams
Cheshire Parker Schneider & Bryan, PLLC
133 Fayetteville Street, Suite 500 (27601)
P.O. Box 1029
Raleigh, NC 27602
elliot.abrams@chesirepark.com

Wynne P. Kelly, Esquire
Special Attorney to the Attorney General
Assistant United States Attorney for the District of Columbia
555 4th Street N.W.
Washington, D.C. 20530
wynne.kelly@usdoj.gov

Christopher T. Graebe, Esquire
Graebe Hanna & Sullivan, PLLC
4350 Lassiter at North Hills Avenue, Suite 375
Raleigh, NC 27609
cgraebe@ghslawfirm.com

This 9th day of November, 2016.

/s/ C. Amanda Martin
C. Amanda Martin
NC State Bar No. 21186
STEVENS MARTIN VAUGHN & TADYCH, PLLC
1101 Haynes Street, Suite 100
Raleigh, NC 27604
Phone: 919-582-2300
Facsimile: 866-593-7695
Email: amartin@smvt.com