IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-527-F

| | | |
|---|---|---|
| U.S. TOBACCO INC., <br> U.S FLUE-CURED TOBACCO <br> GROWERS, INC., and <br> BIG SOUTH DISTRIBUTION, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> BIG SOUTH WHOLESALE <br> OF VIRGINIA, LLC, d/b/a BIG SKY <br> INTERNATIONAL, BIG SOUTH <br> WHOLESALE, LLC, UNIVERSAL <br> SERVICES FIRST CONSULTING, <br> a/k/a UNIVERSAL SERVICES <br> CONSULTING GROUP, JASON <br> CARPENTER, CHRISTOPHER SMALL, <br> EMORY STEPHEN DANIEL, <br> and other unnamed co-conspirators, <br><br> Defendants, <br><br> UNITED STATES OF AMERICA, <br> Intervenor. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | **ORDER** |

Before the court are the following motions: (1) Plaintiffs' motion [DE-520] to unseal the record and modify the Sealed Amendment to the Protective Order entered August 26, 2015 [DE-341] (the "Sealed Amendment"); (2) Plaintiff's motion [DE-582] for leave to disclose certain sealed documents; (3) non-party New York Times journalist Matthew Apuzzo's motion [DE-599] to intervene for the limited purpose of supporting Plaintiffs' motion to unseal; and (4) Matthew Apuzzo's renewed motion [DE-637]. For the reasons stated below, Plaintiffs' motion to unseal and Apuzzo's motion to intervene are ALLOWED, and Plaintiff's motion for

leave to disclose documents and Apuzzo's renewed motion are DISMISSED as moot. As the court writes for the parties, familiarity with the underlying factual and procedural history of this matter is presumed.

## I. Motion to Intervene

Asserting First Amendment rights, Mr. Apuzzo seeks intervention for the limited purpose of supporting Plaintiffs' motion to unseal.

Historically, courts have recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). This right is justified by "the citizen's desire to keep a watchful eye on the workings of public agencies . . . [and] the operation of the government." *Co. Doe v. Pub. Citizen*, 749 F.3d 246, 271 (4th Cir. 2014) (quoting *Nixon*, 435 U.S. at 598). A citizen's watchfulness is aided by the efforts of the press to "publish information concerning the operation of government." *Nixon*, 435 U.S. at 598. To this end, "news organizations are appropriate representatives to advocate for the public's generalized interest in access." *In re Grand Jury Subpoenas*, 15-MC-71 (VEC), 2016 U.S. Dist. LEXIS 146148, at *4 (S.D.N.Y. Oct. 18, 2016)[1] (citing *United States v. Haller*, 837 F.2d 84, 85 (2d Cir. 1988)); *Co. Doe*, 749 F.3d at 271 (stating

---

[1] Generally, third parties seeking to permissibly intervene in a civil action must proceed according to Rule 24(b) of the Federal Rules of Civil Procedure. As recently observed by the United States District Court for the Southern District of New York, however:

> By its terms, Rule 24(b) refers only to putative intervenors seeking to assert "claim[s] or defense[s] that share[] with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Although it may be an awkward fit, the courts have nonetheless uniformly read Rule 24(b) to permit non-parties to intervene in order to assert a right of access to closed proceedings.

*In re Grand Jury Subpoenas*, 2016 U.S. Dist. LEXIS 146148, at *4–5 n.3 (citing *EEOC v. Nat'l Children's Center, Inc.*, 146 F.3d 1042, 1045 (D.C. Cir. 1998)); *cf. State of W. Va. v. Moore*, 902 F. Supp. 715, 718 (S.D.W. Va. 1995) (explaining how the press has standing to intervene).

"[i]t is well settled that the ... press ha[s] a qualified right of access to judicial documents and records filed in civil and criminal proceedings"). Accordingly, Mr. Apuzzo's motion is allowed.[2]

## II. Motion to Unseal the Record and Modify the Sealed Amendment

Plaintiffs seek the following: (1) a modification to the Sealed Amendment; (2) an order unsealing the record in this case; and (3) an order providing that the trial will be open to the public.

At the outset, the court notes no order exists directing the closing of the upcoming trial to the public and no party has moved for such an order. Accordingly, the trial will be open to the public barring the granting of any future motion seeking its closure.

Plaintiffs' remaining requests relate to the public disclosure of Defendants Carpenter and Small's activities on behalf of various federal agencies as a cooperating witness and cooperating informant, respectively. Currently, such disclosure is prohibited by the Sealed Amendment, which directs the parties to treat as "Highly Confidential" any reference to Carpenter or Small's cooperation with the Government. The Sealed Amendment further requires the parties move to seal any document containing such information. Since entry of the Sealed Amendment, the vast majority of documents have been filed under seal upon the court finding that Carpenter and Small's fear for their safety and that of their families outweighs the public's right of access.[3]

In light of significant changes to the landscape of this litigation, the court reviews the propriety of maintaining documents in this case under seal through a new lens. First, dispositive motions are now pending. The First Amendment standard—as opposed to the more relaxed

---

[2] Mr. Apuzzo's brief on the instant motion, to which the parties have responded, also contains his substantive arguments in support of Plaintiffs' motion to unseal the record. These arguments are incorporated into the court's analysis of Plaintiffs' motion *infra*.

[3] *See, e.g.*, [DE-56, -81, -107, -134, -142, -161, -211, -224, -258, -259, -260, -273, -297, -298, -319, -320, -340, -342, -354, -358, -359, -375, -376, -386, -398, -416, -423, -485, -513, -516, -517, -519].

3

common law standard—applies to documents filed in connection with dispositive motions.[4] *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 252 (4th Cir. 1988). Accordingly, documents previously sealed in accordance with a protective order may lose their protected status when filed in support of a motion for summary judgment. *See id.* ("Once the documents are made part of a dispositive motion, such as a summary judgment motion, they lose their status of being raw fruits of discovery." (internal quotation marks omitted)). This is so because "discovery, which is ordinarily conducted in private, stands on a wholly different footing" than a motion for summary judgment, which "adjudicates substantive rights and serves as a substitute for a trial." *Id.* Thus, when previously sealed information is used for a new purpose, the propriety of maintaining that information under seal should be reconsidered under the applicable standard. Here, information related to Carpenter and Small's work for the Government, which has been protected thus far, has been included in four motions seeking either summary judgment or partial summary judgment.

Second, the Government is now a full party to the litigation. On November 7, 2016, the court allowed Defendants' petition to substitute the Government as defendant on Plaintiffs' Fourth through Ninth and Seventeenth Claims for Relief, fundamentally altering the balance of interests with regard to the public's access to the case. This litigation is no longer merely a suit between two private parties, but involves allegations of wrongdoing by the Government. Where a case involves "matters of ... public interest," such as alleged government misconduct, the public's right of access is heightened. *See, e.g., Under Seal v. Under Seal*, 27 F.3d 564 (4th Cir. 1994) (unpublished) (collecting cases). Thus, privacy concerns deemed to outweigh the public's

---

[4] In its Orders of June 23, 2016, the court applied the common law standard to certain documents filed in connection with motions for summary judgment. *See* [DE-483, -485]. The court corrects that error here.

4

interest in a case between private parties might fall short in a case involving the Government as a party.

The evidence that thus far has overcome the presumption of public access is no longer sufficient with regard to documents related to dispositive motions in a case where the Government is a party. As Plaintiffs point out, Defendants' government cooperation concluded at least three years ago—any danger resulting from its disclosure has likely dissipated over time. Moreover, Defendants' evidence in support of the seal is stale—Defendants continue to rely on affidavits and declarations submitted years ago, at a time when they had only recently completed their cooperation. If a specific threat continues to exist today, Defendants fail to provide fresh evidence demonstrating it—even after Plaintiffs have questioned its existence via their motion to unseal.

Defendants' government cooperation and its impact on this litigation is unusual, and there is little case law on point. Accordingly, the court considers its typical protocol in an analogous, but far more common, situation—that of a cooperating defendant in a criminal trial. In such cases, the defendant is often rightfully afraid of the ramifications should his assistance be revealed. Although the circumstances bringing the parties before the court are different, the concerns implicated here are the same—an individual's safety interest versus the public's right to access the proceeding. Despite the seriousness of a cooperating defendant's safety concerns, the courtroom is rarely closed during a criminal trial. Regarding the propriety of infringing on the public's right of access, the court perceives no reason to differentiate the proceedings here from their criminal counterparts.

5

Accordingly, Plaintiffs' motion to unseal is allowed.[5] However, because the court finds Defendants' fears for their safety to be serious—even if insufficient to overcome the stringent First Amendment standard—it will stay the effect of this Order for forty-five days. This should provide time for Defendants and the Government to implement any necessary safety protocols on Defendants' behalf while still allowing public access to case documents prior to commencement of the trial. Such delayed public access is generally disfavored. *See, e.g., Matter of Application & Affidavit for a Search Warrant*, 923 F.2d 324, 331 (4th Cir. 1991) ("[A] minimal delay of access unduly minimizes, if it does not entirely overlook, the value of openness itself, a value which is threatened whenever immediate access to ongoing proceedings is denied, whatever provision is made for later public disclosure." (internal quotation marks omitted)). Nonetheless, this approach is a fair compromise considering the nature of Defendants' concerns.

As the court can no longer justify maintaining information related to Defendants' government cooperation under seal, it makes little sense to preserve the terms of the Sealed Amendment related to that information. Accordingly, information disclosing Carpenter and Small's cooperation with federal law enforcement agencies will no longer be treated as "Highly Confidential," and the parties need not seek to file such information under seal in the future.

### III. CONCLUSION

For the foregoing reasons, it is hereby ORDERED as follows:

(1)　Matthew Apuzzo's motion [DE-599] to intervene is ALLOWED;

(2)　Matthew Apuzzo's renewed motion [DE-637] is DISMISSED as moot;

(3)　Plaintiffs' motion [DE-520] to unseal the record and modify the Sealed Amendment to the Protective Order is ALLOWED as follows:

---

[5] The court's discussion regarding the propriety of maintaining the seal is limited to the documents bearing on the dispositive motions. Upon lifting the seal on those documents, however, no justification will exist for maintaining any remaining documents under seal, as the information sought to be protected will be available to the public.

6

a. The seal is lifted as to all documents in this case; and

b. Information related to Carpenter and Small's government cooperation is no longer deemed "Highly Confidential";

(4) Plaintiffs' Motion for Leave to Share Government's Sealed Response to Plaintiffs' Motion to Compel [DE-582] is DISMISSED as moot;

(5) All pending motions to seal are DENIED;

(6) The provisions of this Order lifting the seal on documents in this case will take effect **forty-five days** after the date of its filing. The Clerk of Court is DIRECTED to maintain under seal until that time this Order, all currently sealed documents, and all proposed sealed documents in this case; and

(7) The Clerk of Court is DIRECTED to provide a copy of this Order to counsel for Intervenor Matthew Apuzzo.

SO ORDERED.

This the 7 day of December, 2016.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge