IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-527-F

| | | |
|---|---|---|
| U.S. TOBACCO INC., <br> U.S FLUE-CURED TOBACCO <br> GROWERS, INC., and <br> BIG SOUTH DISTRIBUTION, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> BIG SOUTH WHOLESALE <br> OF VIRGINIA, LLC, d/b/a BIG SKY <br> INTERNATIONAL, BIG SOUTH <br> WHOLESALE, LLC, UNIVERSAL <br> SERVICES FIRST CONSULTING, <br> a/k/a UNIVERSAL SERVICES <br> CONSULTING GROUP, JASON <br> CARPENTER, CHRISTOPHER SMALL, <br> EMORY STEPHEN DANIEL, <br> ALBERT M. JOHNSON, and other <br> unnamed co-conspirators, <br><br> Defendants, <br><br> UNITED STATES OF AMERICA, <br> Intervenor. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **ORDER** |

This matter is before the court on Plaintiffs' motion [DE-533] to remove the confidentiality designation placed by Defendant Albert Johnson on bank records produced by Anderson Brothers Bank. Plaintiffs seek to use information therein to pursue a lawsuit against Defendant Johnson separate from the currently pending litigation.

Since February 4, 2014, the parties in this case have been subject to a Protective Order allowing any party to "designate as 'Confidential' any discovery material that the party reasonably and in good faith believes contains or discloses confidential data, data relating to

trade secrets, proprietary or nonpublic commercial information, information involving privacy interests, personnel or payroll records of any Party's employees, or other commercially [sic] and/or sensitive information of a nonpublic nature, or information received on a confidential basis as contemplated in Fed. R. Civ. P. 26(c)(7)." Protective Order [DE-83] ¶ 1. If a confidentiality designation is disputed, the parties may seek resolution from the court. *Id.* The party designating material as Confidential bears the burden of proving the propriety of the designation. *Id.* Here, the designated documents consist of Defendant Johnson's bank records related to his account with Anderson Brothers Bank. Plaintiffs contend these records reveal a pattern of wrongdoing by Defendant Johnson supporting claims of breach of fiduciary duty, constructive fraud, and unfair and deceptive trade practices.

Although bank records are frequently the subject of protective orders—typically, as here, entered on joint motion and by the consent of the parties—they are not inherently confidential. *See, e.g., Robertson v. Cartinhour*, No. CIV.A. AW-09-3436, 2010 WL 716221, at *2 (D. Md. Feb. 23, 2010) (noting that bank records are "not the defendant's 'private papers,' but rather, '[they] are the business records of the banks' (quoting *United States v. Miller*, 425 U.S. 435, 440 (1975) (abrogated in part by statute))). Defendant Johnson fails to explain sufficiently the need for confidentiality here. Further, the court will not require Plaintiffs to turn a blind eye to potential wrongdoing. Accordingly, Plaintiff's motion [DE-533] is ALLOWED in part. The confidentiality designation placed by Defendant Johnson on the Anderson Brothers Bank records is hereby LIFTED.

2

SO ORDERED.

This the 2*day of December, 2016.

*James C. Fox*

JAMES C. FOX
Senior United States District Judge