IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-527-BO

| | |
|---|---|
| U.S. TOBACCO COOPERATIVE, INC., *et al.*, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )      O R D E R<br>) |
| BIG SOUTH WHOLESALE OF VIRGINIA, *et al.*, | )<br>)<br>) |
| Defendants. | ) |

This cause comes before the Court on emergency motions for partial and full reconsideration pursuant to Fed. R. Civ. P. Rule 54(b) of the Court's order of December 7, 2016. [DE 757; 763]. Also before the Court is a motion to intervene in this matter by John Doe. [DE 784]. This matter having been recently reassigned to the undersigned, a status conference was held on May 17, 2017, at Elizabeth City, North Carolina at which the parties through counsel appeared. For the reasons discussed more fully below, the government's motion for partial reconsideration is granted, defendants' motion for full reconsideration is denied, John Doe's motion to intervene is denied, and the seal applied to a large portion of the record in this case is lifted.

## BACKGROUND

Because the parties in this matter are familiar with the factual and procedural background of this case, the Court declines to repeat it here. Relevant to the instant motions, by order entered December 7, 2016, the Court, Fox, J., lifted the seal as to all documents in the case,

removed the designation of "highly confidential" from information related to Carpenter and Small's government cooperation, and denied all pending motions to seal. [DE 655]. The Court further ordered that the lifting of the seal on documents in this case would be delayed for forty-five days from the date of entry of the order. The delay has since been extended by order of the Court and remains in place.

## DISCUSSION

A Court retains inherent authority to reconsider its orders prior to entry of final judgment. *See* Fed. R. Civ. P. 54(b); *Fayetteville Inv'rs v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991). The government has provided the Court with a persuasive argument to narrowly modify its order lifting the seal from documents filed in the case. The relief it has requested in its motion is therefore granted, and upon lifting of the seal pseudonyms shall be used for "Target A" and any subsidiaries, principal employees. Should review of the record reveal any other information that would directly identify "Target A," that information shall be redacted and filed under seal under separate cover. The parties are cautioned against liberal-or-overuse of the sealed designation.

Defendants Carpenter and Small have also sought reconsideration of this Court's December 7, 2016, order, asking that all documents filed under seal remain under seal. The countervailing factors which support lifting the seal in this case have become no less compelling since entry of the Court's 7 December order, and the Court will not re-impose what amounted to a blanket seal in this case based upon the arguments in Carpenter and Small's motion. Their motion is therefore denied.

The Court has further considered the arguments of John Doe, a proposed intervenor for the purpose of protecting his identity. Doe's request to intervene as a party in this matter under

2

Fed. R. Civ. P. 24 is denied; however, in light of the government's position on the motion, the Court will allow the ultimate relief requested by Doe and order that a pseudonym be substituted for Doe and his companies in all public filings in this case.

## CONCLUSION

For the foregoing reasons, the government's motion to reconsider [DE 757] is GRANTED; Carpenter and Small's motion to reconsider [DE 763] is DENIED; and John Doe's motion to intervene [DE 784] is DENIED. The December 7, 2016, order lifting the seal and denying the then-pending motions to seal is MODIFIED to reflect that pseudonyms shall be used in place of the real identities of "Target A," John Doe, and related entities. Where information which would directly reveal the identity of the "Target A" or John Doe entities currently appears or becomes necessary to appear in documents filed with the Court, that information shall be redacted from the public filing and filed under seal under separate cover pursuant to the Court's policies and procedures.

In light of the volume of materials currently filed under seal in this case, the lifting of the seal presents no simple administrative task. To that end, the parties shall, either jointly or independently, not later than June 2, 2017, file with the Court a list of any documents, including orders of the Court, containing information or identities which require pseudonym-substitution or redaction or would not otherwise be appropriately unsealed.[1] Any document not listed in the parties' submission shall be unsealed without further review by the Court upon entry of an order effecting the lifting of the seal. The Court will address the documents requiring redaction or substitution of pseudonyms following its review of the submission(s) of the parties.

---

[1] This list shall include documents which are the subject of pending motions to seal and which were filed after entry of the December 7, 2016, order. The parties may withdraw any pending motions to seal if doing so would aid the Court in effectuating its order.

3

Defendants Carpenter and Small shall be permitted to, not later than June 2, 2017, seek in this Court a further stay of the lifting of the seal pending review of orders addressing the necessity of documents in this case being kept under seal by the court of appeals. No documents shall be unsealed while the Court awaits the submission(s) of the parties and any further motion to stay by defendants Carpenter and Small.

SO ORDERED, this 19 day of May, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE