IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-527-BO

| U.S. TOBACCO COOPERATIVE, INC., *et al.*, | ) ) ) |  |
|---|---|---|
| Plaintiffs, | ) ) |  |
| v. | ) ) | ORDER |
| BIG SOUTH WHOLESALE OF VIRGINIA, *et al.*, | ) ) ) ) |  |
| Defendants. | ) |  |

This cause comes before the Court on plaintiffs' renewed motion to reconsider the Court's order of November 7, 2016. The appropriate responses and replies have been filed and a hearing was held on the matter before the undersigned on July 20, 2017, at Raleigh, North Carolina. For the reasons discussed below, plaintiffs' motion to reconsider is granted.

BACKGROUND

The Court hereby incorporates by reference as if fully set forth herein the factual background of this matter provided in its November 7, 2016, order. [DE 635]. Defendants Big South Wholesale of Virginia, LLC d/b/a Big Sky International, Big South Wholesale LLC, Carpenter, and Small (Big South defendants) petitioned on June 1, 2016, for certification under the Westfall Act, specifically 28 U.S.C. § 2679(d)(3), that they were acting within the scope of their office or employment with the United States at the time of the incidents from which the claims alleged by plaintiffs arose. [DE 448]. The Big South defendants sought substitution of the United States as a party defendant in lieu of themselves as to plaintiffs' fourth through ninth,

twelfth through fourteenth, and eighteenth claims for relief, and for dismissal of those claims. Plaintiffs and the United States opposed substitution. In its order of 7 November 2016, the Court, after having conducted an evidentiary hearing, allowed the Big South defendants' petition to substitute in part, substituting the United States as defendant for the Big South defendants as to plaintiffs' fourth through ninth and seventeenth claims for relief.

Plaintiffs sought the Court's reconsideration of its order substituting the United States for the Big South defendants as to some claims, which the Court denied after finding that plaintiffs had raised no arguments which could not have been raised prior to the Court's original order and that plaintiffs had presented no new evidence upon which to base reconsideration. [DE 702]. In the instant motion, plaintiffs again seek reconsideration of the Court's order substituting the United States for the Big South defendants as to claims four through nine and seventeen, citing as new evidence an April 2011 memorandum from the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) setting forth guidance applicable to churning investigations. Plaintiffs contend that the memorandum establishes that the ATF recognizes that Carpenter and Small's actions in churning funds from one cigarette operation into others violated federal law and exceeded any authority Carpenter and Small would have had as employees or agents of the government. Therefore, plaintiffs argue, Carpenter and Small's actions were outside the scope of any immunity under the Westfall Act.

The government has responded to plaintiffs' renewed motion for reconsideration, supporting the relief request but for reasons other than those cited by plaintiffs. Specifically, the government contends that Carpenter and Small were not federal employees at the time of the allegations in plaintiffs' complaint, that Carpenter and Small were at best independent contractors for the ATF, and that as such Carpenter, Small, and the remaining Big South

defendants are unprotected by the Westfall Act. The Big South defendants have responded in opposition to plaintiffs' renewed motion to reconsider, arguing that the substitution order was correctly decided and the United States is the proper party defendant for claims four through nine and seventeen.

## DISCUSSION

Rule 54(b) of the Federal Rules of Civil Procedure provides that a court may revise any order entered prior to entry of final judgment. The decision to do so lies within the discretion of the court, which is not bound by the strict standards applicable to requests to reconsider final judgment but should be guided by the principles of the doctrine of law of the case. *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003). "Thus, a court may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: (1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice." *Carlson v. Boston Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017) (internal quotation, alterations, and citation omitted) (noting similarity of this standard to that applicable to Rule 59(e) motions except that law-of-the-case standard allows for new evidence discovered during litigation as opposed to evidence not available at trial to serve as basis for reconsideration motion). Moreover, where, as here, the order which has been requested to be reconsidered was entered by a different judge, "the latter judge should be hesitant to overrule the earlier determination." *Id.* (citing *Harrell v. DCS Equip. Leasing Corp.*, 951 F.2d 1453, 1460 n.24 (5th Cir. 1992)).

Under the Federal Torts Claims Act (FTCA) as amended by the Federal Employee Liability Reform and Tort Compensation Act (Westfall Act), 28 U.S.C. §§ 1346(b), 2671-80, a federal employee is immunized from liability for negligent or wrongful acts or omissions

3

committed while acting within the scope of his office or employment. *Maron v. United States*, 126 F.3d 317, 321 (4th Cir. 1997); *see also Osborn v. Haley*, 549 U.S. 225, 229 (2007). Under the FTCA, an employee is defined to include, as is relevant here, "persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation." 28 U.S.C. § 2671. It is a question of federal law whether a person is a contractor or employee for purposes of the FTCA, and courts apply the common-law distinction between the two in deciding the issue. *Robb v. United States*, 80 F.3d 884, 887-8 (4th Cir. 1996); *see also Logue v. United States*, 412 U.S. 521, 528 (1973) (distinction between employee and independent contractor turns on the "absence of authority in the principal to control the physical conduct of the contractor in performance of the contract.").

Whether an employee was acting within the scope of his employment when the tortious conduct occurred is a separate inquiry. Where the United States Attorney General has certified under the Westfall Act, 28 U.S.C. § 2679(d)(1), that a defendant's allegedly tortious acts fell within the scope of his federal employment, the burden of proof is on the plaintiff to establish by a preponderance of the evidence that the defendant was *not* acting within the scope of his employment at the relevant time in order to refute the Attorney General's certification. *Maron*, 126 F.3d at 323; *see also Feldheim v. Turner*, 743 F. Supp. 2d 551, 556 (E.D. Va. 2010) (Attorney General's scope of employment determination conclusive unless challenged). When the Attorney General has refused to certify that a defendant was acting within the scope of his office or employment, that defendant may petition the court to make such determination. A court applies "the law of the state in which the tort occurred," *Maron*, 124 F.3d at 324, to determine whether the conduct fell within the scope of an employee's employment or office.

4

This Court, Fox., J. presiding, previously found that Carpenter and Small were federal employees and that they were acting within the scope of their employment when they committed the torts alleged by plaintiffs. [DE 635]. Having reviewed the record and the filings of the parties, the Court now holds that Carpenter and Small were not federal employees and alternatively were not acting within the scope of their employment and that substitution of the United States as a defendant in this action was not proper.

Carpenter and Small characterize themselves as a confidential informant and cooperating witness, respectively, for the ATF, [DE 457 at 1], and the government in its opposition to Westfall certification has agreed that Carpenter and Small "provided invaluable assistance to federal law enforcement agencies, particularly ATF." [DE 474 at 5]. As the Court previously recognized, however, government informants generally do not qualify as government employees. This is because "[a]n individual cannot be an 'employee of the government' under the FTCA absent governmental authority to supervise or control that person's daily activities." *Means v. United States*, 176 F.3d 1376, 1380 (11th Cir. 1999). Absent from this case is evidence that the government, through its ATF or other agents, had the authority to control the daily actions of Carpenter or Small; while Carpenter and Small "may have voluntarily done everything [ATF agents] ... asked, . . . that does not mean that the [ATF] had the power to coerce [these defendants] into doing things at their will." *Daniels v. Liberty Mut. Ins. Co.*, No. 2:06-CV-213, 2006 WL 2644949, at *6 (N.D. Ind. Sept. 14, 2006); *see also Thompson v. Dilger*, 696 F. Supp. 1071, 1075 (E.D. Va. 1988) (noting also that the inclusion of "acting on behalf of the government" in the definition of employee does not detract from the requirement of government supervision or control).

During the time frame relevant to plaintiffs' claims, Carpenter and Small were employed and paid a salary by plaintiffs. Carpenter and Small were not on the government payroll and received no direct compensation for their services. *See Daniels*, 2006 WL 2644949, at *7; [DE 602] Hr'g Tr. 135-136. Rather, Carpenter and Small retained proceeds from their own cigarette business independent from their activities with the ATF, but the ATF never paid them compensation for their activities engaging with targets of government investigation. Hrg. Tr. 137. Only when Carpenter and Small sold tobacco products in an ATF investigation did ATF set the price of the tobacco products; all prices for tobacco products sold as a part of Carpenter and Small's tobacco distribution business were set by Carpenter and Small. [DE 629]; Kaye Decl. ¶ 5. The confidential informant contract signed by Carpenter expressly stated he was not a government employee and Small never had a written agreement with the ATF. [DE 474-1].

Carpenter and Small seek to shield themselves behind the cloak of immunity afforded to federal employees who commit torts while performing their duties, but the Court is simply unconvinced that, although they were much more than defendants who conducted a few drug buys, Carpenter and Small were anything more than informants. Indeed, Carpenter and Small were approached by the ATF *because* of their legitimate tobacco business, and while there is certainly evidence that the ATF controlled Carpenter and Small's actions related to AFT targets, there is no evidence that the ATF or any other government agency exerted control over all of their business dealings; more specifically, the ATF has denied involvement in those dealings associated with the claims in plaintiffs' complaint relating to the sale of cigarettes from defendant Big Sky to plaintiff Big South Distribution. *See, e.g.*, Hrg. Tr. 153-56; Hrg. Tr. 162-65.

Plaintiffs have correctly noted that those cases finding that a government informant was an employee for purposes of the Westfall Act involved claims arising out of the specific conduct undertaken by the informant at the direction and on behalf of the government agency. *See, e.g., Wang v. Horio*, 741 F. Supp. 1373, 1379 (N.D. Cal. 1989 ("IRS exercised total control over the details of all of Horio's activities *that are at issue*") (emphasis added); *see also Patterson & Wilder Const. Co. v. United States*, 226 F.3d 1269, 1275 (11th Cir. 2000) (pilots deemed employees for claims by owner of plane arising out of damage to plane sustained during narcotics operation conducted for Drug Enforcement Agency). Here, plaintiffs' claims simply do not arise out of any activity which was undertaken at the direction of the ATF in relation to cigarette smuggling or other targets. Further, while not dispositive of the inquiry, Carpenter and Small received no fixed salary from the government, *see Logue*, 412 U.S. at 531 (reference to uncompensated persons in employee definition intended to cover the "'dollar-a-year man' who is in the service of the Government without pay"), and the Court is unaware of any evidence that Carpenter and Small could not have refused the call for assistance at any time. *Slagle v. United States*, 612 F.2d 1157, 1160 (9th Cir. 1980).

Relatedly, the Court now holds that at the time of the incidents which form the basis of plaintiffs' claims, Carpenter and Small were not acting within the scope of any alleged employment by the ATF. *See Wang*, 741 F. Supp. At 1378 (noting that whether an individual was an employee and whether he was acting within the scope of his employment are closely related inquiries in the context of an informant). The government has expressly disavowed that it had any control over Carpenter and Small's legitimate business operations, and Carpenter and Small's attempts to paint every action they undertook in relation to the cigarette business as having been undertaken as an employee of the federal government fails. Again, Carpenter and

7

Small were not recruited by the ATF to act as sworn undercover agents nor were they the subject of any letters of marque; rather, their position and presence in the legitimate tobacco business made them prime suspects for recruitment as *informants*, and any activities by Carpenter and Small which did not concern their work to gain information or engage in dealings with known or potential targets of government investigation, which it is undisputed that plaintiffs were not, cannot be considered as having taken place within the scope of any government employment. To the extent Carpenter and Small claim that all of their activities relating to plaintiffs were at the direction of their ATF handler, the ATF April 2011 memorandum regarding its churning policy relied upon by plaintiff demonstrates that many of these actions would have been in violation of ATF's own policy and therefore outside Carpenter and Small's limited scope of employment or office. *See* [DE 826-1].

It is for these reasons that the Court, with caution, has determined that its prior holding as to the substitution of the United States as a defendant for claims four through nine and seventeen was in error.

## CONCLUSION

Accordingly, for the reasons discussed above, plaintiffs' renewed motion to reconsider [DE 825] is GRANTED. The United States is dismissed as a substituted defendant in this action and its motion to dismiss based on sovereign immunity and other grounds [DE 703] is DENIED AS MOOT.

Plaintiffs are afforded through and including August 31, 2017, to file or amend any response to the Big South defendants' motion for summary judgment.

SO ORDERED, this 14 day of August, 2017.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE